# EXHIBIT B



# PAYMENT SCHEDULE
# GPS LEASE

GABRIELA JAMILETH PERDOMO-ORTIZ

*(Defendant's Name)*

Libre by Nexus will provide collateral for your immigration bond, allowing your bond to be posted and facilitating your release from immigration custody. Your bond will be posted through ATOZ BAIL BONDS (name of bail bond company). Libre by Nexus will sign as securitizer of your bond, and pay collateral.

You are required to wear a GPS tracking device until one of the following occurs:

1. Your case before the Immigration Court is complete.
2. You remit collateral in the amount of $20,000.00 _____ to replace collateral pledged by Nexus Programs.

You are required to make payments for the lease of the GPS equipment and for the GPS monitoring service. The amount of the monthly lease payments are $420.00. These payments are due on the 1st of each month, for as long as you wear the GPS bracelet.

**Your payment schedule is as follows:**
Your first payment is due on the 1st day of *August*, 201*5*.
Your second payment is due on the 1st day of *September*, 201*5*.

Your third payment is due on the 1st day of _October_, 20_15_.
And on the first of each month thereafter, until such time as the case is completed or the bond has been fully collateralized by the respondent. **It is in your best interest to pay full collateral and have your GPS bracelet removed.** The full collateral will be refunded to you at the completion of your case, and you will no longer have to wear the GPS bracelet. It is your choice to collateralize your bond or wear the GPS bracelet during your case.

I, _GABRIELA JAMILETH PERDOMO-ORTIZ_____, understand the terms and conditions explained above, and in the Libre by Nexus Respondent Contract and Libre by Nexus GPS Lease Agreement.

Signature _____   Date _6 / 4 / 15_

Printed Name _Gabriela Jamileth Perdomo Ortiz_

Libre by Nexus Agent Signature _____   Date _6 / 4 / 15_

# ⅢLIBRE
## BY NEXUS

# GPS MONITORING
# DISCLOSURE STATEMENTS

GABRIELA JAMILETH PERDOMO-ORTIZ

(Respondent's Name)

### DISCLOSURE STATEMENT AND AGREEMENT
### FOR INSTALLATION AND USE OF GPS ELECTRONIC TRACKING DEVICE/SYSTEM
### PLEASE READ THIS DISCLOSURE STATEMENT AND AGREEMENT IN ITS
### ENTIRETY FOR INFORMATION REGARDING THE TRACKING SYSTEM, AND
### NEXUS PROGRAM'S ABILITY TO TRACK YOU PURSUANT TO THIS AGREEMENT.

This Disclosure Statement and Agreement ("Agreement") is entered into on the day of _June 4_____, 20_15_, between
GABRIELA JAMILETH PERDOMO-ORTIZ
_____ (hereinafter "Respondent", and Nexus Services Inc. and its successors and assigns (hereinafter collectively, "Nexus Services" or "Nexus Programs") pursuant to a bond collateralized by Nexus Services Inc.

**PLEASE READ AND SIGN EACH STATEMENT BELOW TO ACKNOWLEDGE THAT YOU HAVE READ, UNDERSTOOD AND ACCEPTED EACH OF THE FOLLOWING TERMS.**

1. Respondent understands and consents to the installation of the device in order to secure future appearance in the immigration court or before immigration officials. Respondent further acknowledges that Respondent may be able to post their immigration bond directly through immigration by paying the full face value of the bond, or from another source that may not require

installation of the System but are choosing to participate in the Nexus program and have your bond collateralized through Nexus, with the System installed.

2. Respondent understands and agrees that the System uses GPS technology that is capable of tracking and locating the Respondent at all times and keeping a complete record of the Respondent's speed, direction, movement, location and times of each item recorded. Respondent further understands and agrees that Nexus Programs may use the System in any way its capabilities allow which may include, but are not limited to:

a. Identifying the places and times where the Respondent is located before the respondent appears for their final immigration court date and the case is closed, or before the respondent collateralizes their bond, whichever comes first;

b. Tracking and locating the Respondent at any time or at all times at Nexus Program's discretion;

c. Keeping a record of the movement and/or location of the Respondent on various dates and times or at all times at Nexus Program's discretion;

d. Having the System automatically alert Nexus Programs of the Respondent's location if the Respondent leaves a pre-defined geographic area established by Nexus Programs, the court, or any immigration official;

e. Using the information provided by the System to protect Nexus Program's interest in the Respondent appearing before the immigration court or immigration official;

f. Providing information regarding the past or present movement and/or location of the Respondent at any time or at all times to third parties assisting Nexus Programs in protecting its interests or as otherwise permitted under applicable law.

4. Respondent agrees that Nexus Programs is not responsible for any incidental or consequential damages relating to or arising from the use of the System in any manner described in this Agreement.

5. Respondent understands and agrees that the System can be used to track the Respondent at all times, whether on public or private property, and that by agreeing to the installation and use of the System, Respondent waives any claim to confidentiality or a right to privacy as it relates to the operation and

use of the System, except as otherwise provided under applicable law. Respondent acknowledges that any information collected by Nexus Programs from the System is subject to Nexus Program's privacy policies, which have been or will be disclosed to Respondent upon Respondent's written request.

6. Respondent understands and agrees that the System does not belong to Respondent and that the System belongs to Nexus Programs. Respondent asserts that the respondent is renting the device, that the respondent wishes to be tracked by the device, and that the respondent affirmatively asserts their willingness to be tracked pursuant to this agreement.

7. Respondent understands and agrees that if Respondent tampers with, alters, disconnects or removes the System , Respondent shall be liable to Nexus Programs for the cost of repairing or replacing the System, in addition to Dealer/Assignee's other remedies, including potential civil or criminal prosecution for tampering with or destroying property.

8. ARBITRATION. IN THIS ARBITRATION CLAUSE, "YOU" REFERS TO THE RESPONDENT. EITHER NEXUS PROGRAMS OR RESPONDENT MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN THEM DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST NEXUS PROGRAMS, INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT BUYER WOULD HAVE MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Paragraph/Clause, and the arbitrability of the claim or dispute), between Respondent and Nexus Programs or its/their employees, agents, successors or assigns, which arise out of or relate to this Agreement or any resulting transaction or relationship (including any such relationship with third parties who do not sign this Agreement) shall, at the election of Respondent or Nexus, be resolved by neutral, binding, arbitration and not by a court action. Any claim or dispute is to be arbitrated by a single

arbitrator on an individual basis and not as a class action. Respondent expressly waives any right Respondent may have to arbitrate a class action. Respondent may choose any one of the following arbitration organizations and its applicable rules: the American Arbitration Association, 335 Madison Ave., Floor 10, New York, NY 10017-4605 (www.adr.org) or JAMS, 1920 Main St., Ste. 300, Irvine, CA 92614 (www.jamsadr.com). Respondent may get a copy of the rules of these organizations by contacting the arbitration organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law in making an award. The arbitration hearing shall be conducted in the federal district in which Respondent entered into the Contract, resided when the Contract was entered into or currently resides. Nexus will pay Respondent's filing, administration, service or case management fee and Respondent's arbitrator or hearing fee all up to a maximum of $1,500.

Nexus will also pay any additional amounts imposed by the arbitration organization that the arbitrator determines that Nexus must pay in order to assure that this Arbitration Clause is enforceable. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. The arbitrator's award shall be final and binding on all parties, except that the losing party may request a new arbitration under the rules of the arbitration organization by a three-arbitrator panel. Any arbitration under this arbitration clause shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration.

Respondent and Nexus retain any rights to self-help remedies, such as repossession. Respondent and Nexus retain the right to seek remedies in court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither Respondent nor Nexus waive the right to arbitrate by using self-help remedies or filing suit. Any court having jurisdiction may enter judgment on the arbitrator's award. This arbitration clause shall survive any termination, payoff or transfer of this Agreement. If any part of this arbitration clause, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the



## LEASE AGREEMENT
### (Lessor-Agency-Lessee)

THIS LEASE AGREEMENT (hereinafter "Lease," "Agreement" or "Lease Agreement"), dated 06/02/2015 by and between **Libre by Nexus Inc.** (hereinafter referred to as "Lessor"), and GABRIELA JAMILETH PERDOMO-ORTIZ (hereinafter referred to as "Lessee"), and _____ **Agency has an interest in electronically monitoring individuals who are either required to be or have agreed to be tracked by electronic monitoring equipment.**

- Lessee is an individual who is required to be or has consented to be tracked by electronic monitoring equipment.
- Lessor desires to lease to Lessee certain equipment as described in the "EQUIPMENT DESCRIPTION" Table below (hereinafter "Equipment"). Lessee desires to lease the aforementioned Equipment from Lessor.
- Lessee and Lessor have agreed to the terms of this Lease Agreement.
- In consideration of the covenants and promises contained herein and other good and valuable considerations, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

## I. PRIMARY TERMS

| EQUIPMENT DESCRIPTION (the "Equipment") (CHECK ALL THAT APPLY) | LESSEE'S RECURRING PAYMENT (CHECK AND FILL OUT ALL THAT APPLY) |
|---|---|
| ☒ Tracking Device x 1  device(s)<br>  Charged at a daily rate of $14 Per Day | ☒ Monthly Payments at $14 per day to equal days per month for minimum of 30 days and until the Equipment is returned to Lessor. |
| ☒ Security Deposit Option:<br>Insurance @ .50 cents per day with a deductible in the event of loss @ $50.00 | **LESSEE'S PAYMENT AT SIGNING OF THIS AGREEMENT**<br><br>Advance Payments:          $ 420 covers 30 days<br>Shipping  UPS overnight     $                                    ($50 per device)<br>Other:   Activation Fee      $ 200.00 |
| Notes:<br><br>GPS IS REQUIRED PURSUANT TO THIS  AGREEMENT AND IN CONSIDERATION OF<br><br>COLLATERAL PROVIDED BY NEXUS PROGRAMS UNTIL SUCH TIME AS THE CASE IS<br><br>COMPLETE OR THE NEXUS COLLATERAL IS REPLACED BY THE RESPONDENT. | TOTAL-$    620.00<br><br>*If an exhibit and/or addendum is attached to this Agreement which further describes the Equipment or Lessee's payments, it shall be incorporated and become a part of this section of Primary Terms.** |

## II. LESSEE PROVISIONS

**1. TERM:** Lessee agrees to lease from Lessor and Lessor agrees to lease to Lessee the Equipment described in the Primary Terms above, which Lessee agrees shall be used consistent with this Lease, Lessee's agreement with Agency for the use thereof, and any rules, laws, regulations, or statutes set forth by Agency or binding upon Lessee in his/her relationship with Agency.  The term of this Lease Agreement is either weekly, biweekly, or monthly as set forth in the Primary Terms above (hereafter the "Lease Term"), and is a recurring term as long as the Equipment remains in the possession of Lessee.

## III. AGENCY PROVISIONS

**2. USE OF SOFTWARE; NON-DISCLOSURE OF PROPRIETARY INFORMATION:** As a result of Lessee's entering this Lease with Lessor, and in order to facilitate Agency's monitoring of Lessee, Lessor agrees to provide Agency reasonable access to the software designed to function with the Equipment identified above (the "Software").  The Software may consist of tracking, monitoring, or other programs related to the specific functionality of the Equipment.  Lessor further agrees that it shall provide Agency necessary training for its representatives who shall be monitoring Lessee so that they may properly use the Software.  Lessor shall also provide customer service to Agency as necessary to ensure continuing monitoring and to update Agency on any changes or updates to the Software that shall affect Agency's use thereof.  Agency acknowledges that Agency's access to the Software shall generally be limited to password-controlled Internet access and that no software shall actually be delivered to Agency, unless in Lessor's sole discretion such delivery or installation shall be required to provide Agency the access required hereunder.  Agency shall bear all responsibility for providing its own computer hardware and software meeting minimum requirements for access to the Software.  Agency acknowledges that the Software may consist of proprietary information that is the sole and exclusive property of Quest Guard, SecureAlert, TrackerPal,  or other entities or persons, and that in order to fulfill the purposes of this Lease, Lessor may entrust Agency with certain proprietary information about the Equipment.  Agency expressly agrees a) that the Software shall be used by the Agency only for the purpose of tracking and monitoring of the Lessee herein; b) that only individuals authorized by the Agency to fulfill such purpose shall be given access to the Software; and c) that the Agency shall treat as confidential and not disclose any of the proprietary information related to the Software in any manner without prior written authorization of the respective holders.  If Agency is required by applicable law or regulation or by legal process to disclose any proprietary information, Agency agrees that it shall provide Lessor with prompt notice of such request to enable Lessor to seek a protective order or other appropriate remedy prior to disclosure.  Should this Agreement be terminated for any reason whatsoever, Agency shall, at the request of Lessor, either

Lessor's Initials          Agency's Initials          Lessee's Initials



## NEXUS SECURITIZATION CONTRACT - GPS ADDENDUM

_GR_ I understand that monitoring by a GPS device is a condition of the securitization program.

_GR_ I understand that the respondent will be responsible for a monthly rental payment for the GPS device, in the amount of $ _420.00_

_GR_ I understand that the respondent may pay the collateral for the immigration bond and have the GPS device removed.

_GR_ I understand that payment of 80% of the collateral will be sufficient to remove the bracelet, but that the respondent will be required to pay the remaining 20% over a specified period of time.

_GR_ I understand that any alteration, damage, or destruction of the GPS device or band WILL RESULT in felony criminal prosecution against the respondent.

_GR_ I understand that Libre by Nexus will accept check and credit card payments from the indemnitor or the respondent. I understand that dishonored checks or disputed credit card charges may result in additional fees being assessed against me. I understand that dishonored checks and disputed credit card transactions constitute fraud against Nexus, and that such activity may result in criminal prosecution for fraud.

_GR_ I understand that information provided to Libre by Nexus is likewise provided to the licensed surety who posts the bond in the respondent's case. I understand that providing false information in our Nexus application constitutes fraud against Nexus, and may result in criminal prosecution.

IN WITNESS WHEREOF, THE PARTIES WHOSE NAMES ARE SUBSCRIBED TO THIS AGREEMENT EXECUTED HEREWITH EACH REPRESENTS;

I HAVE READ THIS AGREEMENT AND KNOW THE CONTENTS THEREOF AND DO SET MY HAND THIS _6_ DAY _4_ 20_15_

WITNESS (X) _____

DEFENDANT (X) _____

INDEMNITOR (X) _____

(Indemnitor Initials _____)
(Respondent Initials _GR_)
Libre by Nexus. ©2014 – Rev 8/14

06/02/2015  21:47    5102965768         FAMILY RESOURCE NTWK                PAGE  07/12



## CONTRACT FOR IMMIGRATION BOND SECURITIZATION AND INDEMNITY AGREEMENT

*You are assuming specific obligations - READ CAREFULLY!*

The undersigned, GABRIELA JAMILETH PERDOMO-ORTIZ hereinafter referred to as "Respondent", and KEVIN CALDERON

"Indemnitor", in consideration of <u>Libre by Nexus, Inc.</u>, hereinafter referred to as Securitzer, working with <u>A to Z Bail Bonds</u>, hereinafter referred to as bail company, having caused to be executed on behalf of the Respondent an Immigration bond with the Department of Homeland Security, regarding INS/DHS v. GABRIELA JAMILETH PERDOMO-ORTIZ

follows:
_____(respondent),  hereby agree, as

1. **PREMIUM:** <u>Libre by Nexus</u> hereby agrees to pay the premium for the aforesaid immigration bail bond to <u>AtoZ Bail Bonds</u>, in order to execute the immigration bond and secure the release of the respondent directly from fees collected by Securitizer from Indemnitor.

2. **FULL INDEMNITY:** The Respondent and Indemnitor will be responsible for 10% of the bond amount for recovery fees in the event of a bond breach and will at all times indemnify and save Securitzer and surety (bail company) harmless from and against every claim, demand, liability, loss, damage, cost, charge: attorney fees, expense, suit, order, judgment, and adjudication whatsoever incurred hereafter by securitzer or surety (bail company) in consequence of its causing to be executed the immigration bail bond mentioned herein, and will on demand place securitzer or surety (bail company) in funds to meet such obligations before it shall be required to make payment thereof.

3. **COMPROMISE:** Securitizer and/or Surety (bail company) shall have the right to pay or compromise any claim, charge or expense incurred by it by reason of its causing to be executed the bail bond mentioned herein, and evidence of such payment shall be prime facie evidence of the property thereof, and the Respondent and Indemnitor's liability therefore to:

4. **OBLIGATIONS OF DEFENDANT:** The Respondent agrees to remain within the jurisdiction of the court mentioned herein, to appear before said Court promptly at such times as may be required by the court or Securitizer or Surety and further agrees to keep Securitzer advised of his or her residence address and place of employment and immediately notify Securitizer of any change thereof. Respondent's failure to appear in court as herein required or to notify Securitzer of change of address or place of employment or issuance of a warrant for

(Indemnitor Initials KC ) – iniciales
(Respondent Initials G 𝒫𝒫𝒪)
Libre by Nexus. ©2014 – Rev 8/14

06/02/2015  21:47    5102965768              FAMILY RESOURCE NTWK                    PAGE  05/12



## XUS

**INICIALES LAS SIGUIENTES DECLARACIONES, INDICANDO QUE ENTIENDE CADA UNO DE ELLOS:**

 YO ENTIENDO QUE NEXUS PROGRAMAS NO ESTA AFILIADO, DE CUALQUIER MANERA, CON ICE, EL GOBIERNO EE.UU., EL ESTADO DE VIRGINIA, O CUALQUIER OTRA AGENCIA GUBERNAMENTAL. ENTIENDO NEXUS PROGRAMAS ES UNA ORGANIZACIÓN PRIVADA PRESTACIÓN DE MONITOREO Y ACUSADO PROGRAMAS DE DESVÍO.

 YO ENTIENDO QUE NEXUS PROGRAMAS ACORDÓ ASISTIR ME EN BONOS DE DESPLAZAMIENTO PARA EL DETENIDO ENUMERADOS ANTERIORMENTE. ENTIENDO QUE CARGARÁ EL 20% DEL IMPORTE DE LA FIANZA Y UNA CUOTA DEL PROGRAMA PARA LA PULSERA GPS. ENTIENDO QUE PROGRAMAS NEXUS PUBLICAREMOS LOS BONOS Y PAGARÁ LA PRIMA FIANZA A UNA LICENCIA COMPAÑÍA DE FIANZAS DESPUÉS DE DEDUCIR LAS TARIFAS, INCLUYENDO HONORARIOS DE PROCESAMIENTO DE GARANTÍA.

 YO ENTIENDO QUE NEXUS NO TOMAR DECISIONES DE LIBERACIÓN. ENTIENDO QUE PROPORCIONA NEXUS MONITOREO MEDIANTE ADJUDICACION DE LA CAUSA CONTRA EL DEMANDADO. DECISIONES DE VERTIDO DE ICE SE HACEN TOTALMENTE INDEPENDIENTE DE LAS DECISIONES DE ENTRADA NEXUS.

 YO ENTIENDO QUE PROGRAMAS NEXUS ES UNA ORGANIZACIÓN RELIGIOSA, Y ENTIENDO QUE EL MINISTERIO SERVICIOS SE OFRECERÁN PARA EL ACUSADO. TAMBIEN ENTIENDO QUE NEXUS PROGRAMAS NO DISCRIMINA CONTRA LOS CLIENTES SOBRE LA BASE DE LA RELIGIÓN O CREDO, Y NO REQUIERE ACUSADOS DE ACEPTAR EL MINISTERIO DE LOS SERVICIOS, AUNQUE ELLOS ESTÁN DISPONIBLES.

 YO ENTIENDO QUE PAGO UN TARIFA DE $ 770.00, Y QUE CARGO NO SE APLICARÁ EN CASO DE LIBERACIÓN DE LA PARTE DEMANDADA, EL SALDO SE ACREDITA A LA CUOTA DE CUOTA DE PRIMEROS MESES DE ARRENDAMIENTO Y ACTIVACIÓN DE LA CUOTA DE EQUIPOS GPS. SI EL DEMANDADO TIENE NINGÚN VÍNCULO, ENTIENDO QUE PROGRAMAS NEXUS HARÁN SU INFORME (S) Y RESULTADOS DISPONIBLE PARA SU PRESENTACIÓN EN UNA AUDIENCIA FIANZA DE INMIGRACIÓN QUE PUEDAN SER PROGRAMADA POR ABOGADO DEL ACUSADO. NEXUS PROGRAMAS ACUERDA PAGAR LA GARANTIA COMPLETA DE INMIGRACIÓN DE BONOS DEL DEMANDADO, POR LA CANTIDAD DE $ 20,000

YO ENTIENDO LAS DECLARACIONES ANTERIORES Y CERTIFICO QUE ESTOY DISPUESTO A SER RESPONSABLE DE GARANTIZAR LA INFORMES DEMANDADA A TODAS LAS FECHAS DE PISTA PREVISTA.

X FIRMA _____     X EL NOMBRE  Kevin Calderón     X FECHA  6/2/15



# CLIENT INFORMATION SHEET (REQUIRED)

**IMMIGRATION DETAINER CLIENTS**

Nexus Programs has accepted <u>GABRIELA JAMILETH PERDOMO-OR</u> into our defendant monitoring and/or diversion program(s). We have agreed to track the defendant pursuant to the bond set in the client's local case, which currently is docketed in the <u>EOIR IMMIGRATION</u> Court.

PLEASE INITIAL THE FOLLOWING STATEMENTS, INDICATING THAT YOU UNDERSTAND EACH OF THEM:

**XG.J.P.O** I UNDERSTAND THAT LIBRE BY NEXUS IS NOT AFFILIATED, IN ANY WAY WHATSOEVER, WITH ICE, THE US GOVERNMENT, THE COMMONWEALTH OF VIRGINIA, OR ANY OTHER GOVERNMENTAL AGENCY. I UNDERSTAND LIBRE BY NEXUS IS A PRIVATE ORGANIZATION PROVIDING DEFENDANT MONITORING AND DIVERSION PROGRAMS.

**XG.J.P.O** I UNDERSTAND THAT LIBRE BY NEXUS HAS AGREED TO ASSIST ME IN POSTING BOND FOR THE DETAINEE LISTED ABOVE. I UNDERSTAND THAT I WILL BE CHARGED 20% OF THE AMOUNT OF THE BOND, AND A PROGRAM FEE FOR THE GPS BRACELET. I UNDERSTAND THAT LIBRE BY NEXUS WILL POST THE BOND, AND WILL PAY THE BAIL PREMIUM TO A LICENSED BAIL BOND COMPANY AFTER DEDUCTING APPLICABLE FEES, INCLUDING COLLATERAL PROCESSING FEES.

**XG.J.P.O** I UNDERSTAND THAT NEXUS DOES NOT MAKE RELEASE DECISIONS. I UNDERSTAND THAT NEXUS PROVIDES MONITORING THROUGH ADJUDICATION OF THE CASE AGAINST THE DEFENDANT. ICE RELEASE DECISIONS ARE MADE COMPLETELY INDEPENDENT OF NEXUS INTAKE DECISIONS.

**XG.J.P.O** I UNDERSTAND THAT LIBRE BY NEXUS IS A RELIGIOUS ORGANIZATION, AND I FURTHER UNDERSTAND THAT MINISTRY SERVICES WILL BE OFFERED TO THE DEFENDANT. I ALSO UNDERSTAND THAT LIBRE BY NEXUS DOES NOT DISCRIMINATE AGAINST ANY CLIENTS ON THE BASIS OF RELIGION OR CREED, AND DOES NOT REQUIRE DEFENDANTS TO ACCEPT MINISTRY SERVICES, THOUGH THEY ARE AVAILABLE.

**XG.J.P.O** I UNDERSTAND THAT I AM BEING ASSESSED A FEE OF $770.00, AND THAT FEE WILL BE WAIVED UPON RELEASE OF THE DEFENDANT, THE BALANCE BEING CREDITED TO THE FIRST MONTHS LEASE FEE AND ACTIVATION FEE OF THE GPS EQUIPMENT. IF THE DEFENDANT HAS NO BOND, I UNDERSTAND THAT LIBRE BY NEXUS WILL MAKE THEIR REPORT(S) AND FINDINGS AVAILABLE FOR PRESENTATION AT AN IMMIGRATION BOND HEARING THAT MAY BE SCHEDULED BY THE DEFENDANT'S ATTORNEY. NEXUS PROGRAMS AGREES TO PROVIDE COLLATERAL FOR THE RESPONDENT'S IMMIGRATION BOND, IN THE AMOUNT OF $ <u>20,000</u>

I UNDERSTAND THE ABOVE STATEMENTS AND CERTIFY THAT I AM WILLING TO BE RESPONSIBLE FOR INSURING THE DEFENDANT REPORTS TO ALL SCHEDULED COURT DATES.

X _____     X _____
CO-SIGNER NAME/PH NUMBER          CO-SIGNER SIGNATURE AND DATE

ANY QUESTIONS ABOUT NEXUS PROGRAMS SHALL BE DIRECTED TO NEXUS PROGRAMS. YOU MAY CALL NEXUS PROGRAMS AT: _____



## ||||LIBRE
### BY NEXUS

### LIBRE BY NEXUS RESPONDENT CONTRACT

Name (First, Middle, and Last): GABRIELA JAMILETH PERDOMO-ORTIZ

Photo (Front):                          Photo (Side):

Address (Street, City, State, and Zip): 1488 81ST AVE APT D OAKLAND CA 94621-2350

Charge(s): IMMIGRATION REMOVAL PROCEEDINGS

Jurisdiction/Court: EOIR IMMIGRATION

Bail Bondsman:

Date of Birth: 06/10/1987

Social Security or Alien Number:        206896259

Work Plan: ☑Work Full Time ☐Work Part Time

Employer: NA

Employer Address:

Employer Phone Number:

Education Plan: ☐School Full Time ☐School Part Time ☐Not Applicable
Education Plan Info:

Project Nexus Rep. Signature:                                    Date: 06/02/2015

Defendant Signature: _____ Co-Signer: _____ Date: 06/02/2015



## LIBRE BY NEXUS RESPONDENT CONTRACT
## CONDITIONS OF MONITORING

**CONDITIONS OF BAIL** (Court Ordered):

**CONDITIONS OF BAIL** (Imposed by Bail Bondsman, in conjunction with Project Nexus participation):

☑ GPS MONITORING – Details:

☐ CURFEW - Details:

☑ No Alcohol

☑ Report as Required – Details:

**Conditions of Nexus Program Participation** (Imposed by Nexus for continued Program participation):

☐ Maintain or Seek Employment

☐ Make Payments to Bondsman, as required by contract with bondsman

☑ Make Program Participant Fee Payments of $  $420.00          /Per Month
                                                                 *If indigent, proof must be attached

☐ Mental Health Treatment Plan

               ☐ Private Provider          ☐ CSB Treatment Plan

☑ OTHER CONDITIONS (LIST):   ABOVE REFERECED PAYMENT DUE AS LONG AS GPS DEVICE IS LEASED.

☐ OTHER CONDITIONS (LIST):  GPS DEVICE REQUIRED UNTIL CASE IS COMPLETE OR COLLATERAL IS PAID.

ASSIGNED CASE MANAGER:

***I, ___GABRIELA JAMILETH PERDOMO-ORTIZ___ (print name), acknowledge receipt of this document and accept the conditions as listed, in full, on this document. I understand that failure to meet program conditions may result in program participation revocation, and that my bond may be revoked and I may be remanded to the custody of the jurisdiction wherein I face charges in the above referenced case. I promise to meet the terms and conditions of my bond and my participation in the Project Nexus program.

Project Nexus Rep. Signature: _____ Date: 06/02/2015

Defendant Signature: _____ Co-Signer: X_____ Date: 06/02/2015



# RISK ASSESSMENT INSTRUMENT

| | |
|---|---|
| Offender Name: | GABRIELA JAMILETH PERDOMO-OR |
| Offender Address: | 1488 81ST AVE APT D OAKLAND CA |
| Offender Phone Number: | |

| | |
|---|---|
| Cosigner Name: | KEVIN CALDERON |
| Cosigner Phone Number: | 510 689 9528 |
| Cosigner Employed? (circle) | Y     N |

## 1. HOME PLAN

| | | |
|---|---|---|
| Homeless | | 20 |
| Live w/ Parents | | 3 |
| Live w/ Family | | 6 |
| Live w/ Friends | ✔ | 8 |
| Rent Their Home | ✔ | 1 |
| Own Their Home | | 0 |

## 2. WORK PLAN

| | | |
|---|---|---|
| Employed FT | ✔ | 0 |
| Employed PT | | 0 |
| Unemployed | ✔ | 5 |
| Student | ✔ | 0 |
| Homemaker | | 1 |
| Military/other | | 1 |

## 3. AGE

| | | |
|---|---|---|
| 19 or Younger | | 1 |
| 20 - 29 Years | ✔ | 2 |
| 30 Years or Above | | 0 |

## 4. PHONE   (write #)

| | | |
|---|---|---|
| Owns Phone | | 0 |
| Uses Another Ph | | 2 |
| No Phone | ✔ | 9 |

## 5. CHARGE INFORMATION

| | | |
|---|---|---|
| Violent Offense | | 3 |
| Drug Offense | | 1 |
| Fraud | | 5 |
| Property or Misd. Off. | | 0 |
| Sex Offense | | 7 |

## 6. MENTAL HEALTH/SUBSTANCE ABUSE TREATMENT

| | | |
|---|---|---|
| Mental Health | | 1 |
| Drug | | 1 |
| Both | | 4 |
| Neither | | 0 |
| Civil Commitment | | 12 |

## 7. RECORD

| | | |
|---|---|---|
| Felony | | 2 |
| Felony 2+ | | 4 |
| Misdemeanor | | 1 |
| Misdemeanor 2+ | | 2 |
| Both | | 4 |
| Both 2+ | | 6 |
| FTA | | 5 |
| FTA 2+ | | 10 |

## 8. IS CURRENT OFFENSE A PRESUMPTION CHARGE

| | | |
|---|---|---|
| YES | ✔ | 22 |
| No | | 0 |

| | |
|---|---|
| TOTAL POINTS: | 41 |
| POINTS +/- IN MITIGATION: | -7 |
| (Attach explanation to this report) | |
| POINTS FOR CONSIDERATION: | 34 |
| (Combine total points and points +/- in mitigation) | |

| | |
|---|---|
| 0-8 Points - Automatic Approval | 9-15 Points - Moderate Risk, Conditional Approval |
| 16-21 Points - High Risk, Exec Dir Approval | 22+ Points - GPS REQUIRED FOR APPROVAL |

remainder shall remain enforceable. This Agreement shall be governed by the Laws of the United States of America and specifically, the Commonwealth of Virginia.

9. Respondent acknowledges that they have read and understood this Agreement and that they have had an opportunity to ask any questions they may have about this Agreement and the System and have had all of their questions fully and completely answered.

10. In the event that a dispute arises concerning this Agreement which dispute is not Arbitrated as provided in Paragraph 13 above, all parties hereto their successors and assigns including but not limited to, the Respondent and Nexus waive all Attorneys' Fees and Court Costs.

NOTICE: This Agreement is five (5) pages in length and requires the full signature of the respondent. Do not sign this Agreement without reading all five (5) pages. Respondent is entitled to and will receive an executed copy of this Agreement. By signing below, Respondent acknowledges receipt of a copy of this Agreement. Please save a copy of this Agreement.

Accepted:

I, GABRIELA JAMILETH PERDOMO-ORTIZ _____, understand the terms and conditions explained above, and in the Nexus Programs Offender Contract and Nexus Programs GPS Lease Agreement.


_____           6/4/15
Signature                                  Date

Gabriela Jamileth Perdomo Ortiz
Printed Name

_____           6/4/15
Nexus Programs Agent Signature             Date

Respondent's arrest on criminal charges by any Court subsequent to date of this agreement shall be considered a breach of this agreement and the conditions of the bond, entitling Securitizer or Surety to surrender the Defendant to the custody of the Court without return of payment of premium or any part thereof. Securitizer or Surety shall be entitled to reimbursement from Defendant and/or Indemnitor for all expenses incurred in locating and returning Respondent to custody.

5. OTHER SURETIES: All of the terms and conditions of this agreement shall stand for the protection of any co-surety, any reinsuring company, or any other surety procured by Libre by Nexus Inc. or AtoZ Bail Bonds, whether AtoZ Bail Bonds does or does not execute or retain any portion of any such obligation.

6. COVERAGE: This agreement shall cover not only the immigration bail bond above recited but any other suretyship in lieu thereof, and all alterations, modifications, and renewals and extensions of said bond or other suretyship.

7. COLLATERAL SECURITY: The indemnitor and/or Respondent has pledged with Libre by Nexus Inc. the following described collateral to protect it against any and all damages, loss, costs, charges, counsel fees and expenses of whatever kind or nature, including premium charges which it shall or may at any time sustain or incur by reason of causing to be executed said immigration bond at the request of or on behalf of the undersigned.

_____

_____

8. SALE OF COLLATERAL: Full power and authority is hereby given the Securitizer or surety (bail company) to apply the collateral described herein and/or such substitute collateral or additional collateral as may be hereafter pledged by the indemnitor for the payment of any and all damages; costs, lost cause charge and the expenses of any kind or nature, including premium charges, which surety may sustain or incur by reason of having executed said immigration bond, and to sell said collateral at its discretion at public or private sale, on giving the indemnitor ten (10) days notice by certified mail, addressed to the indemnitor and/or Respondent at their last known address.

9. The undersigned hereby gives Securitizer and/or Surety (bail company) permission to obtain credit information for the purposes of obtaining, collecting or locating Respondent for Bail Bond.

10. Indemnitor agrees to insure that respondent does not become a public charge, and Indemnitor/Respondent understand and agree that at no time during the period on this bond may the respondent obtain public assistance or otherwise violate any condition imposed by the EOIR Immigration Judge or the Department of Homeland Security.

11. This bond, unless otherwise revoked, is in effect until such time as judgment is rendered in this case and the bond is CANCELLED by the Department of Homeland Security.

12. Securitizer provides security and collateral for immigration bonds contigent upon respondent being monitored in securitizer's program. Respondent and Indemnitor understand that GPS

(Indemnitor Initials _KC_ - iniciales

(Respondent Initials _____

Libre by Nexus. ©2014 – Rev 8/14

06/02/2015  21:47    5102965768          FAMILY RESOURCE NTWK                PAGE  09/12

monitoring as a condition of this security, in order to insure the appearance of the Respondent at required court dates, may be required pursuant to the rules of the program. Indemnitor and Respondent understand that this monitoring is not necessary if the respondent pays collateral for their immigration bond, and that respondent retains the ability to pay said collateral at any time, Respondent and Indemnitor understand that payment of collateral and removal of the monitoring condition should be the goal of the respondent in order to avoid prolonged monthly rental fees. Indemnitor and respondent understand that collateral paid toward this bond will be held by surety (bail company) and will be returned to the Indemnitor, respondent, or their assigned agent at such time as the immigration bond is cancelled by the Department of Homeland Security.

IN WITNESS WHEREOF, THE PARTIES WHOSE NAMES ARE SUBSCRIBED TO THIS AGREEMENT EXECUTED HEREWITH EACH REPRESENTS;

I HAVE READ THIS AGREEMENT AND KNOW THE CONTENTS THEREOF AND DO SET MY HAND THIS _6_ DAY _4_ 20_15_

Defendant and Indemnitor signatures required below;

WITNESS (X) _____

DEFENDANT (X) _____

INDEMNITOR (X) _Kevin  Calderón_____

INDEMNITOR (X) _____

INDEMNITOR (X) _____

Executed at _San Anton_ (location), _Texas_ (state), on _6/4/15_

(Indemnitor Initials _KC_ = iniciales
(Respondent Initials _____
Libre by Nexus. ©2014 – Rev 8/14



# LIBRE
## BY NEXUS

## PROMISSORY NOTE

ON DEMAND after date or value received I / We promise to pay to the order of Libre by Nexus, INC. 20,000.00 _____ amount of immigration bond securitized) with interest at 20% (percent) per annum after date until paid.

This note is given for the purpose of securing Libre by Nexus, INC. against a contingent liability by reason of the said KEVIN CALDERON arranging, executing, continuing or causing to be executed or continued, upon the request of the undersigned, securitization of a bond or undertaking on behalf of GABRIELA JAMILETH PERDOMO-ORTIZ _____ (Respondent) and the purpose at securing Libre by Nexus, INC. against any and all losses, expenses, and damages by reason of the securitization of any bond or undertaking in continuation of, or in substitution for, the said bond or undertaking by AtoZ Bail Bonds.

WITNESS (X) _____

DEFENDANT (X) _____

INDEMNITOR (X) __Kevin Calderón_____

INDEMNITOR (X) _____

INDEMNITOR (X) _____

(Indemnitor Initials _KC_ )–Iniciales
(Respondent Initials _____ )
Libre by Nexus. ©2014 – Rev 8/14

destroy or promptly deliver to Lessor all documents containing Proprietary Information, including all copies, reproduction, summaries, analysis or extracts thereof, in the possession of Agency, and certify to Lessor that Lessee has done so.

**3. AUTHORITY OF SIGNER.** By signing below, the signer of this Lease for Agency certifies that he/she has all proper authority to bind the Agency hereto, pursuant to its Articles, Bylaws, statutory or other charter, ordinances, laws, or any other rules governing such authority.

### IV. GENERAL PROVISIONS APPLICABLE TO BOTH LESSEE AND AGENCY

**4. DEFAULT INDEPENDENT OF CRIMINAL PROCESS:** The parties hereto acknowledge that the tracking and monitoring which is contemplated hereunder by the Agency may be undertaken in conjunction with criminal process against the Lessee, or that Lessee has voluntarily undertaken to use the Equipment in order to satisfy a criminal conviction or plea agreement, or to avoid incarceration by Agency. Agency and Lessee agree, however, that Lessee's default under this Lease shall be deemed independent of any criminal matter or procedure required under Agency rules or the laws and regulations of the jurisdiction(s) within which it acts; in other words, with the exception of any notice requirements set forth herein, no due process, whether criminal, civil, or otherwise, shall be required before Lessor may assert its rights hereunder related to (a) payment, (b) redelivery or repossession of the Equipment from Lessee or Agency, or (c) enforcement of any other Lease provisions. Lessor agrees that in effecting redelivery or repossession of the Equipment from Lessee, it shall coordinate with Agency and/or with other law enforcement whenever possible, but it shall have no duty to do so where in its own discretion it deems such coordination unnecessary or impractical.

Lessor:  
Libre by Nexus Inc.  
2 N Main St  
Harrisonburg, VA 22802  
(888) 997-7646  

Agency:  
Address: _____

Lessee:  GABRIELA JAMILETH PERDOMO  
Address: _1408 51ST AVE APT D OAKLAND CA 94621-2361_

Telephone: _____  
Fax: _____

X _____  
By: Libre by Nexus Inc.  
Title: Authorized Agent  

X _____  
By: _____  
Title: _____

Telephone: _510 6899528_  
X _____ Lessee Signature  
X _____ Co-Signer Signature  
_Consigner is jointly liable for rental agreement and all terms herein._

### AUTHORIZATION TO CHARGE CREDIT CARD / CASHIERS CHECK PAYMENTS

The Cardholder named below hereby authorizes Lessor, without limitation, to charge the credit card listed for all charges, rents, and fees associated with the foregoing Lease. Cardholder and or Lessee agrees and acknowledges that all charges and fees shall be non-refundable, are prorated the 1st month, and are not prorated thereafter, and waives his/her right to protest the charges made hereunder through his/her Credit Card Company. Recurring charges will be billed on the 25th day of each succeeding month unless Lessee / Agency notifies Libre by Nexus Inc. in writing by the 25th of each preceding month. In the event the Lessee / Agency pays by Cashiers check the payment must also be received by the 25th of the month for each succeeding month.  
**(PLEASE PRINT ALL INFORMATION CLEARLY AND LEGIBLY BELOW.)**

Card Type (check one): ☐Visa / ☐MC / ☐Disc / ☐AmEx          Card Number: _____

Exp. Date (MM/YY): ____ / ____

Cardholder Name and Address (where bill is received):  
☐ *Check if Cardholder's billing name and address same as Lessee's above.*  
Name: _____  
Address 1: _____  
Address 2: _____  
City, State, Zip: _____

Cardholder Sign: _____

Security Code (usually located on back of card): _____  
We are committed to maintaining your privacy as the Cardholder. In the space below, please indicate a four- (4) digit number of your choosing. This number shall be printed in the description on your bill for each transaction related to this Agreement. Please write down and keep in a safe place. The number you choose below is for your own future reference.

Your transaction ID number: ____ ____ ____ ____

Lessee's Ackn. (if not the Cardholder): _____

Lease Agreement—Page 2

_____  
Lessor's Initials

_____  
Agency's Initials

_____  
Lessee's Initials



# CLIENT COVER SHEET

**OFFENDER ID NUMBER:** A#: _____ - 206896259

**Offender Name:** GABRIELA JAMILETH PERDOMO-ORTIZ

**Offender Address:** 1488 81ST AVE APT D OAKLAND CA 94621-2350

**Offender Phone Number:** _____ - _____ - _____

**Charge(s):**

1) IMMIGRATION REMOVAL PROCEEDINGS

**ATTORNEY/ ABOGADO** 2) N/A

**NEXT COURT DATE** 3) COUNTRY OF ORIGIN: HONDURAS

**DETENTION LOCATION** 4) ROLLING PLAINS CORRECTIONAL FACILITY   AMOUNT OF BOND: $ 20,000.00

**DATE OF BIRTH** 5) 06/10/1987

**SS/A NUMBER** 6) 206896259

## Immigration Status:

Citizen    Green Card  ✓ Visa    Undocumented

**ICE DETAINER:**   ✓ YES       NO       PENDING

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## Co-signer (Sponsor) Information

**Co-signer Name:** KEVIN CALDERON

**Co-signer Address:** 1488 81ST AVE APT D OAKLAND CA 94621-2350

**Co-signer Phone Number:** 510 - 689 - 9528

**\*\* Lease Agreement Addendum**

Libre by Nexus Inc. requires payment in advance for each month and all billing is on a 31 day basis with a pro-ration for the 1st month, no pro-rations for succeeding months, and a pro-ration credit for final month. Payments will be automatically charged on the 30th day of each calendar month from the date of the initial activation date. Cashier check payments must be made by the 25th of the month for the preceding month.

Nexus Programs Inc.("Lessor") requires that Agency and/or Lessee call Nexus Programs Inc. ("Lessor") to activate and deactivate all devices.

The terms and conditions set forth in the Lease agreement are in full force and effect for all devices ordered, leased, or in the possession of Lessee that have been provided by the Lessor.

Lessee agrees and understands that this lease agreement will cover any and all TrackerPAL devices ordered (leased) from Lessor regardless of the quantities, date of order (lease), length of lease terms, or funds due Lessor by Lessee.

Further, Lessee by ordering any device from Lessor gives their expressed and or implied permission to Lessor to immediately charge to the Lessee's account all funds due per the terms of this lease for all devices in the possession of the Lessee and Damaged/Lost/Stolen Device and Accessories replacement cost fees as set forth herein.

## Damaged/Lost/Stolen Devices and Accessories

*Definition:*   Any ReliAlert which has sustained damage to the casing or the strap that inhibits its' ability to function properly or not at all.

Any ReliAlert accessories that have sustained damage which inhibits their ability to function properly or not at all.

Any time a Client illegally removes the _____ and discards it.

Any time a Client loses _____ accessories or has them stolen.

**The following are the Damaged/Lost/Stolen Device and Accessories replacement part cost fees and Security Deposit Options:**

A/C Charger (Replacement cost fee $50.00)

Bracelet Device (Replacement cost fee $3,950.00

**Security Deposit Options: For Bracelet Device:**

Option A:  $3950.00     deposit per device, the replacement cost of the Bracelet Device

Option B: Insurance @ .50 cents per day with a deductible in the event of loss @ $50.00

## Schedule of Fees:

**YOU WILL BE CHARGED THESE FEES** for services and violations.  All violations will be reported to your supervision officer.

**Fees for services and Violations of GPS Monitoring conditions by the client or offender:**

Installation / De-Installation: **$50.00**

Any non-compliance requiring action by staff: **$50.00**

Any non-compliance requiring a physical response by  Staff: **$100.00 plus mileage**

If location of the client or defendant is required if attempting to flee jurisdiction or GPS Tracking: **$35.00 Per hour plus mileage**

Disabling, damaging, or removing of the strap which requires a physical response by NEXUS SERVICES. Staff: **$100.00  plus mileage**

Non-compliance of an Inclusion Zone: **$50.00**

Non-Compliance of an Exclusion Zone: **$75.00**

Recovery of any equipment requiring a physical response: **$250.00 plus mileage**

Court appearance caused as a result of any non-compliance: **$75.00 per hour plus mileage**

Report Documentation other than normal daily reports resulting from any non-compliance issue: **$50.00 per report**

By signing this lease agreement the lessee agrees to pay the above listed Fees, services, and any violation fees immediately upon notification by Lessor. Any failure to do so constitutes breach of contract and will be reported to you supervision officer.

Lessor's Initials        Agency's Initials        Lessee's Initials