MICHAEL R. SIMMONDS (SBN 96238)
msimmonds@snllp.com
TOMIO B. NARITA (CA SBN 156576)
tnarita@snllp.com
JENNIFER L. YAZDI (SBN 301868)
jyazdi@snllp.com
RISHI GUPTA (SBN 313079)
rgupta@snllp.com
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000

Attorneys for Defendant
Libre By Nexus, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN QUINTANILLA VASQUEZ and GABRIELA PERDOMO ORTIZ, and VICTOR HUGO CATALAN MOLINA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LIBRE BY NEXUS, INC. and JOHN DOES 1-50,<br><br>Defendants. | CASE NO.: 4:17-cv-00755-CW<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTS V AND VI OF THE SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date: August 29, 2017<br>Time: 2:30<br>Courtroom: TBD |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on August 29, 2017, at 2:30 p.m. in a courtroom in the above Court to be assigned for the hearing, at 1301 Clay Street, Oakland, CA 94612, the Honorable Claudia A. Wilken presiding, defendant Libre By Nexus, Inc. ("Defendant") will and hereby does move this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an Order dismissing Counts V and VI of the Second Amended Complaint.

This motion is made on the grounds that Plaintiffs have failed to state a claim upon which relief can be granted under 15 U.S.C. § 1692, *et seq.*, the Fair Debt Collections Practices Act ("FDCPA"), or under California Civil Code § 1632 *et seq.*, the California Translation Act, because Plaintiffs have failed to plead sufficient facts to constitute a valid claim for relief.

The Motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support of the Motion, and such other and further evidence or argument as the Court may allow.

DATED: July 10, 2017

SIMMONDS & NARITA LLP
MICHAEL R. SIMMONDS
TOMIO B. NARITA
JENNIFER L. YAZDI
RISHI GUPTA

By:   /s/ Rishi Gupta
       Rishi Gupta
       Attorneys for Defendant
       Libre By Nexus, Inc.

# TABLE OF CONTENTS

I.   INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  ALLEGATIONS OF THE SECOND AMENDED COMPLAINT. . . . . . . . . 2

III. ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    A.   Standards Governing Motions To Dismiss . . . . . . . . . . . . . . . . . . . . . 3

    B.   Plaintiffs Have Not Plead A Valid Claim Under The FDCPA. . . . . . . 4

    C.   Plaintiff's Claim Under Section 1632 Of The California Civil Code Is Barred By The One-Year Statute of Limitations. . . . . . . . . . . . . . . . . . 6

IV.  CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Amelina v. Manufacturers & Traders Trust Co.,*
2015 WL 1138345 (S.D. Cal. Mar. 12, 2015).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Conley v. Gibson,*
355 U.S. 41 (1957). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Davis v. HSBC Bank Nevada, N.A.,*
691 F.3d 1152 (9th Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Esoimeme v. Wells Fargo Bank,*
2011 WL 3875881 (E.D. Cal. Sept. 1, 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Gutenmakher v. Select Portfolio Servicing, Inc.,*
2016 WL 6495378 (C.D. Cal. Oct. 31, 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Henson et al. v. Santander Consumer USA Inc.,*
2017 WL 2507342 (U.S. June 12, 2017). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Johnson v. Riverside Healthcare Sys., L.P.,*
534 F.3d 1116 (9th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Kanady v. GMAC Mortg., LLC,*
2010 WL 4010289 (E.D. Cal. Oct. 13, 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Legrama v. Fremont Inv. & Loan,*
2010 WL 5071600 (N.D. Cal. Dec. 7, 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 7

*Moss v. United States Secret Serv.,*
572 F.3d 962 (9th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*O'Connor v. Capital One, N.A.,*
2014 WL 2216270 (N.D. Cal. May 29, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Orozco v. DHI Mortg. Co. LTD., L.P.,*
2010 WL 2757285 (S.D. Cal. July 13, 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Rupisan v. JP Morgan Chase Bank, NA,*
2012 WL 3764022 (E.D. Cal. Aug. 29, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Schlegel v. Wells Fargo Bank, NA,*
720 F.3d 1204 (9th Cir. 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## FEDERAL STATUTES

15 U.S.C. § 1692, *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

15 U.S.C. § 1692a(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Fed. R. Civ. P. 12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## STATE STATUTES

Cal. Civ. Code § 1632 *et seq.*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Cal. Civ. Code § 1632(b).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Cal. Code Civ. Proc. § 340(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## I.  INTRODUCTION

The Second Amended Complaint ("SAC") filed by Plaintiffs Juan Quintanilla Vasquez, Gabriela Jamileth Perdomo-Ortiz, and Victor Hugo Catalan Molina (collectively "Plaintiffs") does not plead facts sufficient to support a valid claim for relief against Defendant Libre by Nexus ("LBN") under the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. §1692 *et seq.,* or under the California Translation Act, California Civil Code § 1632 *et seq* ("section 1632").  Plaintiffs cannot plausibly amend these claims, so dismissal with prejudice is warranted.

The FDCPA claim (Count VI) fails because Plaintiffs have not, and cannot, allege facts to show that LBN is a "debt collector" as defined by that statute. Nothing alleged in the SAC suggests that the principal purpose of LBN's business is to collect debts, or that LBN regularly collects or attempts to collect debts due to another.  To the contrary, Plaintiffs contend that LBN is in the business of leasing GPS tracking units to undocumented immigrant detainees and charging fees for the leases.  The only alleged collection efforts by LBN relate to recovery of fees that LBN allegedly charged to Plaintiffs.  Assuming these facts are true, LBN is collecting only as an incidental part of its business, not as its principal purpose, and is collecting obligations owed to itself, not to another.  The FDCPA does not apply.

The section 1632 claim (Count V) also fails as a matter of law because it is time-barred.  Plaintiffs allege LBN violated section 1632 by negotiating lease agreements for GPS tracker devices in Spanish, and then entering into contracts written in English.  As this Court has recognized, however, section 1632 has a **one-year** statute of limitations that begins on the date of signing the contract.[1]  All three

---

[1] *See, e.g., Legrama v. Fremont Inv. & Loan*, 2010 WL 5071600, *11 (N.D. Cal. Dec. 7, 2010) ("California Civil Code section 1632 does not expressly provide a statute of limitations; however, it has been interpreted as one year from the date of origination of the loan in question . . . [t]he Court thus finds that Plaintiffs' claim is barred by the one-year statute of limitations.")

Plaintiffs entered into contracts with LBN <u>more</u> than one year before this case was filed February 15, 2017.

Accordingly, the Court should dismiss Counts V and VI of the SAC pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim on which relief can be granted.  Because Plaintiffs cannot plausibly amend these claims, the dismissal should be with prejudice and without leave to amend.

**II.     ALLEGATIONS OF THE SECOND AMENDED COMPLAINT**

The SAC alleges that LBN "exploit[ed] [ ] Spanish-speaking migrant detainees with so-called 'lease agreements' for GPS trackers."  *See* SAC ¶ 1.  Plaintiffs allege that LBN "preys on detainees' vulnerability and limited understanding of English to foist crushing financial terms and GPS shackles on detainees in exchange for the 'service' of arranging for a third party to post detainees' bonds."  *Id.* at ¶ 3.  LBN is alleged to be "in the business of leasing GPS trackers under false pretenses."  *Id.*  Plaintiffs say that "[d]etainees' lack of knowledge about immigration bail bond offerings and limited English-language ability are the bedrock of [LBN]'s business . . . [u]sing targeted English-language misrepresentations and omissions," LBN "appends GPS monitors onto the bodies of detainees, and levies exorbitant fees . . . ."  *Id.* at ¶ 4.  Plaintiffs claim that "LBN is part of Nexus Services," which "is engaged in the business of, among other things, providing electronic monitoring services in connection with immigrant bond securitization."  *Id.* at ¶ 18.

Plaintiffs do not allege facts suggesting that LBN collects debts owed to another.  The SAC has one sentence that simply parrots the FDCPA by alleging that LBN "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  *Id.* at  ¶ 178.  The remaining allegations and the attachments to the complaint, however, make clear that LBN is allegedly attempting to collect amounts that are due to itself.  Plaintiffs allege that the fees LBN charges are represented to be "payments for the provision of the GPS tracker."

*Id.* at ¶ 21.  Plaintiffs repeatedly refer to the payments as "rental" fees under the "lease agreement" between LBN and Plaintiffs.  *See, e.g.,* SAC ¶¶ 68, 116, 119, 120.  In fact, Plaintiffs explicitly allege that "a massive portion of the GPS rental fee is meant to excessively compensate [LBN] for its role, as middleman, in indemnifying the immigration bonds it arranges for with third parties." *Id.* at ¶ 68.

Regarding the dates that Plaintiffs entered into their contracts with LBN, the SAC attachments reflect that Plaintiff Juan Quintanilla-Vasquez ("Vasquez") signed the LBN agreements on February 10, 2016, Plaintiff Gabriela Jamileth Perdomo-Ortiz ("Ortiz") signed on June 4, 2015, and Plaintiff Victor Hugo Catalan Molina ("Molina") signed on February 11, 2016.  *Id.* at Exs. A, B, C.

### III.   ARGUMENT

#### A.   Standards Governing Motions To Dismiss

Dismissal is proper under Rule 12(b)(6) of the Federal Rules of Civil Procedure where a complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  The plain language of Rule 12 provides little guidance on what a plaintiff must do to "state a claim" for relief, other than Rule 8, which says that a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.*

The Supreme Court decisions in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ("*Twombly*"), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("*Iqbal*"), however, reflected a significant shift in the analytical framework courts must use when evaluating motions to dismiss.  In *Twombly*, the Court expressly rejected the "no set of facts" test that had been articulated in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  *See Twombly*, 550 U.S. at 562-63.  There must be sufficient facts pled to state a claim for relief that is "plausible on its face." *Id*. at 570.  Dismissal is proper under Rule 12(b)(6) where a court finds either: 1) the lack of a cognizable legal theory; or 2) the absence of sufficient facts alleged under a cognizable legal theory.

*See Johnson v. Riverside Healthcare Sys., L.P.*, 534 F.3d 1116, 1121 (9th Cir. 2008). In making this finding, courts not only consider the allegations of the complaint and exhibits attached thereto, but also documents whose contents are alleged in the complaint and whose authenticity are not questioned. *See Davis v. HSBC Bank Nevada, N.A.,* 691 F.3d 1152, 1159-60 (9th Cir. 2012). As the Ninth Circuit has observed: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

**B.     Plaintiffs Have Not Plead A Valid Claim Under The FDCPA**

Count VI the SAC should be dismissed because Plaintiffs fail to provide any factual allegations suggesting the FDCPA applies. To the contrary, the SAC makes clear that LBN is not a "debt collector" under the FDCPA.

The FDCPA defines the term "debt collector" in two ways: (1) any person "who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts" or (2) any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Plaintiffs have not alleged, and cannot allege in good faith, facts to support an inference that LBN is a "debt collector" under either definition.

Plaintiffs allege nothing to suggest the "principal purpose" of LBN's business is the collection of debts. Rather, the SAC alleges LBN is part of Nexus Services which is allegedly "engaged in the business of, among other things, providing electronic monitoring services in connection with immigrant bond securitization." *See* SAC ¶ 18. Plaintiffs describe LBN's business as "leasing GPS trackers" in exchange for fees. *Id.* at 3.

Even if Plaintiffs alleged that debt collection formed some portion of LBN's business, this would not be enough to make LBN a "debt collector" under the first definition of that term. Debt collection must be the <u>principal</u> purpose of a defendant's business. *See Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204 (9th Cir. 2013) (allegation that Wells Fargo "is in the business of collecting debts and uses instrumentalities of interstate commerce in that business" was insufficient, as it alleged only that debt collection was a part of the bank's business, and not that it was the bank's "principal purpose").[2]

Nor does the SAC allege any facts to establish that LBN is a "debt collector" under the second definition. At one point, Plaintiffs quote the wording of the statute, alleging in conclusory fashion that LBN "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *See* SAC at ¶ 178. This legal conclusion must be disregarded, however, in light of the other allegations which make it clear that the fees LBN allegedly seeks to collect are sums due to LBN, and not "debts" due to another entity. *See, e.g.,* SAC ¶ 21. Plaintiffs do not allege the payments for the GPS unit are "debts" and instead repeatedly refer to them as "rental" fees under the "lease agreement." *See, e.g.* SAC ¶¶ 68, 116, 119, 120. They explicitly allege the "GPS rental fee is meant to excessively compensate [LBN] for its role, as middleman, in indemnifying the immigration bonds it arranges for with third parties." *Id.* at ¶ 68. There are no facts

---

[2] *See, e.g.*, *Amelina v. Manufacturers & Traders Trust* Co., 2015 WL 1138345, at *7 (S.D. Cal. Mar. 12, 2015) (by alleging defendant "is a creditor who demanded money and property," plaintiffs failed to allege facts to draw a reasonable inference that the principal purpose of defendant's business is the collection of debt); *Gutenmakher v. Select Portfolio Servicing, Inc.*, 2016 WL 6495378, at *7 (C.D. Cal. Oct. 31, 2016) (plaintiff failed to provide a sufficient factual basis to allege an FDCPA claim, because she alleged no facts beyond her contention that defendant is the servicer of the loan); *O'Connor v. Capital One, N.A.*, 2014 WL 2216270, at *5 (N.D. Cal. May 29, 2014) (complaint did not expressly state the "principal purpose" of defendant's business was debt collection).

alleged which suggest that LBN regularly collects debts owed to someone other than LBN.  Nor could Plaintiffs make such allegations in good faith.

The United States Supreme Court recently held that when deciding if an entity is a "debt collector" under this second definition, "[a]ll that matters is whether the target of the lawsuit regularly seeks to collect debts for its own account or does so for 'another.'" *Henson et al. v. Santander Consumer USA Inc.*, 2017 WL 2507342, *3 (U.S. June 12, 2017). Companies like LBN – who allegedly collect debts owed to themselves – are not "debt collectors" under this definition.  *Id.*

Here, accepting the factual allegations of the SAC as true, LBN is expressly excluded from the definition of "debt collector" and is not subject to the FDCPA. The claim must be dismissed, without leave to amend.

### C. Plaintiff's Claim Under Section 1632 Of The California Civil Code Is Barred By The One-Year Statute of Limitations

Count V the SAC, which purports to allege a violation of section 1632 of the California Civil Code, is barred by the one-year statute of limitations and should be dismissed without leave to amend.

Plaintiffs allege that their agreements with LBN are subject to section 1632, which provides that any person who negotiates certain specific types of contracts primarily in Spanish, Chinese, Tagalog, Vietnamese, or Korean, must also provide a translation of the contract in the language that it was negotiated.[3]  The limitations

---

[3] The statute provides, in relevant part, as follows: "Any person engaged in a trade or business who negotiates primarily in Spanish, Chinese, Tagalog, Vietnamese, or Korean, orally or in writing, in the course of entering into any of the following, shall deliver to the other party to the contract or agreement and prior to the execution thereof, a translation of the contract or agreement in the language in which the contract or agreement was negotiated, that includes a translation of every term and condition in that contract or agreement: . . . ." *See* Cal. Civ. Code § 1632(b).  This introductory language in section 1632(b) is then followed by seven enumerated types of contracts that come within the statute. *See* §§ 1632(b)(1) through (b)(7).  The SAC alleges that LBN's contracts are subject to section 1632(b)(2) ("a loan or extension of credit"). SAC ¶ 170.

period for a section 1632 claim is one year, under section 340(a) of the California Code of Civil Procedure, which provides that "an action upon a statute for a penalty or forfeiture, if the action is given to an individual, or to an individual and the state, except if the statute imposing it prescribes a different limitation" shall be brought within one year.  *See* Cal. Code Civ. Proc. § 340(a).

Thus, even assuming for purposes of argument that section 1632 applied to Plaintiff's agreements, their claims would be subject to a one-year limitations period which begins to run at the time they signed their contracts.  *See, e.g., Legrama v. Fremont Inv. & Loan*, 2010 WL at *11 (N.D. Cal. Dec. 7, 2010) ("California Civil Code section 1632 does not expressly provide a statute of limitations; however, it has been interpreted as one year from the date of origination of the loan in question . . . [t]he Court thus finds that Plaintiffs' claim is barred by the one-year statute of limitations."); *Esoimeme v. Wells Fargo Bank*, 2011 WL 3875881, *5 (E.D. Cal. Sept. 1, 2011) ("Plaintiff's claim under section 1632 is also subject to a one-year statute of limitations pursuant to California Civil Code 340(a) and is likewise time barred."); *Rupisan v. JP Morgan Chase Bank, NA,* 2012 WL 3764022, *7-8 (E.D. Cal. Aug. 29, 2012) ("[C]laims under California Civil Code § 1632 are subject to one-year statute of limitations pursuant to California Code of Civil Procedure § 340(a) . . . [s]ince the notices and translations required by section 1632 are to be provided prior to the execution of the agreement, the statute of limitations has run on Plaintiffs' twelfth claim for relief and that claim is now time barred.); *Kanady v. GMAC Mortg., LLC*, 2010 WL 4010289, *9 (E.D. Cal. Oct. 13, 2010) (Defendant correctly argued that "a section 1632 claim [is] barred by the one-year limitation period of California Code of Civil Procedure section 340(a) ('an action upon a statue.'); *Orozco v. DHI Mortg. Co. LTD., L.P.*, 2010 WL 2757285, *6 (S.D. Cal.

---

LBN denies that its contracts with Plaintiffs fall within section 1632(b)(2).  The Court need not address that issue, however, as the claims are time-barred.

July 13, 2010) ("[t]he statute of limitations on a claim under section 1632 is one year . . . Plaintiff entered into her loan agreement on December 17, 2006 and did not file suit in this case until August 31, 2009. Thus, Plaintiff's claim under section 1632 is time barred.") (citations omitted).

All three of the Plaintiffs signed their agreements more than a year before this suit was filed. Vasquez signed the agreements on February 10, 2016, Molina signed on February 11, 2016, and Ortiz on June 4, 2015. The original Complaint was filed on February 15, 2017, more than a year after the last Plaintiff signed. The section 1632 claims are untimely and must be dismissed without leave to amend.

## IV. CONCLUSION

For each of the foregoing reasons, LBN respectfully requests that the Court issue an order dismissing Counts V and VI of the SAC pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The deficiencies in these claims cannot be cured by amendment. The claims should be dismissed with prejudice and without leave to amend.

DATED: July 10, 2017

SIMMONDS & NARITA LLP
MICHAEL R. SIMMONDS
TOMIO B. NARITA
JENNIFER L. YAZDI
RISHI GUPTA

By:   /s/ Rishi Gupta

Rishi Gupta
Attorneys for Defendant
Libre By Nexus, Inc.