MICHAEL J. HASSEN (SBN 124823)
mjhassen@reallaw.us
REALLAW, A PROFESSIONAL CORPORATION
1981 N. Broadway, Suite 280
Walnut Creek, California 94596
Telephone: (925) 359-7500
Facsimile: (925) 557-7690

MICHAEL J GORBY (*Pro Hac Vice*)
mgorby@gorbypeters.com
MARY DONNE PETERS (*Pro Hac Vice*)
mpeters@gorbypeters.com
GORBY, PETERS & ASSOCIATES LLC
1175 Peachtree St. NE, Suite 1000
Atlanta, Georgia 30361
Telephone: (404) 239-1150

Attorneys for Defendant LIBRE BY NEXUS, INC.

*Reallaw*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| JUAN QUINTANILLA VASQUEZ, GABRIELA PERDOMO ORTIZ, and VICTOR HUGO CATALAN MOLINA, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIBRE BY NEXUS, INC. and JOHN DOES 1-50,<br><br>Defendants. | Case No. 4:17-cv-00755-CW<br><br>**ANSWER OF DEFENDANT LIBRE BY NEXUS, INC. TO SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>Honorable Claudia A. Wilken |

Defendant LIBRE BY NEXUS, INC. ("Defendant") answers the Second Amended Class Action Complaint (Document 28) ("Complaint") as follows:

1. Defendant denies the allegations in paragraph 1 of the Complaint.

2. Defendant admits that Immigration and Customs Enforcement ("ICE") detains thousands of undocumented immigrants each year. Defendant further admits that once in detention, certain detainees are afforded the opportunity to post an immigration bond. Defendant further admits that bond is often set at an amount that exceeds the detainees' ability to pay. Defendant denies the remaining allegations of paragraph 2 of the Complaint.

3. Defendant denies the allegations in paragraph 3 of the Complaint.

4. Defendant denies the allegations in paragraph 4 of the Complaint.

5. Defendant denies the allegations in paragraph 5 of the Complaint.

6. Defendant denies the allegations in paragraph 6 of the Complaint.

7. Defendant denies the allegations in paragraph 7 of the Complaint.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8 of the Complaint.

9. Defendant denies the allegations in paragraph 9 of the Complaint and specifically denies that Plaintiffs are entitled to any relief.

10. Defendant denies the allegations in paragraph 10 of the Complaint and specifically denies that Plaintiffs are entitled to any relief.

11. Answering paragraph 11 of the Complaint, Defendant admits that Plaintiff Juan Quintanilla Vasquez ("Vasquez") is an individual. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 11 regarding Vasquez' residence. Defendant denies the remaining allegations of paragraph 11.

12. Answering paragraph 12 of the Complaint, Defendant admits that Plaintiff Gabriela Jamileth Perdomo Ortiz ("Ortiz") is an individual. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 12 regarding Ortiz' residence. Defendant denies the remaining allegations of paragraph 12.

13. Answering paragraph 13 of the Complaint, Defendant admits that Plaintiff Victor Hugo Catalan Molina ("Molina") is an individual. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 13 regarding Molina's residence. Defendant denies the remaining allegations of paragraph 13.

14. Defendant admits the allegations in paragraph 14 of the Complaint.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 of the Complaint.

16. Answering paragraph 16 of the Complaint, Defendant admits there is personal jurisdiction over Defendant in the Northern District of California.

17. Answering paragraph 17 of the Complaint, Defendant admits that venue is proper in the Northern District of California.

18. Defendant admits the allegations in paragraph 18 of the Complaint except that the Defendant denies that it is in the business of electronic monitoring.

19. Answering paragraph 19 of the Complaint, Defendant lacks knowledge or information sufficient to form a believe about the truth of the allegation that Defendant has "undergone massive growth since 2013". Defendant denies the remaining allegations in paragraph 19.

20. Defendant admits the allegations in paragraph 20 of the Complaint.

21. Defendant denies the allegations in paragraph 21 of the Complaint.

22. Defendant denies the allegations in paragraph 22 of the Complaint.

23. Defendant denies the allegations in paragraph 23 of the Complaint.

24. Defendant denies the allegations in paragraph 24 of the Complaint.

25. Defendant denies the allegations in paragraph 25 of the Complaint.

26. Answering paragraph 26 of the Complaint, Defendant avers that the terms and conditions of the contract entered into between each Plaintiff and Defendant speak for themselves. Defendant denies the remaining allegations of paragraph 26.

27. Answering paragraph 27 of the Complaint, Defendant avers that the terms and conditions of the contract entered into between each Plaintiff and Defendant speak for themselves. Defendant denies the remaining allegations of paragraph 27.

28. Defendant denies the allegations in paragraph 28 of the Complaint.

29. Answering paragraph 29 of the Complaint, Defendant avers that the terms and conditions of the contract entered into between each Plaintiff and Defendant speak for themselves. Defendant denies the remaining allegations of paragraph 29.

30. Defendant denies the allegations in paragraph 30 of the Complaint.

31. Defendant denies the allegations in paragraph 31 of the Complaint.

32. Defendant denies the allegations in paragraph 32 of the Complaint.

33. Defendant denies the allegations in paragraph 33 of the Complaint.

34. Defendant denies the allegations in paragraph 34 of the Complaint.

35. Defendant denies the allegations in paragraph 35 of the Complaint.

36. Defendant denies the allegations in paragraph 36 of the Complaint.

37. Defendant denies the allegations in paragraph 37 of the Complaint.

38. Defendant denies the allegations in paragraph 38 of the Complaint.

39. Defendant denies the allegations in paragraph 39 of the Complaint.

40. Defendant denies the allegations in paragraph 40 of the Complaint.

41. Defendant denies the allegations in paragraph 41 of the Complaint.

42. Defendant denies the allegations in paragraph 42 of the Complaint.

43. Answering paragraph 43 of the Complaint, Defendant admits that it has the best interests of immigrants in mind at all times. Defendant denies the remaining allegations in paragraph 43.

44. Defendant admits the allegations in paragraph 44 of the Complaint.

45. Defendant admits the allegations in paragraph 45 of the Complaint.

46. Defendant admits the allegations in paragraph 46 of the Complaint.

47. Defendant admits the allegations in paragraph 47 of the Complaint.

48. Defendant admits the allegations in paragraph 48 of the Complaint.

49. Answering paragraph 49 of the Complaint, Defendant admits that the contract between each Plaintiff and Defendant contained a one-page document in Spanish that provided certain information. Defendant denies the remaining allegations of paragraph 49.

50. Answering paragraph 50 of the Complaint, Defendant admits that the contract between each Plaintiff and Defendant contained a one-page document in Spanish that provided certain information, and that the one-page document never states that "detainees will be charged $420 a month in tracker rental fees–much less that they will be charged such fees indefinitely."

51. Answering paragraph 51 of the Complaint, Defendant admits that the contract between each Plaintiff and Defendant contained a one-page document in Spanish that provided certain information, and that the one-page document never states that "detainees will be charged 50 cents per day to insure those trackers."

52. Answering paragraph 52 of the Complaint, Defendant admits that the contract between each Plaintiff and Defendant contained a one-page document in Spanish that provided certain information, and Defendant avers that the information on the one page speaks for itself. Defendant denies the remaining allegations of paragraph 52.

53. Answering paragraph 53 of the Complaint, Defendant admits that the contract between each Plaintiff and Defendant contained a one-page document in Spanish that provided certain information, and Defendant avers that the information on the one page speaks for itself. Defendant denies the remaining allegations of paragraph 53.

54. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint.

55. Answering paragraph 55 of the Complaint, Defendant avers that the terms and conditions of the contract entered into between each Plaintiff and Defendant speak for themselves. Defendant denies the remaining allegations of paragraph 55.

56. Defendant denies the allegations in paragraph 56 of the Complaint.

57. Defendant denies the allegations in paragraph 57 of the Complaint.

1   58.     Answering paragraph 58 of the Complaint, Defendant avers that the terms and
2 conditions of the contract entered into between each Plaintiff and Defendant speak for themselves.
3 Defendant denies the remaining allegations of paragraph 58.
4   59.     Answering paragraph 59 of the Complaint, Defendant avers that the terms and
5 conditions of the contract entered into between each Plaintiff and Defendant speak for themselves.
6 Defendant denies the remaining allegations of paragraph 59.
7   60.     Defendant denies the allegations in paragraph 60 of the Complaint.
8   61.     Answering paragraph 61 of the Complaint, Defendant avers that the terms and
9 conditions of the contract entered into between each Plaintiff and Defendant speak for themselves.
10 Defendant denies the remaining allegations of paragraph 61.
11   62.     Answering paragraph 62 of the Complaint, Defendant admits that the agreement
12 entered into between each Plaintiff and Defendant stated that the "tracking device" is charged at
13 $14 per day.
14   63.     Defendant denies the allegations in paragraph 63 of the Complaint.
15   64.     Defendant denies the allegations in paragraph 64 of the Complaint.
16   65.     Defendant denies the allegations in paragraph 65 of the Complaint.
17   66.     Defendant denies the allegations in paragraph 66 of the Complaint.
18   67.     Defendant denies the allegations in paragraph 67 of the Complaint.
19   68.     Defendant denies the allegations in paragraph 68 of the Complaint.
20   69.     Defendant denies the allegations in paragraph 69 of the Complaint.
21   70.     Defendant denies the allegations in paragraph 70 of the Complaint.
22   71.     Defendant lacks knowledge or information sufficient to form a belief as to the truth
23 of the allegations in paragraph 71 of the Complaint.
24   72.     Defendant lacks knowledge or information sufficient to form a belief as to the truth
25 of the allegations in paragraph 72 of the Complaint.
26   73.     Defendant lacks knowledge or information sufficient to form a belief as to the truth
27 of the allegations in paragraph 73 of the Complaint.
28

*Reallaw*

74. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the Complaint.

75. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the Complaint.

76. Defendant denies the allegations in paragraph 76 of the Complaint.

77. Defendant denies the allegations in paragraph 77 of the Complaint.

78. Answering paragraph 78 of the Complaint, Defendant admits that after Vasquez was released, a representative of Defendant met with him and he signed a contract. Defendant further admits that the representative informed Vasquez that he was required to wear an ankle bracelet pursuant to the contract. Defendant denies the remaining allegations of paragraph 78.

79. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the Complaint.

80. Answering paragraph 80 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Vasquez of fearful of remaining detained indefinitely. Defendant admits that Vasquez was not informed that he would need to pay $420 per month in perpetuity, that he would be moved from the detained to the non-detained docket, and that he could be required to pay Defendant for years. Defendant denies the remaining allegations of paragraph 80.

81. Answering paragraph 81 of the Complaint, Defendant admits that Vasquez paid over $3,000 in monthly fees pursuant to his contract with Defendant. Defendant denies the remaining allegations of paragraph 81.

82. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the Complaint.

83. Answering paragraph 83 of the Complaint, Defendant admits that one of its representatives had a conversation with Vasquez wherein Vasquez explained that he had not missed payments. Defendant denies the remaining allegations of paragraph 83.

84. Defendant denies the allegations in paragraph 84 of the Complaint.

85. Defendant denies the allegations in paragraph 85 of the Complaint.

86. Defendant denies the allegations in paragraph 86 of the Complaint.

87. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 of the Complaint.

88. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 of the Complaint.

89. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89 of the Complaint.

90. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 of the Complaint.

91. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 of the Complaint.

92. Defendant denies the allegations in paragraph 92 of the Complaint.

93. Defendant denies the allegations in paragraph 93 of the Complaint.

94. Defendant denies the allegations in paragraph 94 of the Complaint.

95. Answering paragraph 95 of the Complaint, Defendant admits that after Ortiz was released, a representative of Defendant met with her and she signed a contract. Defendant further admits that the representative informed Ortiz that she was required to wear an ankle bracelet pursuant to the contract. Defendant denies the remaining allegations of paragraph 95.

96. Defendant denies the allegations in paragraph 96 of the Complaint.

97. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 of the Complaint.

98. Answering paragraph 98 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Ortiz was fearful of remaining detained indefinitely. Defendant denies the remaining allegations of paragraph 98.

99. Answering paragraph 99 of the Complaint, Defendant admits that Ortiz was not informed that she would need to pay $420 per month in perpetuity, that she would be moved from the detained to the non-detained docket, and that she could be required to pay Defendant for years. Defendant denies the remaining allegations of paragraph 99.

1   100.   Defendant denies the allegations in paragraph 100 of the Complaint.

2   101.   Defendant lacks knowledge or information sufficient to form a belief as to the truth
3   of the allegations in paragraph 101 of the Complaint.

4   102.   Defendant denies the allegations in paragraph 102 of the Complaint.

5   103.   Defendant denies the allegations in paragraph 103 of the Complaint.

6   104.   Defendant denies the allegations in paragraph 104 of the Complaint.

7   105.   Defendant lacks knowledge or information sufficient to form a belief as to the truth
8   of the allegations in paragraph 105 of the Complaint.

9   106.   Defendant lacks knowledge or information sufficient to form a belief as to the truth
10  of the allegations in paragraph 106 of the Complaint.

11  107.   Defendant lacks knowledge or information sufficient to form a belief as to the truth
12  of the allegations in paragraph 107 of the Complaint.

13  108.   Defendant lacks knowledge or information sufficient to form a belief as to the truth
14  of the allegations in paragraph 108 of the Complaint.

15  109.   Defendant lacks knowledge or information sufficient to form a belief as to the truth
16  of the allegations in paragraph 109 of the Complaint.

17  110.   Defendant denies the allegations in paragraph 110 of the Complaint.

18  111.   Defendant denies the allegations in paragraph 111 of the Complaint.

19  112.   Answering paragraph 112 of the Complaint, Defendant admits that after Molina
20  was released, a representative of Defendant met with him and he signed a contract. Defendant
21  further admits that the representative informed Molina that he was required to wear an ankle
22  bracelet pursuant to the contract. Defendant denies the remaining allegations of paragraph 112.

23  113.   Defendant denies the allegations in paragraph 113 of the Complaint.

24  114.   Answering paragraph 114 of the Complaint, Defendant lacks knowledge or
25  information sufficient to form a belief as to the truth of the allegation that Molina was fearful of
26  remaining detained indefinitely. Defendant denies the remaining allegations of paragraph 114.

27  115.   Defendant admits the allegations of paragraph 115 of the Complaint.

28  116.   Defendant denies the allegations in paragraph 116 of the Complaint.

*Reallaw*

1   117.   Defendant lacks knowledge or information sufficient to form a belief as to the truth
2   of the allegations in paragraph 117 of the Complaint.
3   118.   Defendant denies the allegations in paragraph 118 of the Complaint.
4   119.   Defendant denies the allegations in paragraph 119 of the Complaint.
5   120.   Defendant denies the allegations in paragraph 120 of the Complaint.
6   121.   Defendant denies the allegations in paragraph 121 of the Complaint.
7   122.   Defendant denies the allegations in paragraph 122 of the Complaint.
8   123.   Defendant lacks knowledge or information sufficient to form a belief as to the truth
9   of the allegations in paragraph 123 of the Complaint.
10  124.   Defendant incorporates each and every preceding response as if fully set forth
11  herein.
12  125.   Defendant denies that this case may be certified as a class action. Defendant avers
13  that no response is required to the allegations in paragraph 125 of the Complaint.
14  126.   Defendant denies that this case may be certified as a class action. Defendant avers
15  that no response is required to the allegations in paragraph 125 of the Complaint.
16  127.   Defendant denies that this case may be certified as a class action. Defendant avers
17  that no response is required to the allegations in paragraph 125 of  the Complaint.
18  128.   Defendant denies that this case may be certified as a class action. Defendant denies
19  the allegations in paragraph 128 of the Complaint.
20  129.   Defendant denies that this case may be certified as a class action. Defendant denies
21  the allegations in paragraph 129 of the Complaint.
22  130.   Defendant denies that this case may be certified as a class action. Defendant denies
23  the allegations in paragraph 130 of the Complaint.
24  131.   Defendant denies that this case may be certified as a class action. Defendant denies
25  the allegations in paragraph 131 of the Complaint.
26  132.   Defendant denies that this case may be certified as a class action. Defendant denies
27  the allegations in paragraph 132 of the Complaint.
28

1      133.   Defendant denies that this case may be certified as a class action. Defendant denies
2 the allegations in paragraph 133 of the Complaint.

3      134.   Defendant denies that this case may be certified as a class action. Defendant denies
4 the allegations in paragraph 134 of the Complaint.

5      135.   Defendant incorporates each and every preceding response as if fully set forth
6 herein.

7      136.   Answering paragraph 136 of the Complaint, Defendant avers that the provisions of
8 section 17200 of the California Business and Professions Code are self-explanatory.

9      137.   Answering paragraph 137 of the Complaint, Defendant avers that the case law
10 interpreting the provisions of section 17200 of the California Business and Professions Code is
11 self-explanatory.

12     138.   Defendant denies the allegations of paragraph 138 of the Complaint.

13     139.   Defendant denies the allegations of paragraph 139 of the Complaint.

14     140.   Defendant denies the allegations of paragraph 140 of the Complaint.

15     141.   Defendant denies the allegations of paragraph 141 of the Complaint and denies that
16 Plaintiffs are entitled to the relief sought.

17     142.   Answering paragraph 142 of the Complaint, Defendant incorporates each and every
18 preceding response as if fully set forth herein.

19     143.   Answering paragraph 143 of the Complaint, Defendant avers that the provisions of
20 section 17200 of the California Business and Professions Code are self-explanatory.

21     144.   Answering paragraph 144 of the Complaint, Defendant avers that the case law
22 interpreting the provisions of section 17200 of the California Business and Professions Code is
23 self-explanatory.

24     145.   Defendant denies the allegations of paragraph 145 of the Complaint.

25     146.   Defendant denies the allegations of paragraph 146 of the Complaint.

26     147.   Defendant denies the allegations of paragraph 147 of the Complaint and denies that
27 Plaintiffs are entitled to the relief sought.

28

1    148.    Answering paragraph 148 of the Complaint, Defendant incorporates each and every
2 preceding response as if fully set forth herein.
3    149.    Answering paragraph 149 of the Complaint, Defendant avers that the provisions of
4 section 17200 of the California Business and Professions Code are self-explanatory.
5    150.    Answering paragraph 150 of the Complaint, Defendant avers that the case law
6 interpreting the provisions of section 17200 of the California Business and Professions Code is
7 self-explanatory.
8    151.    Defendant denies the allegations of paragraph 151 of the Complaint.
9    152.    Defendant denies the allegations of paragraph 152 of the Complaint.
10   153.    Defendant denies the allegations of paragraph 153 of the Complaint.
11   154.    Defendant denies the allegations of paragraph 154 of the Complaint and denies that
12 Plaintiffs are entitled to the relief sought.
13   155.    Answering paragraph 155 of the Complaint, Defendant incorporates each and every
14 preceding response as if fully set forth herein.
15   156.    Defendant avers that no response to paragraph 156 of the Complaint is required.
16   157.    Defendant admits the allegations in paragraph 157 of the Complaint.
17   158.    Answering paragraph 158 of the Complaint, Defendant admits that the contract
18 between Defendant and each Plaintiff, and the performance of that contract, constitutes a
19 "transaction" within the meaning of California Civil Code § 1761(e). Defendant denies the
20 remaining allegations of paragraph 158.
21   159.    Defendant lacks knowledge or information sufficient to form a belief as to the truth
22 of the allegations in paragraph 159 of the Complaint.
23   160.    Defendant denies the allegations in paragraph 160 of the Complaint.
24   161.    Defendant denies the allegations in paragraph 161 of the Complaint.
25   162.    Defendant denies the allegations in paragraph 162 of the Complaint.
26   163.    Defendant denies the allegations in paragraph 163 of the Complaint.
27   164.    Defendant denies the allegations in paragraph 164 of the Complaint.
28   165.    Defendant denies the allegations in paragraph 165 of the Complaint.

1   166.   Defendant denies the allegations in paragraph 166 of the Complaint.

2   167.   Answering paragraph 167 of the Complaint, Defendant incorporates each and every
3   preceding response as if fully set forth herein.

4   168.   Defendant avers that no response to paragraph 168 of the Complaint is required.

5   169.   Answering paragraph 169 of the Complaint, Defendant admits that it is engaged in
6   a trade or business and that its dealings with each Plaintiff in advance of entering into a contract
7   with them were primarily in Spanish. Defendant denies the remaining allegations in paragraph
8   169.

9   170.   Answering paragraph 170 of the Complaint, Defendant avers that the provisions of
10  section 1632(b)(2) of the California Civil Code are self-explanatory.

11  171.   Defendant denies the allegations in paragraph 171 of the Complaint.

12  172.   Answering paragraph 172 of the Complaint, Defendant admits that its agreement
13  with each Plaintiff was for personal purposes. Defendant denies the remaining allegations of
14  paragraph 172.

15  173.   Due to the uncertain nature of the allegations, Defendant lacks knowledge or
16  information sufficient to form a belief as to the truth of the allegations in paragraph 173 of the
17  Complaint.

18  174.   Answering paragraph 174 of the Complaint, Defendant admits that did not provide
19  a written Spanish translation for most of the contract it entered into with each Plaintiff. Defendant
20  denies the remaining allegations in paragraph 174.

21  175.   Defendant denies the allegations in paragraph 175 of the Complaint.

22  176.   Answering paragraph 176 of the Complaint, Defendant incorporates each and every
23  preceding response as if fully set forth herein.

24  177.   Defendant avers that no response to paragraph 177 of the Complaint is required.

25  178.   Defendant denies the allegations in paragraph 178 of the Complaint.

26  179.   Defendant denies the allegations in paragraph 179 of the Complaint.

27  180.   Defendant denies the allegations in paragraph 180 of the Complaint.

28  181.   Defendant denies the allegations in paragraph 181 of the Complaint.

182. Defendant denies the allegations in paragraph 182 of the Complaint.

183. Answering paragraph 183 of the Complaint, Defendant incorporates each and every preceding response as if fully set forth herein.

184. Defendant denies the allegations in paragraph 184 of the Complaint.

185. Defendant denies the allegations in paragraph 185 of the Complaint.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint and each of its claims for relief fails to state facts sufficient to state a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs failed to act reasonably and expeditiously to mitigate their damages, if any.

### THIRD AFFIRMATIVE DEFENSE

Defendant is informed and believes and thereon alleges that Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint and each of its claims for relief are barred, in whole or in part, by the applicable statutes of limitations and/or by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have not suffered any injury in fact or damages caused by any act or omission of Defendant.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for damages are barred, in whole or in part, because they are too speculative and uncertain.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to prosecute any claims under Section 17200.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to allege any facts which would give rise to a claim of unfair competition under Business and Professions Code section 17200, including but not limited to a failure to allege any violation of law by Defendant.

**NINTH AFFIRMATIVE DEFENSE**

The Complaint, and each and every cause of action therein, is barred because the alleged acts and/or omissions of Defendant were not the actual or proximate cause of the damages, if any, allegedly suffered by Plaintiffs.

**TENTH AFFIRMATIVE DEFENSE**

As to all causes of action in the Complaint, the claims are not appropriate for class treatment because the requirements of Rule 23(a) and Rule 23(b) are not met.

**ELEVENTH AFFIRMATIVE DEFENSE**

As to all causes of action in the Complaint, Plaintiffs fail to show any substantial benefit can be gained from class certification.

**TWELFTH AFFIRMATIVE DEFENSE**

As to all causes of action in the Complaint, Plaintiffs lack standing to sue because they have not suffered actual injury as a result of the conduct alleged in the Complaint.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Each Plaintiff is required by the contract he or she entered into with Defendant to resolve his or her claims on an individual basis in arbitration.

WHEREFORE, Defendant prays:

1. That Plaintiffs, and each of them, take nothing by their Complaint;
2. That judgment be entered in Defendant's favor as to each Plaintiff on all counts;
3. That Defendant be awarded costs of suit and reasonable attorneys' fees as allowed by law;
4. For such other and further relief as the Court deems just.

**JURY TRIAL DEMANDED**

Defendant demands a jury trial on all triable issues.

DATED: September 25, 2018     REALLAW, A PROFESSIONAL CORPORATION

By:    /s/ Michael J. Hassen
MICHAEL J. HASSEN
Attorneys for Defendant LIBRE BY NEXUS, INC.