IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN QUINTANILLA VASQUEZ, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>LIBRE BY NEXUS, INC.,<br><br>    Defendant. | Case No. 17-cv-00755-CW<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT<br><br>(Docket No. 90) |

Before the Court is a motion for leave to file their Third Amended Complaint (TAC) by Plaintiffs Juan Quintanilla Vasquez, Gabriela Perdomo Ortiz and Victor Hugo Catalan Molina. Docket No. 90. Defendant Libre By Nexus, Inc. (LBN) opposes the motion. Plaintiffs also seek judicial notice of six filings with the California Insurance Commissioner and the Federal District Court, Central District of California in support of their Reply; this request is unopposed. Having considered the papers, the Court GRANTS Plaintiffs' motion for leave to file their TAC. The Court also GRANTS Plaintiffs' Request for Judicial Notice.

BACKGROUND

Count III of the Second Amended Complaint (SAC) alleges Defendant violated the "unlawful" prong of California's Unlawful Competition Law (UCL) by violating California's Insurance Code § 1800, which prohibits a person from executing or delivering the undertaking of bail or bail bonds without a bail license. Plaintiffs now seek to amend Count III to include a violation of California Code Regulation Title 10, § 2081, a regulation

promulgated by the Insurance Commissioner pursuant to the Insurance Code, and limits bail licensees from charging or collecting money or other valuable considerations except for a number of specified limited purposes.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that leave of the court allowing a party to amend its pleading "shall be freely given when justice so requires." Because "Rule 15 favors a liberal policy towards amendment, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted." Genentech, Inc. v. Abbott Laboratories, 127 F.R.D. 529, 530–531 (N.D. Cal. 1989).

Courts consider five factors when assessing a motion for leave to amend: undue delay, bad faith, futility of amendment, prejudice to the opposing party and whether the plaintiff has previously amended the complaint. Ahlmeyer v. Nev. Sys. of Higher Educ., 555 F.3d 1051, 1055 n.3 (9th Cir.2009). Leave to amend should be granted with "extreme liberality." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). The Ninth Circuit has held that courts may decline to grant leave to amend for one or more of these reasons "only if there is strong evidence." Sonoma Cnty Ass'n of Retired Employees v. Sonoma Cnty, 708 F.3d 1109, 1117 (9th Cir. 2013).

## DISCUSSION

Weighing these factors, the Court finds that LBN has not met its burden showing why leave to amend should be denied. LBN has shown that Plaintiffs could have sought amendment of their UCL

2

count earlier, and indeed had opportunities to include the new allegation in their prior amended complaints. However, undue delay by itself is not sufficient to deny leave to amend. Johnson v. Serenity Transp., Inc., 15-cv-02004-JSC, 2015 WL 4913266, at *3 (N.D. Cal. Aug. 17, 2015) (granting leave to amend because "the only factor that weighs in favor of denial is undue delay"); but see id. ("While delay alone is insufficient to justify denial of leave to amend, late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action.") (internal citations and quotations omitted). LBN has not shown that the other factors tip in favor of denying leave to amend. LBN argues that Plaintiffs' amendment is futile, contending for the first time that the Insurance Code provision for bail licensees does not apply to immigration bail bonds. LBN's cited authority, an opinion issued by the California Office of the Attorney General, is inapplicable. At issue in the opinion was whether Insurance Code §§ 1800 and 1801 gave licensed bail agents authority to issue immigration bonds. 63 Cal. Op. Att'y Gen. 265, 1980 WL 96834, at *4 (1980). The opinion held that the Insurance Code does not, in itself, authorize a licensed bail agent to execute immigration bonds, but explicitly stated that licensed bail bondsmen under Insurance Code § 1800 could seek authority through additional licenses. The opinion did not address whether the Insurance Code precludes the regulation of immigration bonds. Id. Indeed, the Insurance Commissioner and California's Department of Insurance have asserted jurisdiction over

3

regulating immigration bonds and immigration bond agents. See Docket No. 99-1 (Plaintiffs' RJN), Exs. 2-6 (order by the Insurance Commissioner and accusations by California's Department of Insurance relating to immigration bonds and purportedly unlicensed immigration bondsmen). LBN's futility argument would apply to the entirety of Count III and not only Plaintiffs' new proposed amendment. LBN did not raise this argument in its Motion to Dismiss. There is no indication that Plaintiffs are acting in bad faith.

LBN will not be unduly prejudiced if leave to amend is granted. This new theory proposed by Plaintiffs arises from the same set of facts and within the scope of Plaintiffs' original theory under Count III. Additional discovery, if any, would be minimal. Discovery is currently ongoing. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) ("Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend.") (internal citations and emphasis omitted). For the foregoing reasons, the Court GRANTS Plaintiffs leave to file their TAC. Plaintiffs have seven days from the date of this Order to file their TAC. Defendant need not file a new Answer.

Plaintiffs' unopposed request for judicial notice of six documents filed with the California Insurance Commissioner and the Federal District Court, Central District of California is GRANTED because they are all public records. Fed. R. Evid. § 201; see also In re Icenhower, 755 F.3d 1130, 1142 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: December 3, 2018



CLAUDIA WILKEN

United States District Judge