REALLAW, APC
MICHAEL J. HASSEN (Bar No. 124823)
mjhassen@reallaw.us
1981 N. Broadway, Suite 280
Walnut Creek, CA 94596
Telephone: (925) 359-7500
Facsimile: (925) 557-7690

MICHAEL J. GORBY (*Pro Hac Vice*)
mgorby@gorbypeters.com
MARY DONNE PETERS (*Pro Hac Vice*)
mpeters@gorbypeters.com
GORBY, PETERS & ASSOCIATES LLC
1175 Peachtree St. NE, Suite 1000
Atlanta, Georgia 30361
Telephone: (404) 239-1150

Attorneys for Defendant LIBRE BY NEXUS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUAN QUINTANILLA VASQUEZ, GABRIELA PERDOMO ORTIZ, and VICTOR HUGO CATALAN MOLINA, individually and on behalf of all other similarly situated,<br><br>             Plaintiffs,<br><br>      v.<br><br>LIBRE BY NEXUS, INC. and JOHN DOES 1-50,<br><br>             Defendants. | Case No. 4:17-cv-00755-CW<br><br>**LIBRE BY NEXUS, INC.'S NOTICE OF MOTION AND MOTION TO QUASH OR MODIFY, MOTION TO LIMIT DISCOVERY, MOTION FOR PROTECTIVE ORDER, AND MOTION FOR STAY**<br><br>Date:    June 6, 2019<br>Time:   9:30 a.m.<br>Ctrm:   B, 15th Floor<br>            450 Golden Gate Ave.<br>            San Francisco, CA 94102<br>Judge:  Honorable Laurel Beeler |

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 6, 2019 at 9:30 a.m., or as soon thereafter as the matter may be heard in Courtroom B, located at the United States District Court for the Northern District of California, 450 Golden Gate Ave., San Francisco, California 94102, the Honorable Laurel Beeler presiding, defendant Libre by Nexus, Inc. ("Libre") will and hereby does move this Court, pursuant to Federal Rules of Civil Procedure 45 and 26, for an order to quash or modify subpoenas, to limit discovery, for a protective order, and to stay discovery ("Motion") related to four non-party subpoenas served by Plaintiffs Juan Quintanilla Vasquez, Gabriela Perdomo Ortiz, and Victor Hugo Catalan Molina.

This motion will be based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Michael J. Hassen, and all papers and pleadings on file, and all other evidence or argument the Court may permit at the hearing in this matter.

DATED: April 26, 2019          REALLAW, APC

By:   /s/ Michael J. Hassen
MICHAEL J. HASSEN
Attorneys for Defendant LIBRE BY NEXUS, INC.

## I. INTRODUCTION AND SUMMARY OF FACTS

Pursuant to Federal Rules of Civil Procedure 45 and 26, Defendant Libre by Nexus, Inc. ("Libre") hereby files this Motion to Quash or Modify the Subpoena, Motion to Limit Discovery, Motion for Protective Order, and Motion to Stay Discovery ("Motion") related to four non-party subpoenas served by Plaintiffs Juan Quintanilla Vasquez, Gabriela Perdomo Ortiz, and Victor Hugo Catalan Molina ("Plaintiffs').

Plaintiffs served four non-party subpoenas (hereinafter collectively referred to as "Subpoenas") to the following entities: A to Z Bail Bonds, Inc. (hereinafter referred to as the "A to Z Subpoena"); Statewide Bonding, Inc. (hereinafter referred to "Statewide Subpoena"); Financial Casualty & Surety, Inc. (hereinafter referred to "FCS Subpoena"); and RLI Insurance Company (hereinafter referred to "RLI Subpoena"). (*See* Declaration of Michael J. Hassen In Support of Motion to Quash, etc. ("Hassen Dec."), Exs. A, B, C, and D.) Originally, the Subpoenas requested that the non-parties both produce documents and testify at a deposition. (*Id.*) The date and time set for the deposition was the exact same location, date and time for all four non-parties. The four Subpoenas have the same document requests. By agreement of the Parties, responses to the Subpoenas were stayed until most recently when Plaintiffs' counsel requested the non-parties produce documents no later than April 26, 2019. At the time of the filing of this Motion, Plaintiffs have not yet reset the deposition dates.

## II. ARGUMENT

### A. Legal Standard.

Rules 26 and 45 of the Federal Rules of Civil Procedure govern discovery of nonparties by subpoena. *See Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994) (applying Rules 26 and 45 to motion to quash subpoena). Rule 26 permits the court to issue an order to protect a person from annoyance, embarrassment, oppression or undue burden or expense, and "requiring that a trade secret or other confidential … information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). Rule 45 provides that "[o]n timely motion, the issuing court must quash or modify a subpoena that: ... (iii) requires disclosure of

privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A).

"A party cannot object to a subpoena duces tecum served on a nonparty, but rather, must seek a protective order or make a motion to quash." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005). Rule 45 of the Federal Rules of Civil Procedure governs discovery of nonparties by subpoena. A nonparty witness is subject to the same scope of discovery under Rule 45 as is a party under Rule 34. *See* Fed. R. Civ. P. 45. Rule 45(c)(3)(A) sets forth the bases on which a Court shall quash or modify a subpoena. Rule 45(a)(3)(B) provides as follows: "a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires: **(i)** disclosing a trade secret or other confidential research, development, or commercial information…"

Furthermore, Rule 26(b)(2)(C) provides as follows:

**(C)** *When Required.* On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
**(i)** the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
**(ii)** the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
**(iii)** the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Rule 26(c) provides that either a party or non-party may move for a protective order, and that a court may grant such protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; (E) designating the persons who may be present while the discovery is conducted; (F) requiring that a deposition be sealed and opened only on court order; (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way;

1 and (H) requiring that the parties simultaneously file specified documents or information in sealed
2 envelopes, to be opened as the court directs."

### B. The Subpoenas Should Be Quashed as Overbroad and Seeking Irrelevant Information.

"[I]n the event the subpoena 'requires disclosure of a trade secret or other confidential research, development, or commercial information, ... the court may ... quash ... the subpoena....'" *Moon*, 232 F.R.D. at 637. (citing Fed.R.Civ.P. 45(c)(3)(B)). Although irrelevance is not among the litany of enumerated reasons for quashing a subpoena found in Rule 45, courts have incorporated relevance as a factor when determining motions to quash a subpoena. *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter,* 211 F.R.D. 658, 662 (D.Kan.2003). "Specifically, under Rule 45(c)(3)(A), '[a]n evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party[,]' and, in particular, requires the court to consider: 'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" *Moon,* 232 F.R.D. at 637 (citations omitted).

Here, some of the information sought by the Subpoenas pertains to Defendant Libre, and the more appropriate, inexpensive, and less obtrusive fashion to obtain this information is from Libre itself. Otherwise, seeking such discovery from non-parties in a business relationship with Libre, frustrates the business relationship with Libre and could potentially damage its business relationships. *See Haworth, Inc. v. Herman Miller, Inc.,* 998 F.2d 975, 978 (Fed. Cir. 1993) (affirming order requiring party to first attempt to obtain documents from opposing party rather than nonparty); *Moon*, 232 F.R.D. at 636 ("Since plaintiffs have not shown they have attempted to obtain these documents from defendant, the Court finds that, at this time, requiring nonparty KSA to produce these documents is an undue burden on nonparty KSA.").[1]

---

[1] All discovery in this matter was stayed due to the Parties mediation efforts until the stay expired on April 1, 2019.

Furthermore, the Subpoenas are overbroad and seek "commercial information," and therefore the Subpoenas should be quashed or modified as to Request number 11. Request number 11 seeks information beyond business dealings with Libre by Nexus, Inc. *Moon v. SCP Pool Corporation,* et. al., 232 F.R.D. 633, 636 (C.D. Cal. 2005) ("these requests clearly seek since they seek documents related to nonparty KSA's business relationship with other nonparties, such as Cantar, rather than nonparty KSA's relationship with defendant… defendants' request to quash the Rule 45 subpoena served by plaintiffs on nonparty Kwang Sung America, Inc.").

Finally, it is unclear at this time whether Plaintiffs have rescheduled the depositions pursuant the Subpoenas, the Subpoenas are both defective and impractical in that each one requests that a deposition is scheduled on the same day, at the same time, in the same location for each non-party. This would make it impossible for Defendant's counsel to attend all of the depositions proposed by Plaintiffs.

### C. The Court Should Grant a Protective Order Limiting the Scope of Discovery and in the Alternative, the Court Should Designate the Information as Confidential Pursuant to the Stipulated Protective Order.

Libre requests that Plaintiffs be precluded from making specific discovery requests of non-parties, and that all information identifying Libre program participants be redacted. Plaintiffs have been provided with Libre's unredacted records regarding the named Plaintiffs' interactions with Libre. While the named plaintiffs have chosen to share their information with the multiple law firms who now represent them, Libre believes that in this highly political environment many of its program participants would not wish to have their personally identifiable information housed in multiple data bases all over the country. As the number of collection sites for this information increases, so too does the risk for data breach or accidental disclosure.

Moreover, it is not sufficient that counsel simply provide Libre notice of any subpoena or request for records. Every time a request is made to plaintiffs for information, Libre (because its program participants do not have the financial means to hire separate counsel) would be forced to incur the cost of a legal battle to protect the privacy rights of their program participants.

Under the Federal Rules of Civil Procedure, Rule 26(c), a protective order should be granted when the moving party establishes "good cause" for the order and justice requires that a protective order issue "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense....". *See* F.R.C.P. 26. The moving party must demonstrate a particular and specific need for the protective order. *Gray v. First Winthrop Corp.,* 133 F.R.D. 39, 40 (N.D.Ca.1990).

First, some of the requests, specifically requests 1, 2, 7, and 8, made in the Subpoenas are so broad that they may seek confidential and proprietary information from Libre, including financial information about relationships with its vendor partners. For example, Request number 1 seeks "[a]ll documents constituting, evidencing, or relating to Libre by Nexus, Inc.'s relationship with You…" Likewise, Request number 2, seeks "[a]ll documents constituting, evidencing, or relating to communications between Libre by Nexus, Inc. and You concerning the business practices of Libre by Nexus, Inc." Such broad requests as these could encompass a myriad of confidential and proprietary information about Libre's business relationships with its Vendor partner, which could give a competitor the ability to compete with Libre.

Second, arguably some of these requests seek personally identifying information about the Libre program participants. Libre is in the business of providing services to vulnerable immigrants. Many of the records sought by the subpoenas issued by Plaintiffs' counsel may contain personally identifying information about the immigrants. For example, Request number 3 in the A to Z Subpoena requests information about the "statements made by Libre by Nexus, Inc. … concerning the acquisition of new clients," and Request number 8 in the same seeks "communications between You and your customers concerning Libre by Nexus' business." (*See*. Ex. A). If that information were to become public, Libre's clients could be subject to various actions by the Department of Homeland Security or Immigrations and Customs Enforcement, including but not limited to deportation. As the stakes are so high for these program participants, it seems appropriate that this Court should require that before their information is released to Plaintiffs, which could be subpoenaed by any other third party, including Immigrations and

1 Customs Enforcement, that Libre consumers provide consent or that personally identifiable
2 information be redacted.
3      The Court ordered a Stipulated Protective Order for Standard Litigation be entered this
4 matter ("Protective Order"). (Doc. 30). The Protective Order "does not confer blanket protections
5 on all disclosures or responses to discovery" (Doc. 30, ¶ 1). The Protective Order protects
6 "Protected Material" which is defined as "any Disclosure or Discovery Material that is designated
7 as 'CONFIDENTIAL.'" (Doc. 30, ¶ 2.13, 3).  Libre requests that all information produced in
8 response to the Subpoenas is designated as CONFIDENTIAL. If such information is designated as
9 "CONFIDENTIAL" it shall be be governed by Paragraph 9 of the Protective Order.
10      Libre is willing to continue to meet and confer with Plaintiffs regarding redactions and
11 other methods of balancing Plaintiffs' needs proportionately to the privacy concerns of Libre
12 program participants.

13     **D.**     **The Court Should Require a *Belaire* Notice as a Prerequisite to the Disclosure**
14           **of Confidential Information Concerning Libre Program Participants,**
15           **Including GPS Data.**

16      Additionally, Libre requests that a notice is sent to all program participants or customers of
17 Libre requiring their consent before their confidential information is disclosed.  The Court has not
18 yet ruled on whether to certify this lawsuit as a class action, and the risk to Libre's program
19 participants – arrest and deportation – is sufficiently great as to warrant the mailing of a *Belaire*
20 notice. *Belaire-West Landscape, Inc. v. Superior Court*, 149 Cal.App.4th 554, 557 (2007).
21      The only conceivable "need" for Plaintiffs to contact program participants directly would
22 be "to assist in the investigation," *Belaire-West*, at 557. California permits putative class members
23 to "opt out" of being contacted by plaintiff's counsel even when they are not at risk of arrest and
24 deportation. Indeed, the California Supreme Court defined the relevant inquiry as "***Did these***
25 ***customers have a reasonable expectation that the information would be kept private unless they***
26 ***affirmatively consented?***" *Pioneer Electronics (USA), Inc. v. Superior Court*, 40 Cal.4th 360, 372
27 (2007). With respect to consumers who had purchased retail products, the Supreme Court
28 answered, "We think not." *Id.*

*Reallaw*

Here, in stark contrast, in light of the aggressive approach the federal government has taken toward immigrants and even toward those who appear to be pro-immigrant (such as the federal indictment yesterday of a Massachusetts judge and a court security officer who have been charged with helping an immigrant escape the custody of immigration officials, *see* https://www.law360.com/legalethics/articles/1153572), the answer is plainly the opposite. Libre's program participants not only held "a ***reasonable expectation*** that the information would be kept private unless they affirmatively consented" to its release, they were counting on it. Libre's program participants trust that Libre will not disclose any information about them to any third party…period.[2]

Given this reasonable expectation, and the severe consequences that may result, the Court should require a *Belaire* notice be served before any confidential information regarding Libre's program participants is disclosed.

### E.  The Court Should Enter a Motion to Stay.

Libre requests that until this Motion is resolved by the Court, that compliance with the Subpoenas be stayed pending this Court's ruling on the motion. *See Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 (9th Cir. 1983).

---

[2] California is particularly concerned about this issue, as reflected in its passage of the California Consumer Privacy Act of 2018. In enacting the Privacy Act, the Legislature expressly noted:

> (d) As the role of technology and data in the everyday lives of consumers increases, there is an increase in the amount of personal information shared by consumers with businesses. ***California law has not kept pace with these developments and the personal privacy implications surrounding the collection, use, and protection of personal information.***
>
> (e) Many businesses collect personal information from California consumers. ***They may know where a consumer lives*** and ***how many children a consumer has***, how fast a consumer drives, a consumer's personality, sleep habits, biometric and ***health information***, financial information, ***precise geolocation information***, and social networks, to name a few categories.
>
> (f) ***The unauthorized disclosure of personal information and the loss of privacy can have devastating effects for individuals***, ranging from financial fraud, identity theft, and unnecessary costs to personal time and finances, to destruction of property, harassment, reputational damage, emotional stress, and even potential physical harm. (Italics added.)

The potential "devastating effects" for immigrants is substantially greater.

*Reallaw*

Rule 45 does not specifically identify the effect of filing a motion to quash on the duty to produce and permit inspection. Therefore, whether the filing of a motion to quash automatically suspends the duty to comply is determined by local rule or practice, or via party agreement. If a stay is not in place, then the relief sought herein may be rendered moot.

### III.  CONCLUSION

For each of the forgoing reasons, Defendant respectfully requests that the Court quash Plaintiffs' subpoenas, enter a protective order, and enter an order staying all discovery associated with these third-party subpoenas subpoenas until an order is entered in this matter.

DATED:  April 26, 2019        REALLAW, APC

By:  /s/ Michael J. Hassen
        MICHAEL J. HASSEN
        Attorneys for Defendant Libre By Nexus, Inc.

**RULE 26(C) CERTIFICATION**

On April 25, 2019, Defendant's counsel conferred with Plaintiffs' counsel in good faith regarding the issues raised in this motion in an effort to resolve the dispute without court action. The Parties were not able to reach an agreement.

DATED:  April 26, 2019                REALLAW, APC

By: ___/s/ Michael J. Hassen___
MICHAEL J. HASSEN
Attorneys for Defendant Libre By Nexus, Inc.