ANNICK M. PERSINGER, SBN 272996
MAREN I. CHRISTENSEN, SBN 320013
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, CA 94612
Telephone (510) 254-6808
Facsimile (202) 973-0950
apersinger@tzlegal.com
mchristensen@tzlegal.com

*Attorney for Plaintiffs*
*Additional Attorneys on Signature Page*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN QUINTANILLA VASQUEZ, GABRIELA PERDOMO ORTIZ, and VICTOR HUGO CATALAN MOLIN, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> LIBRE BY NEXUS, INC. and JOHN DOES 1-50, <br><br> Defendants. | Case No. 4:17-cv-755-CW <br><br> **PLAINTIFFS' NOTICE OF UNOPPOSED MOTION FOR LEAVE TO FILE A FOURTH AMENDED CLASS ACTION COMPLAINT** <br><br> Date: July 7, 2020 <br> Time: 2:30pm <br> Courtroom: TBD <br><br> Hon. Claudia Wilken |

PLAINTIFFS' MOTION FOR LEAVE TO FILE A
FOURTH AMENDED CLASS ACTION COMPLAINT
Case No. 17-cv-00755-CW
-1-

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 7, 2020 at 2:30pm in Courtroom 6 of the United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland, CA 94612, Plaintiffs Juan Quintanilla Vasquez, Gabriela Perdomo Ortiz, and Victor Hugo Catalan Molin ("Plaintiffs") will move, and hereby do move, for an Order granting leave to file a Fourth Amended Class Action Complaint against Defendant Libre by Nexus, Inc.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Annick M. Persinger submitted concurrently herewith, all pleadings and papers on file in this action, and such other matters as the Court may consider. A proposed order is also submitted with this Motion.

Dated: June 2, 2020                         Respectfully Submitted,

/s/ *Annick M. Persinger*
ANINICK M. PERSINGER, SBN 272996
MAREN I. CHRISTENSEN, SBN 320013
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, CA 94612
Telephone (510) 254-6808
Facsimile (202) 973-0950
apersinger@tzlegal.com
mchristensen@tzlegal.com

JESSE NEWMARK, SBN 247488
AIDIN CASTILLO, SBN 280262
**CENTRO LEGAL DE LA RAZA**
3022 International Blvd., Suite 410
Oakland, CA 94601
Telephone (510) 437-1554
jessenewmark@centrolegal.org
acastillo@centrolegal.org

NICHOLAS A. MIGLIACCIO, *pro hac vice*
JASON S. RATHOD, *pro hac vice*
**MIGLICACCIO & RATHOD LLP**
412 H St NE, Suite 302
Washington DC 20002
Telephone (202) 470-3520
nmigliaccio@classlawdc.com
jrathod@classlawdc.com

*Attorneys for Plaintiffs*

ANNICK M. PERSINGER, SBN 272996
MAREN I. CHRISTENSEN, SBN 320013
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, CA 94612
Telephone (510) 254-6808
Facsimile (202) 973-0950
*apersinger@tzlegal.com*
*mchristensen@tzlegal.com*

*Attorney for Plaintiffs*
*Additional Attorneys on Signature Page*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUAN QUINTANILLA VASQUEZ, GABRIELA PERDOMO ORTIZ, and VICTOR HUGO CATALAN MOLIN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LIBRE BY NEXUS, INC. and JOHN DOES 1-50,<br><br>Defendants. | Case No. 4:17-cv-755-CW<br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR LEAVE TO FILE A FOURTH AMENDED CLASS ACTION COMPLAINT**<br><br>Date: July 7, 2020<br>Time: 2:30pm<br>Courtroom: TBD<br><br>Hon. Claudia Wilken |

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................................ 3

II. PLAINTIFFS' PROPOSED AMENDMENTS ........................................................................... 3

III. LEGAL STANDARD .................................................................................................................. 4

IV. EACH FACTOR SUPPORTS ALLOWING AN AMENDMENT ............................................. 5

V. CONCLUSION ............................................................................................................................ 7

## I. INTRODUCTION

Plaintiffs seek to amend the Class Action Complaint in this Action to include Plaintiff Kevin Calderon and redefine the Class and Subclasses to include "sponsors"— the individuals who agreed to indemnify Defendant Libre by Nexus ("LBN") for any liability or losses arising from the program participant's bond. None of the factors that courts evaluate in determining whether to grant leave to amend overcome Rule 15's presumption that leave to amend should be granted. Defendant will not be prejudiced. To the contrary, Defendant does not oppose the motion. Additionally, there is no bad faith and the amendment would not be futile. Further, this action will not be disrupted by amendment because Defendant makes the same representations to sponsors as they do to program participants. Finally, allowing amendment will benefit both program participants as well as sponsors, because the proposed amendment is a material term of the Parties' settlement. In other words, allowing amendment and approving the settlement will give both program participants and their sponsors the opportunity to receive monetary and other significant relief under the Settlement Agreement. Accordingly, for these reasons and the reasons below, Plaintiffs respectfully request that the Court grant Plaintiffs leave to file a Fourth Amended Class Action Complaint.

## II. PLAINTIFFS' PROPOSED AMENDMENTS

Plaintiffs bring the instant motion seeking leave to file a Fourth Amended Class Action Complaint that brings claims for violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq., the California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, et seq., the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq., on behalf of:

> All current or former LBN "program participants" and "sponsors" who paid, or caused to be paid on their behalf, a fee to LBN.

The Current Program Participant Subclass consists of:

> All current LBN "program participants" and "sponsors" who paid, or caused to paid on their behalf, a fee to LBN.

The proposed Former and Current Program Participant Payment Subclass consists of:

> All former LBN "program participants" who paid, or caused to be paid on their behalf, a Program Payment to LBN and all current LBN program participants who have been issued a Form I-391.

The proposed Sponsor Payments Subclass consists of:

All sponsors of members of the Former and Current Program Participants Payments Subclass who paid a fee to LBN, including any initial payment or set up fee.

*See* Declaration of Jason Rathod in Support of Preliminary Approval, Ex. 1, Settlement Agreement, § VII.D (discussing filing of Amended Class Action Complaint that brings claims on behalf of the Sponsor Subclass); *id.* §I.z (defining Class and Subclasses to include sponsors).

In the proposed Fourth Amended Class Action Complaint, Plaintiffs allege that, like the claims of program participants already alleged in this action, sponsors were also misled by LBN's business practices. *Compare* Declaration of Annick M. Persinger in Support of Plaintiffs' Motion for Leave to Amend, Ex. A, Proposed Fourth Amended Complaint ¶¶ 88-105 *with* Third Amended Class Action Complaint, Doc. 102 ¶¶ 70-122; *see also* Persinger Decl., Ex. B, Redlined Class Action Complaint.

The alleged misrepresentations marketed to program participants are also marketed to sponsors. *See* Declaration of Annick M. Persinger in Support of Motion for Leave to Amend, Ex. A, Proposed Fourth Amended Complaint ¶¶ 88-105. Indeed, as detailed in Plaintiffs' Motion for Preliminary Approval, a Settlement Class of program participants and their sponsors is certifiable for settlement purposes. *See* Plaintiffs' Motion for Preliminary Approval.

Defendant LBN has agreed that for purposes of the settlement, and with Court approval, Plaintiffs should file a Fourth Amended Class Action Complaint that includes the sponsor subclass and a proposed class representative. *See* Declaration of Jason Rathod in Support of Preliminary Approval, Ex. 1, Settlement Agreement, § VII.D (discussing filing of Fourth Amended Class Action Complaint); *id.* § I.z4-7 (defining Class and Subclasses to include sponsors). In addition to Defendant's agreement, as detailed below, Plaintiffs should be granted leave to file the Proposed Fourth amended Complaint because all other factors considered weigh in favor of allowing an amendment.

### III.   LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course and thereafter only by written consent of the opposing party or by leave of the Court. The Court should freely give leave to amend when justice so requires.  Fed. R. Civ. P. 15(a)(2).

The Ninth Circuit has construed Rule 15(a) broadly, requiring that leave to amend be granted "with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). In determining whether to grant leave to amend, the Court considers the following factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party, (4) futility of the amendment; and (5) whether the plaintiff has previously amended her complaint. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 273 F.R.D. 562, 565-66 (N.D. Cal. 2011); *Phoenix Solutions, Inc. v. Sony Electronics, Inc.*, 637 F. Supp. 2d 683, 689 (N.D. Cal. 2009). Not all factors merit equal consideration, and prejudice to the opposing party carries the greatest weight. *See id.* Here, all five factors weigh in favor of permitting the amendment.

### IV.     EACH FACTOR SUPPORTS ALLOWING AN AMENDMENT

***First***, Plaintiffs do not seek to seek to amend their complaint in bad faith. "In the context of a motion for leave to amend, 'bad faith' means acting with intent to deceive, harass, mislead, delay, or disrupt." *Wizards of the Coast LLC v. Cryptozoic Entertainment LLC*, 309 F.R.D. 645, 651 (W.D. Wash. 2015). "As it has been defined in other contexts, 'bad faith' means more than acting with bad judgment or negligence, but 'rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity…. [I]t contemplates a state of mind affirmatively operating with furtive design or ill will.'" *Id.* (quoting *United States v. Manchester Farming P'ship*, 315 F.3d 1176, 1185 (9th Cir.2003)).

Plaintiffs do not seek amendment to delay or disrupt the action. Instead, they seek amendment to resolve this action and confer the same settlement benefit conferred to sponsors of the participants in LBN's bond programs. *See e.g., Dep't of Fair Employment and Housing v. Law School Admission Council, Inc.*, 2013 WL 485830, at *8 (N.D. Cal. Feb. 6, 2013) (finding no indication of bad faith where plaintiff sought amendment for the purpose of expanding the group or class to protect present and future victims of discrimination). In other words, the addition of sponsors will benefit those individuals by providing them monetary relief. This factor favors amendment because "[t]here is no evidence of 'conscious doing of a wrong …, dishonest purpose or moral obliquity …, [or] furtive design or ill will'" on Plaintiffs' part. *Wizards of the Coast LLC*, 309 F.R.D. at 651 (quoting *Manchester Farming P'ship*, 315 F.3d at 1185).

***Second***, here, the "undue delay" factor does not weigh against allowing an amendment because "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *See U.S. v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981); *see also e.g.*, *Dep't of Fair Employment and Housing*, 2013 WL 485830, at *3 ("Notably, undue delay by itself is insufficient to denying a motion to amend." (citations omitted)). "Undue delay" is delay that prejudices the nonmoving party or imposes unwarranted burdens on the court. *Davis v. Powell*, 901 F. Supp. 2d 1196, 1212 (S.D. Cal. 2012).

Although Defendants are the nonmoving party, they do not oppose this motion. Thus, as discussed below with respect to the third factor, Defendants will not be prejudiced. Nor will the Court suffer unwarranted burdens. The Court will not be burdened with new issues because the exact same allegations currently in this action apply to the sponsors. Further, allowing amendment will aid in the resolution of this action because it is a condition of the parties' class action settlement which, with Court approval, will provide relief to program participants and sponsors and result in a final judgment. Finally, since there is no bad faith or prejudice, any delay should not prevent amendment. *See U.S. v. Webb*, 655 F.2d at 980 (explaining that the Ninth Circuit has held that a "district court had abused its discretion in denying leave to amend even five years after the original pleadings, where neither bad faith nor prejudice was apparent"); *Bowles v. Read*, 198 F.3d 752, 758 (9th Cir. 1999) (noting that the Ninth Circuit has "reversed the denial of leave to amend where the district court did not provide a contemporaneous and specific finding of prejudice to the opposing party, bad faith by the moving party, or futility of the amendment").

***Third***, Defendant will not be prejudiced. Plaintiffs do not seek an amendment to gain a litigation advantage. Rather, Defendant agreed to an amendment in furtherance of the parties' class action settlement in this action. *See* Declaration of Jason Rathod in Support of Preliminary Approval, Ex. 1, Settlement Agreement, § VII.D (discussing filing of Fourth Amended Class Action Complaint); *id.* § I.z (defining Class and Subclasses to include sponsors). Not only will Defendants not be prejudiced, they will also gain the advantage of the global peace contemplated by the parties' settlement. As a result, this factor strongly favors amendment.

***Fourth***, an amendment would be far from futile. Since Defendants do not oppose amendment, the amendment would not be subject to dismissal.

***Fifth***, a court may consider whether the moving party has a history of repeated failure to cure deficiencies in its pleadings. No such history exists here. First, Plaintiffs filed their First Amended Complaint as a matter of course, adding Plaintiff Molina and a damages remedy for Plaintiffs' CLRA claim. *See* First Amended Complaint, Doc. 14. The Second Amended Complaint dropped claims and added the Insurance Code as a predicate violation for Plaintiffs' claim under the UCL unlawful prong. *See* Second Amended Complaint, Doc. 28. The Third Amended Complaint added further reference to the California Department of Insurance's Regulations. *See* Docs. 90, 102. As such, like all of the other factors, this factor weighs in favor of allowing amendment. *See Harris v. Best Buy Stores, L.P.,* No. 15-cv-00657-HSG, 2015 WL 8527332, at *4 (N.D. Cal. Dec. 11, 2015) (finding this factor weighs in favor of amendment because "[t]his is not a case where Plaintiff failed to remedy a defective complaint in response to a motion to dismiss," and granting motion to file a second amended complaint).

## V.     CONCLUSION

Since amendment will not prejudice Defendant and none of the other relevant factors weigh against leave to amend, nothing overcomes the presumption under Rule 15 in favor of granting leave to amend. *See Eminence Capital*, 316 F.3d at 1052. Therefore, Plaintiffs respectfully request that this Court grant leave to amend.

Dated: June 2, 2020                                             Respectfully Submitted,

*/s/ Annick M. Persinger*
ANINICK M. PERSINGER, SBN 272996
MAREN I. CHRISTENSEN, SBN 320013
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, CA 94612
Telephone (510) 254-6808
Facsimile (202) 973-0950
apersinger@tzlegal.com
mchristensen@tzlegal.com

JESSE NEWMARK, SBN 247488
AIDIN CASTILLO, SBN 280262
**CENTRO LEGAL DE LA RAZA**
3022 International Blvd., Suite 410
Oakland, CA 94601
Telephone (510) 437-1554
jessenewmark@centrolegal.org
acastillo@centrolegal.org

NICHOLAS A. MIGLIACCIO, *pro hac vice*
JASON S. RATHOD, *pro hac vice*
**MIGLICACCIO & RATHOD LLP**
412 H St NE, Suite 302
Washington DC 20002
Telephone (202) 470-3520
nmigliaccio@classlawdc.com
jrathod@classlawdc.com

*Attorneys for Plaintiffs*