UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN QUINTANILLA VASQUEZ, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> LIBRE BY NEXUS, INC., <br><br> Defendant. | CASE NO. 4:17-cv-00755-CW <br><br> [~~PROPOSED~~] PRELIMINARY APPROVAL AND PROVISIONAL CLASS CERTIFICATION ORDER; ORDER GRANTING MOTION TO FILE FOURTH AMENDED COMPLAINT <br><br> Re: Dkt. Nos. 134, 135 |

On July 21, 2020, the Court heard the motion by Plaintiffs Juan Quintanilla Vasquez, Gabriela Perdomo Ortiz, Victor Hugo Catalan Molina, and Kevin Calderon for preliminary approval of a class action settlement agreement and preliminary certification under Rule 23 of a settlement class and subclasses for settlement purposes only.  Defendant Libre by Nexus, Inc. (LBN) did not oppose the motion.  Having reviewed the motion, including the amended Settlement Agreement and Release (Agreement or Settlement), see Docket No. 143, and based on the findings below, and good cause appearing, the Court GRANTS the motion.

//

1

The Court finds as follows:

A.  Unless otherwise specified, defined terms in this Preliminary Approval and Provisional Class Certification Order have the same definition as the terms in the Agreement.

B.  The Agreement resulted from extensive arm's-length negotiations between the parties, with participation of an experienced mediator.

C.  For settlement purposes only, the Settlement Class and Subclasses are so numerous that joinder of all members of the Settlement Class and Subclasses (Settlement Class Members) is impracticable; Plaintiffs' claims are typical of those of the Settlement Class Members; there are questions of law and fact common to the members of the Settlement Class and Subclasses, which predominate over any questions affecting only individual members of such classes; and class certification is superior to other available methods for the fair and efficient adjudication of the controversy.

D.  The Court finds that (a) the detailed Class Notice, Text Message Notice, Postcard Notice, and Publication Notice, as revised, see Docket No. 143, constitute the best notice practicable under the circumstances; (b) they constitute valid, due, and sufficient notice to all Settlement Class Members; and (c) they comply fully with the requirements of Federal Rule of Civil Procedure 23, the California and United States Constitutions, and other applicable law.

E.  The Agreement falls within the range of possible approval because it is fair, reasonable, and adequate.

//

The Court hereby orders that:

1. **Settlement Approval.** The Agreement, including the Class Notice, Text Message Notice, Postcard Notice, and Publication Notice, as revised, see Docket No. 143, is preliminarily approved.

2. **Provisional Certification.** The following Settlement Classes are provisionally certified for settlement purposes only:

    a. "Settlement Class" includes all current or former LBN "program participants" and "sponsors" who paid, or caused to be paid on their behalf, a fee to LBN. Excluded from the Settlement Class are: (a) individuals for whom LBN or any surety or bond company has paid a treasury invoice or the bond or for whom a demand for payment for breach of a bond has been made by the U.S. Government which remains outstanding or open; (b) any judge or magistrate presiding over this action and members of their families; (c) Defendant and its current or former employees; and (d) all persons who properly execute and file a timely request for exclusion. The Settlement Class is comprised of three Subclasses:

        i. "The Current Program Participant Subclass" includes all current LBN "program participants" and "sponsors" who paid, or caused to be paid on their behalf, a fee to LBN.

        ii. "The Former and Current Program Participant Payments Subclass" includes all former LBN

3

"program participants" who paid, or caused to be paid on their behalf, a "Program Payment" to LBN and all current LBN "program participants" who, within six months of the "Final Settlement Approval Date" have been issued a Form I-391.

   iii. "The Sponsor Payments Subclass" includes all sponsors of members of the Former and Current Program Participants Payments Subclass who paid a fee to LBN, including any initial payment or set up fee.

3. Appointment of Class Representatives and Class Counsel. Plaintiffs Juan Quintanilla Vasquez, Gabriela Perdomo Ortiz, Victor Hugo Catalan Molina, and Kevin Calderon are conditionally appointed as the Settlement Class Representatives to implement the Parties' settlement of this action in accordance with the Agreement. Tycko & Zavareei LLP, Migliaccio & Rathod LLP, and Centro Legal De La Raza are conditionally appointed as Class Counsel for settlement purposes. Plaintiffs and Class Counsel must fairly and adequately protect the Settlement Class Members' interests.

4. Appointment of Settlement Administrator. JND Legal Administration is hereby appointed as the Settlement Administrator for the Settlement.

5. Provision of Class Notice. The Settlement Administrator shall notify Settlement Class Members of the Settlement in the manner specified in the Agreement.

6. Objection to Settlement. Class Members who have not submitted a timely written exclusion request pursuant to the Agreement and who want to object to the Agreement, the Fee Application, or the Incentive Award Application may submit a written objection to the Settlement Administrator via first class mail or online through the Settlement Website. Written objections must: (i) be postmarked on or before the Response Deadline, which is October 25, 2020; (ii) include the objecting Settlement Class Member's name, address, and telephone number; (iii) be personally signed and dated by the objecting Settlement Class Member; and (iv) state each objection and the specific legal and factual bases for each. Although not required, objectors are encouraged to provide the Participant's Alien Registration Number ("A-number"), if available, and a copy of any document that they believe supports their objection. LBN shall have the right, but not the obligation, to verify whether any objector is a Settlement Class Member. However, even if the objector does not provide information requested by LBN, the objector can proceed with his or her objection so long as he or she is a Settlement Class Member.

7. Any Settlement Class Member who does not provide a timely written objection shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement, Fee Application, Fee and Expense Award, Incentive Award Application, or Incentive Award. The Class Representatives, Class Counsel, or LBN may file responses to any

1  timely written objection no later than seven (7) days prior to
2  the Final Approval Hearing.
3      8.  Requesting Exclusion.  Settlement Class Members shall
4  have the right to opt out of the Settlement Class and the
5  Settlement.  In the event that a Settlement Class Member wishes
6  to be excluded from the Settlement and not to be bound by the
7  Settlement Agreement and the Release, that person must, prior to
8  the Response Deadline, which is October 25, 2020, submit a notice
9  of intention to opt out of the Settlement in writing via first
10 class mail to the Settlement Administrator or online through the
11 Settlement Website.  The request for exclusion must: be
12 postmarked or submitted online before the Response Deadline,
13 which is October 25, 2020; include the Settlement Class Member's
14 name, address, and telephone number; be signed and dated by the
15 Settlement Class Member; and request that the Settlement Class
16 Member be excluded from the Settlement.  Any Settlement Class
17 Member who timely and properly requests exclusion in compliance
18 with these requirements will not be entitled to any benefit under
19 the Settlement and will not be bound by the Settlement Agreement,
20 the Release, or the Final Approval Order and Judgment.
21     9.  Termination.  If the Agreement terminates for any
22 reason, the following will occur: (a) Class certification for
23 settlement purposes only will be automatically vacated; (b)
24 Plaintiffs will cease to be Class Representatives for the
25 Settlement Class and Class Counsel will cease to be Class Counsel
26 for the Settlement Class; and (c) this Action will revert to its
27 previous status in all respects as it existed immediately before
28

1 the Parties executed the Agreement.  This Order will not waive or
2 otherwise impact the Parties' rights or arguments.
3     10. No Admissions.  Nothing in this Order is, or may be
4 construed as, an admission or concession on any point of fact or
5 law by or against any Party.
6     11. Stay of Dates and Deadlines.  All discovery and pretrial
7 proceedings and deadlines are stayed and suspended until further
8 notice from the Court, except for such actions as are necessary
9 to implement the Agreement and this Order.
10     12. Injunction Against Asserting Released Claims Pending
11 Settlement Approval.  Pending final determination of whether the
12 Settlement should be approved, Class Representatives, all
13 Settlement Class Members, and any person or entity allegedly
14 acting on behalf of Settlement Class Members, either directly,
15 representatively, or in any other capacity, are enjoined from
16 commencing or prosecuting against the LBN Releasees any action or
17 proceeding in any court or tribunal asserting any of the Released
18 LBN Claims; provided, however, that this injunction shall not
19 apply to individual claims of any Settlement Class Members who
20 timely exclude themselves in a manner that complies with this
21 Order.  This injunction is necessary to protect and effectuate
22 the Settlement, this Order, and the Court's flexibility and
23 authority to effectuate the Settlement and to enter judgment when
24 appropriate, and is ordered in aid of the Court's jurisdiction
25 and to protect its judgments pursuant to 28 U.S.C. § 1651(a).
26     13. Fees and Cost Application. Class Counsel shall file
27 their Fee, Expense, and Incentive Payment Application, together
28 with all supporting documentation, on or before September 1,

2020, which is sufficiently in advance of the expiration of the objection period so that Settlement Class Members will have sufficient information to decide whether to object and, if applicable, to make an informed objection.

14. **Discretion of Counsel.** Counsel are hereby authorized to take all reasonable steps in connection with approval and administration of the Settlement not inconsistent with this Order or the Agreement.

15. **Final Approval Hearing.** On December 9, 2020, at 2:30 p.m., the Court will hold a Final Approval Hearing to determine whether the Agreement should be finally approved as fair, reasonable, and adequate. The Court may order the Final Approval Hearing to be postponed, adjourned, or continued, or that it be held remotely. If that occurs, the Parties will not be required to provide additional notice to Settlement Class Members, but they shall update the Settlement Website with the latest information as to the date, time, and location of the Final Approval Hearing, and they shall include any instructions as to how to access the hearing remotely, if applicable.

16. Plaintiffs' unopposed motion to file the Fourth Amended Complaint, as revised, see Docket No. 143, is GRANTED.

IT IS SO ORDERED.

Dated: July 31, 2020

_____
CLAUDIA WILKEN
United States District Judge