JASON S. RATHOD, *pro hac vice*
NICHOLAS A. MIGLIACCIO, *pro hac vice*
**MIGLICACCIO & RATHOD LLP**
412 H St NE, Suite 302
Washington DC 20002
Telephone (202) 470-3520
nmigliaccio@classlawdc.com
jrathod@classlawdc.com

*Attorneys for Plaintiffs*
*Additional Attorneys on Signature Page*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN QUINTANILLA VASQUEZ, GABRIELA PERDOMO ORTIZ, VICTOR HUGO CATALAN MOLINA, and KEVIN CALDERON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LIBRE BY NEXUS, INC. and JOHN DOES 1-50,<br><br>Defendants. | CASE NO. 4:17-cv-00755-CW<br><br>**NOTICE OF MOTION AND MOTION FOR FEES, COSTS, AND SERVICE AWARDS; MEMORANDUM IN SUPPORT**<br><br>Judge: Hon. Claudia Wilken<br>Hearing Date: December 9, 2020<br>Time: 2:30 p.m.<br>Court Room: TBD |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on December 9, 2020 at 2:30 p.m. in the Courtroom of the Hon. Claudia Wilken of the United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland, CA 94612, Plaintiffs Juan Quintanilla Vasquez, Gabriela Perdomo Ortiz, Victor Hugo Catalan Molina, and Kevin Calderon ("Plaintiffs") will move, and do move, for an Order approving service awards to the Plaintiffs and Class Counsel's reasonable attorney's fees and costs.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declarations of Jason Rathod ("Rathod Decl."), Annick M. Persinger ("Persinger Decl."), Jesse Newmark ("Newmark Decl."), Juan Quintanilla Vasquez ("Vasquez Decl."), Gabriela Perdomo Ortiz ("Ortiz Decl."), Victor Hugo Catalan Molina ("Molina Decl."), and Kevin Calderon ("Calderon Decl.") submitted herewith, as well as Plaintiffs' Motion for Preliminary Approval and supporting papers, and all other documents or argument as the Court may consider.

Dated: September 1, 2020                                Respectfully submitted,

/s/ Jason S. Rathod
JASON S. RATHOD, *pro hac vice*
NICHOLAS A. MIGLIACCIO, *pro hac vice*
**MIGLICACCIO & RATHOD LLP**
412 H St NE, Suite 302
Washington DC 20002
Telephone (202) 470-3520
jrathod@classlawdc.com, nmigliaccio@classlawdc.com

ANNICK M. PERSINGER, SBN 272996
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, CA 94612
Telephone (510) 254-6808
apersinger@tzlegal.com

JESSE NEWMARK, SBN 247488
AIDIN CASTILLO, SBN 280262
**CENTRO LEGAL DE LA RAZA**
3022 International Blvd., Suite 410
Oakland, CA 94601
Telephone (510) 437-1863
jnewmark@centrolegal.org, acastillo@centrolegal.org

*Attorneys for Plaintiffs*

1

MOTION FOR FEES, COSTS, AND SERVICE AWARDS
CASE NO. 4:17-CV-00755-CW

# TABLE OF CONTENTS

**PAGE(S)**

I. INTRODUCTION ........................................................................................................... 1

II. THE UNCONTESTED FEE, COST, AND SERVICE AWARD REQUESTS ARE FAIR, REASONABLE, AND APPROPRIATE. ...................................................................... 4

   A. THE CLASS REPRESENTATIVES' SERVICE AWARDS SHOULD BE APPROVED ......... 4

   B. CLASS COUNSEL'S FEE AND COST REQUEST IS REASONABLE. .................................. 6

      1. Legal Standard ............................................................................................. 6

      2. Benefit to the Class ..................................................................................... 6

      3. Lodestar Approach ...................................................................................... 7

III. CONCLUSION ............................................................................................................. 12

# TABLE OF AUTHORITIES
**CASES**   **PAGE(S)**

*Bluetooth Headset Prods. Liability Litig.*,
   654 F.3d 935 (9th Cir. 2011) .................................................................................................. 6

*Carlotti v. Asus Comput. Int'l*,
   No. 18-cv-03369-DMR, 2020 U.S. Dist. LEXIS 108917 (N.D. Cal. June 22, 2020) .............. 10

*Coates v. Farmers Grp., Inc.*,
   No. 15-cv-01913, 2016 U.S. Dist. LEXIS 141982 (N.D. Cal. Sep. 30, 2016) ......................... 5

*Gutierrez v. Wells Fargo Bank, N.A.*,
   2015 WL 2438274 (N.D. Cal. May 21, 2015) ........................................................................ 10

*Guttman v. Ole Mexican Foods, Inc.*,
   No. 14-cv-04845-HSG, 2016 WL 9107426 (N.D. Cal. Aug. 1, 2016) .................................... 11

*Harris v. Marhoefer*,
   24 F.3d 16 (9th Cir. 1994) ........................................................................................................ 6

*Hartless v. Clorox Co.*,
   273 F.R.D. 630 (S.D. Cal. 2011) .............................................................................................. 6

*In re Animation Workers Antitrust Litig.*,
   2016 U.S. Dist. LEXIS 156720 (N.D. Cal. Nov. 11, 2016) ...................................................... 5

*In re Lidoderm Antitrust Litig.*,
   No. 14-md-02521-WHO, 2018 U.S. Dist. LEXIS 162425 (N.D. Cal. Sep. 20, 2018) ......... 2, 5

*In re Portal Software, Inc. Sec. Litig.*, No. C-03-5138 VRW,
   2007 WL 4171201 (N.D. Cal. 2007) ..................................................................................... 11

*In re Washington Pub. Power Supply Sys. Sec. Litig.*,
   19 F.3d 1291 (9th Cir. 1994) .................................................................................................. 10

*In re Yahoo Email Litig.*,
   2016 WL 4474612 (N.D. Cal. Aug. 25, 2016) ....................................................................... 11

*Johnson v. Gen. Mills, Inc.*,
   2013 WL 3213832 (C.D. Cal. June 17, 2013) .................................................................. 7

*Kelly v. Wengler*,
   822 F.3d 1085 (9th Cir. 2016) .......................................................................................... 7

*Kumar v. Salov North America Corp.*,
   No. 14-CV-2411-YGR, 2017 WL 2902898 (N.D. Cal. July 7, 2017) ............................. 10

*LeBlanc-Sternberg v. Fletcher*,
   143 F.3d 748 (2nd Cir. 1998) ......................................................................................... 10

*Lopez v. Youngblood*,
   No. CV-F-07-0474 DLB, 2011 WL 10483569 (E.D. Cal. Sept. 2, 2011) ........................ 6

*Nwabueze v. AT&T, Inc.*,
   No. C 09-01529 SI, 2014 WL 324262 (N.D. Cal. Jan. 29, 2014) ..................................... 6

*Patel v. Trans Union, LLC*,
   No. 14-cv-00522-LB, 2018 U.S. Dist. LEXIS 40282 (N.D. Cal. Mar. 11, 2018) ............. 5

*Prison Legal News*,
   608 F.3d 446 (9th Cir. 2012) .......................................................................................... 10

*Rivas v. BG Retail, LLC*,
   No. 16-cv-06458-BLF, 2020 U.S. Dist. LEXIS 8712 (N.D. Cal. Jan. 16, 2020) ............ 11

*Rosado v. Ebay Inc.*,
   No. 5:12-cv-04005-EJD, 2016 U.S. Dist. LEXIS 80760 (N.D. Cal. June 20, 2016) ........ 8

*Schiller v. David's Bridal, Inc.*,
   No. 1:10–cv–00616–AWI–SKO, 2012 WL 2117001 (E.D. Cal. June 11, 2012) ........... 11

*Six Mexican Workers v. Arizona Citrus Workers*,
   904 F.2d 1301 (9th Cir. 1990) .......................................................................................... 6

*Smith v. CRST Van Expedited, Inc.*,
   2013 WL 163293 (S.D. Cal. Jan. 14, 2013) ...................................................................... 5

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003) ............................................................................................ 6

*United Steelworkers of Am. v. Phelps Dodge Corp.*,
   896 F.2d 403 (9th Cir. 1990) .................................................................................................. 9

*Van Vranken v. Atlantic Richfield Co.*,
   901 F. Supp. 294 (N.D. Cal. 1995) ..................................................................................... 4, 7

*Vincent v. Hughes Air West*,
   557 F.2d 759 (9th Cir. 1977) .................................................................................................. 7

*Wren v. RGIS Inventory Specialists*,
   No. 06-cv-05778-JCS, 2011 WL 1230826 (N.D. Cal. Apr. 1, 2011) ........................................ 6

**OTHER AUTHORITY**

N.D. Cal. Procedural Guidance for Class Action Settlements ....................................................... 4, 6

## I. INTRODUCTION

Plaintiffs Juan Quintanilla Vasquez, Gabriela Perdomo Ortiz, Victor Hugo Catalan Molina, and Kevin Calderon ("Plaintiffs" or "Class Representatives"), by and through Class Counsel, respectfully submit this memorandum in support of Plaintiffs' Motion for Fees, Costs, and Service Awards ("Motion"). Plaintiffs bring this Motion because the time and effort spent by Plaintiffs and Class Counsel resulted in a $3.2 million nationwide settlement that confers substantial monetary benefits to the Class, including cash payments totaling $750,000 and debt relief of approximately $1.53 million, as well as critical non-monetary benefits.

Specifically, Plaintiffs seek a total of $800,000 for their Counsel for reasonable fees *and* reimbursable costs. That requested amount represents the Northern District's standard 25% benchmark of the common fund. Importantly here, the common fund is not the only relief achieved for the Class Members in this case. The settlement also requires extensive programmatic changes that will benefit Defendant Libre by Nexus' (LBN) program participants and sponsors going forward. The programmatic relief established by the settlement provides additional monetary benefits to the Class through capped total payment amounts, fee waivers, reduced fees for on-time payment, and reduced fees for consecutive payments. Class Counsel's requested fee award does not take any of these substantial benefits into account. Additionally, Class Counsel's requested fee amount is reasonable because it is well below Class Counsel's total lodestar of $1,838,964.81 in this case, resulting in a negative multiplier of 0.435.

Class Counsel's extensive work in this case, over a period of almost four years, led to the settlement that the Court preliminarily approved on July 31, 2020. From inception to now, Class Counsel has expended substantial time and resources by, among other things, investigating the factual and legal bases for this suit, meeting with Plaintiffs, researching novel legal theories to draft four class action complaints, briefing and arguing contested motions that implicated complex and novel areas of law, reviewing thousands of documents, interviewing class members and numerous third-party witnesses, preparing Plaintiffs and their sponsors for depositions, defending those depositions, taking a 30(b)(6) deposition, appearing at hearings, participating in six all-day mediations with a mediator and several other in-person and telephonic settlement discussions, preparing and revising damage audits and

1

impact assessments of complex injunctive relief provisions, and negotiating, drafting, and finalizing the Settlement Agreement and associated paperwork.

Counsel has undertaken the costs and time of this litigation on a pure contingency basis and therefore has paid out-of-pocket for expenses and has not received payment for their work to-date. Counsel took on these risks fully aware that LBN vigorously denied all charges and intended to fully and aggressively litigate this case, with appeals every step of the way. Recovery was therefore far from certain, and even if secured, certain to be delayed for many years.

Plaintiffs also seek reasonable service awards for the time they spent and the risks they took in bringing and participating in this litigation. Plaintiffs provided critical assistance to counsel at every step of the way, including by participating in numerous meetings with counsel to provide factual information for the original and amended complaints and to prepare for and attend their depositions. Vasquez Decl. ¶¶ 10-16; Ortiz Decl. ¶¶ 10-16; Molina Decl. ¶¶ 9-14; Calderon Decl. ¶¶ 10-16. Plaintiffs did so at great personal risk to themselves since they have been active LBN program participants and sponsors, with pending immigration removal cases. Vasquez Decl. ¶¶ 19-23; Ortiz Decl. ¶¶ 19-25; Molina Decl. ¶¶ 17-20; Calderon Decl. ¶¶ 19-23. Plaintiffs also made substantial personal sacrifices, since they often had to take time away from work or caretaking responsibilities to meet with counsel and litigate this case on behalf of the entire Class. Vasquez Decl. ¶¶ 27-28; Ortiz Decl. ¶ 26-27; Molina Decl. ¶¶ 24-27; Calderon Decl. ¶ 26. Plaintiffs seek service awards of $10,000 each, an amount consistent with reasonable and just service awards in this District. *See In re Lidoderm Antitrust Litig.*, No. 14-md-02521-WHO, 2018 U.S. Dist. LEXIS 162425, at *40-41 (N.D. Cal. Sep. 20, 2018) (approving $10,000 service awards when "[e]ach Class Representative actively participated in the litigation," and finding that such awards were "regularly approved in class actions in this district").

Plaintiffs submit that their requested fees, costs, and service awards are especially appropriate because Plaintiffs and their Counsel achieved outstanding relief as to the three primary allegations in their complaint. Vasquez Decl. ¶¶ 29-30; Ortiz Decl. ¶¶ 28-29; Molina Decl. ¶¶ 29-30; Calderon Decl. ¶¶ 28-29.

First, Plaintiffs alleged that LBN made numerous misrepresentations and failed to translate documents in marketing and executing contracts. With the settlement, LBN has agreed to: (1) translate

2

and post its documents on its website in written and audio formats; (2) use clear and concise contract terms in its revised contract (attached to the Agreement); (3) implement policies to ensure meaningful review of contracts by participants and their sponsors; (4) not threaten any contact with ICE or immigration detention; and (5) modify the criminal prosecution language of its contract.

Second, to address allegations of burdensome GPS monitoring, Plaintiffs prioritized and LBN has agreed to implement sweeping changes to its monitoring practices in place at the time this suit commenced, including: (1) the transition of all participants to ankle monitors that are substantially smaller and do not require anyone to tether themselves to an electrical outlet; (2) not requiring ankle monitors for participants with bonds under $7,500 (unless required by a bond or surety company); (3) a full transition away from ankle monitors by December 31, 2021, to less intrusive forms of monitoring (indeed, LBN has already completed this transition and now uses cellular telephone monitoring for all participants); (4) the prompt removal and end of all GPS monitoring upon termination of the participant's immigration proceedings; and (5) the prompt removal of GPS monitors for pregnancy or medical necessity.

Third, to address allegations of burdensome financial terms, Plaintiffs prioritized and LBN has agreed to certain significant changes, including: (1) a total payment cap (implemented following *preliminary* approval) to limit total monthly payments to the face amount of the immigration bond for all participants (previously there was no cap on monthly payments), even if they have previously missed or made late payments; (2) an on-time and in-full payment discount to limit the maximum monthly payment to $415 (less than the $420 amount charged by LBN at the time this lawsuit was filed, and substantially less than the $475 amount now charged to many participants); (3) a consecutive payment discount to further reduce the monthly payment amount, up to 20%; (4) annual fee waivers of at least $150,000; and (5) a representation that it presently does not intend to engage in debt collection activities for past due monthly recurring Program Payments through external providers as to any debts owed as of September 1, 2019.

In sum, and as explained below, in light of the significant work performed by Class Counsel and the substantial time, effort, and personal sacrifice of the named Plaintiffs, the fee, cost, and service

3

MOTION FOR FEES, COSTS, AND SERVICE AWARDS
CASE NO. 4:17-cv-00755-CW

awards sought in this Motion are reasonable. For all of the reasons set forth herein, Plaintiffs respectfully request that the Court grant these awards.

## II. THE UNCONTESTED FEE, COST, AND SERVICE AWARD REQUESTS ARE FAIR, REASONABLE, AND APPROPRIATE.

### A. THE CLASS REPRESENTATIVES' SERVICE AWARDS SHOULD BE APPROVED.

This Court should approve a $10,000 Service Award to each Plaintiff in just, fair, and reasonable recognition of their contributions on behalf of the Class. In deciding whether to approve such an award, a court should consider: "(1) the risk to the class representative in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulty encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation and; (5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation." *Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995); *see also* N.D. Cal. Procedural Guidance for Class Action Settlement ("N.D. Cal. Guidance") ¶ 7. Further, as a matter of public policy, representative service awards are necessary to encourage consumers and victims to formally challenge unfair business practices and civil rights violations.

Plaintiffs took on uniquely significant risks and difficulties in this case, because of their status as asylum seekers in immigration removal proceedings, bringing claims against the company that had secured their conditional release from immigration detention. Vasquez Decl. ¶¶ 2-7; Ortiz Decl. ¶¶ 2-5; Molina Decl. ¶¶ 2-5; Calderon Decl. ¶¶ 2-6. The risks of publicity and notoriety, and potential retaliation, were therefore of particular concern, especially given the current political environment. Vasquez Decl. ¶ 22; Ortiz Decl. ¶¶ 20; Molina Decl. ¶¶ 2-5; Calderon Decl. ¶¶ 2-6. As Plaintiffs detail in their declarations, they came forward to represent the Class despite reasonable fears of immigration-related retaliation, potentially leading to their re-detention or even deportation. Vasquez Decl. ¶ 23; Ortiz Decl. ¶¶ 2-5; Molina Decl. ¶¶ 2-5; Calderon Decl. ¶¶ 2-6. Plaintiffs also faced significant personal trauma in depositions and client meetings, when they had to describe in detail the conditions of their detention and release, and face questions about their personal lives, families, and immigration status. Vasquez Decl. ¶ 25; Ortiz Decl. ¶ 25; Molina Decl. ¶¶ 2-5; Calderon Decl. ¶¶ 2-6. Moreover, Plaintiffs bravely undertook these risks despite being refugees who have already suffered from extreme violence

4

1   and other trauma in their countries of origin. Vasquez Decl. ¶ 26; Ortiz Decl. ¶¶ 2-5; Molina Decl. ¶¶ 2-
2   5; Calderon Decl. ¶¶ 2-6.

3         Plaintiffs also devoted substantial time and effort to this litigation, staying actively involved for
4   the almost four years since this case was investigated and filed. Specifically, Plaintiffs extensively
5   prepared for and were deposed in highly sensitive and contentious all-day depositions, along with their
6   partner sponsors. Vasquez Decl. ¶¶ 14, 17; Ortiz Decl. ¶¶ 2-5; Molina Decl. ¶¶ 2-5; Calderon Decl. ¶¶ 2-
7   6. Plaintiffs also met in person with Counsel numerous other times, had dozens of phone conversations
8   with Class Counsel, and extensively searched and opened up their personal records (including cell
9   phones) for responsive documents. Vasquez Decl. ¶¶ 9-17; Ortiz Decl. ¶¶ 2-5; Molina Decl. ¶¶ 2-5;
10  Calderon Decl. ¶¶ 2-6.  Finally, Plaintiffs agreed to a general release of all known and unknown claims,
11  significantly broader than the release by the other Settlement Class Members. Vasquez Decl. ¶ 29; Ortiz
12  Decl. ¶¶ 2-5; Molina Decl. ¶¶ 2-5; Calderon Decl. ¶¶ 2-6.

13        These personal risks and sacrifices, substantial time invested into the matter, and critical
14  contributions to the outstanding results for the Class, along with their broader release of claims against
15  Defendant, all support approval of $10,000 service awards to each of the four Class Representatives.
16  Service awards of $10,000 are well within the range of reasonableness in this District. *See, e.g.*, *Coates v.*
17  *Farmers Grp., Inc.*, No. 15-cv-01913, 2016 U.S. Dist. LEXIS 141982, at *6 (N.D. Cal. Sep. 30, 2016)
18  ("The request for service awards to [named] Plaintiffs . . . in the amount of $10,000 each . . . is
19  reasonable given the risks these Plaintiffs assumed and the amount of time they spent in conjunction
20  with prosecuting this case."); *In re Animation Workers Antitrust Litig.*, 2016 U.S. Dist. LEXIS 156720, at
21  *29 (N.D. Cal. Nov. 11, 2016) ("The service awards of $10,000 are consistent with service awards in
22  other cases."); *In re Lidoderm Antitrust Litig.*, No. 14-md-02521-WHO, 2018 U.S. Dist. LEXIS 162425, at
23  *40-41 (N.D. Cal. Sep. 20, 2018) (approving $10,000 service awards when "[e]ach Class Representative
24  actively participated in the litigation," and finding that such awards were "regularly approved in class
25  actions in this district"); *Patel v. Trans Union, LLC,* No. 14-cv-00522-LB, 2018 U.S. Dist. LEXIS 40282,
26  at *18 (N.D. Cal. Mar. 11, 2018) (awarding $10,000 service award based on counsel's description of
27  representative's efforts "consulting with counsel, assisting in discovery, and otherwise participating in
28  the litigation"); *Smith v. CRST Van Expedited, Inc.*, 2013 WL 163293, *6 (S.D. Cal. Jan. 14, 2013) (finding

a service award of $15,000 well within the range of awards in similar cases). Consistent with these cases, and in recognition of the time, effort, and substantial personal risk taken on behalf of the Class, Plaintiffs request that the Court award the requested service awards.

### B.  CLASS COUNSEL'S FEE AND COST REQUEST IS REASONABLE.

#### 1.  Legal Standard

Plaintiffs request the payment of attorney's fees and costs in the total amount of $800,000, which is provided for in the Settlement Agreement separate and apart from the money made available to the Class for purposes of claims payment and notice and administration expenses. Under Ninth Circuit standards, it is appropriate for a district court to analyze an attorney's fee request and issue an award either based on (1) the "lodestar" method or (2) by making an award as a percentage of the total benefit made available to the settlement class, including costs, fees, and injunctive relief. *See, e.g., Bluetooth Headset Prods. Liability Litig.*, 654 F.3d 935, 941 (9th Cir. 2011); *Nwabueze v. AT&T, Inc.*, No. C 09-01529 SI, 2014 WL 324262, at *2-3 (N.D. Cal. Jan. 29, 2014); *Lopez v. Youngblood*, No. CV-F-07-0474 DLB, 2011 WL 10483569, at *11-12 (E.D. Cal. Sept. 2, 2011). Plaintiffs' fee request here is reasonable under either of these approaches.

Further, an attorney is entitled to "recover as part of the award of attorney's fees those out-of-pocket that would normally be charged to a fee paying client." *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (internal quotation marks omitted). To support an award of costs, plaintiff should file an itemized list of their expenses by category, listing the total amount advanced for each category, allowing the Court to assess whether the expenses are reasonable. *See Wren v. RGIS Inventory Specialists*, No. 06-cv-05778-JCS, 2011 WL 1230826, at *30 (N.D. Cal. Apr. 1, 2011); N.D. Cal. Guidance ¶ 6.

#### 2.  Benefit to the Class

The Court may utilize the percentage-of-recovery method to verify that an attorney's fee request is reasonable. *See, e.g., Nwabueze*, 2014 WL 324262, at *2-3. When determining the value of the settlement, courts consider both the monetary and non-monetary benefits conferred under the settlement terms. *See, e.g., Staton v. Boeing Co.*, 327 F.3d 938, 972-74 (9th Cir. 2003); *Hartless v. Clorox Co.*, 273 F.R.D. 630, 645 (S.D. Cal. 2011), aff'd, 473 F. App'x. 716 (9th Cir. 2012); *Browning*, 2007 WL 4105971, at *14. In the Ninth Circuit, the benchmark for an attorney fee is 25% of the total settlement

value, including the monetary and non-monetary recovery. *See Six Mexican Workers v. Arizona Citrus Workers*, 904 F.2d 1301, 1311 (9th Cir. 1990); *see also Glass*, 2007 WL 221862, at *14 ("The Ninth Circuit has repeatedly held that 25% of the gross settlement amount is the benchmark for attorneys' fees awarded under the percentage method . . . ."). However, many cases have found that between 30% and 50% of the common fund is an appropriate range when the settlement fund is less than ten million. *See Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 297-98 (N.D. Cal. 1995) (collecting cases); *see also Johnson v. Gen. Mills, Inc.*, 2013 WL 3213832, at *6 (C.D. Cal. June 17, 2013) (fee award of 30% of the settlement fund).

Here, Plaintiffs' requested award of $800,000 represents 25% of the $3.2 million common fund, and thus is in line with the Ninth Circuit benchmark. In fact, the requested award is slightly less than the 25% benchmark because Plaintiffs do not seek a separate award of costs.[1]  Notably, the common fund is not the only value to Class Members from the settlement. Class Counsel's request does not rely on the substantial value of the extensive injunctive relief required by the settlement, which is likely to provide many millions of dollars in further relief to Class Members,[2] and other relief—such as the removal of ankle monitors—which many in the Class may consider to be priceless. It is entirely appropriate to award the requested fees where, as here, Class Counsel is seeking fees below the 25% benchmark.

### 3. Lodestar Approach

Under the lodestar approach, a "court calculates the lodestar figure by multiplying the number of hours reasonably expended on a case by a reasonable hourly rate." *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016). "A reasonable hourly rate is ordinarily the 'prevailing market rate [] in the relevant community.'" *Id.* (quoting *Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542, 551 (2010)). Here, according to

---

[1] Plaintiff's counsel is typically entitled to reimbursement of all reasonable out-of-pocket expenses and costs in prosecution of the claims and in obtaining a settlement. *See Vincent v. Hughes Air West*, 557 F.2d 759, 769 (9th Cir. 1977). As required by the Northern District's Procedural Guidance for Class Action Settlements, the expenses incurred are itemized in Class Counsel's declarations. Rathod Decl. ¶ 5; Persinger Decl. ¶ 30. Here, since the requested sum of $800,000 is inclusive of both attorney's fees *and* costs, should the Court choose to calculate the two totals separately, it should subtract the $63,426.87 in costs from that number and award $736,573.13 in attorney's fees.

[2] For instance, LBN has agreed to fee waivers of at least $150,000 per year, for a total value of $750,000 over the next five years.  LBN has also agreed to cap total payments to the face amounts of participants' bonds, which could save the Class an estimated $540 million in monthly payments. *See* Plaintiffs' Supplemental Brief in Support of Motion for Preliminary Approval at 9-10.

7

MOTION FOR FEES, COSTS, AND SERVICE AWARDS
CASE NO. 4:17-cv-00755-CW

the hours spent by Class Counsel litigating this complex and highly-contested matter, and their reasonable rates, Class Counsel's requested fee is a significant *negative* lodestar multiplier. A negative lodestar multiplier "strongly suggests the reasonableness of the requested fee." *Rosado v. Ebay Inc.*, No. 5:12-cv-04005-EJD, 2016 U.S. Dist. LEXIS 80760, at *26 (N.D. Cal. June 20, 2016).

Class Counsel's lodestar through the date of this motion is approximately $1,838,964.81. Rathod Decl. ¶ 3; Newmark Decl. ¶ 31; Persinger Decl. ¶ 28.

### a. The Time Class Counsel Expended Is Reasonable.

The time that Class Counsel spent on this litigation was reasonable. Class Counsel's extensive efforts to date have included:

- Pre-filing and continuous investigation throughout the litigation, including interviewing numerous class members and third-party witnesses;
- Meeting extensively with the Plaintiffs about the allegations for the class action complaint and four amended complaints, and throughout the litigation;
- Drafting and revising Plaintiffs' class action complaint and four amended complaints;
- Drafting and filing case management conference statements and case management stipulations;
- Drafting interrogatories, requests for production of documents, third party subpoenas, and Freedom of Information Act requests;
- Reviewing thousands of documents yielded from the requests and third-party discovery;
- Briefing and arguing contested motions involving complex and novel areas of law, including the motion to dismiss, motion to compel arbitration, motion for sanctions, motion to amend, and motion to stay;
- Taking a 30(b)(6) deposition;
- Preparing Plaintiffs and their sponsors for depositions, and defending their depositions;
- Reviewing and correcting deposition transcripts;
- Translating numerous documents for Plaintiffs and Class Members;
- Attending hearings, including case management conferences and the hearing on the motions to dismiss and to compel arbitration;

1  • Drafting multiple mediation statements and participating in six all-day mediations with a mediator;

2  

3  • Participating in several other in-person and telephonic mediation sessions;

4  • Preparing and revising damage audits and impact assessments of complex injunctive relief provisions, over the course of the years of negotiations;

6  • Negotiating and drafting the Settlement Agreement along with corresponding documents, including the notice forms;

8  • Drafting the motion for preliminary approval and supporting documents; and

9  • Preparing this motion for service awards and attorney's fees and costs, and supporting declarations.

*See* Rathod Decl. ¶¶ 2-3; Newmark Decl. ¶¶ 22-34; Persinger Decl. ¶¶ 15-22.

Before the Final Approval Hearing, Class Counsel's efforts will also include::

• Reviewing and responding to correspondence from Class Members;

• Supervising the work of the Claim Administrator; and

• Researching and drafting a memorandum and opposing objections, if any.

*See* Rathod Decl. ¶ 4; Newmark Decl. ¶ 32; Persinger Decl. ¶ 29. Class Counsel kept their records contemporaneously and reviewed those records to ensure they were reasonable prior to submitting them in connection with this Motion.

### b. Class Counsel's Rates Are Reasonable.

As attested to in Class Counsel's declarations, Class Counsel's rates are the prevailing rates in the appropriate legal markets, and are reasonable. Rathod Decl. ¶ 3; Newmark Decl. ¶¶ 3-21, 30; Persinger Decl. ¶¶ 2-34. "Affidavits of the plaintiff'[s] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiff'[s] attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). To be conservative, Plaintiff's Counsel calculated their lodestar using the LSI Laffey Matrix, which provides market rates for attorneys and staff working in the Washington D.C. area. "[T]he Laffey matrix rates likely fall below reasonable billing rates in the Bay Area based on the locality pay differential between this geographic location and the Washington-

9

Baltimore area." *Carlotti v. Asus Comput. Int'l*, No. 18-cv-03369-DMR, 2020 U.S. Dist. LEXIS 108917, at *17 (N.D. Cal. June 22, 2020) (citing and summarizing *Brinker v. Normandin's*, Case No. 14-cv-03007-EJD, 2017 U.S. Dist. LEXIS 25670, 2017 WL 713554, at *2 (N.D. Cal. Feb. 23, 2017), as well as other relevant authorities).

Migliaccio & Rathod LLP ("M&R") and Tycko & Zavareei LLP ("T&Z") both regularly use and obtain approval for the Laffey matrix billing rates. Rathod Decl. ¶ 3; Persinger Decl. ¶ 32. The rates charged by Class Counsel have been deemed reasonable in connection with the approval of their fee applications in other recent matters. *See, e.g., Carlotti*, No. 18-cv-03369-DMR, 2020 U.S. Dist. LEXIS 108917, at *18 (approving M&R's rates and summarizing cases from around the country that did the same); *Kumar v. Salov North America Corp.*, No. 14-CV-2411-YGR, 2017 WL 2902898 (N.D. Cal. July 7, 2017) (approving T&Z rates as "reasonable and commensurate with those charged by attorneys with similar experience in the market"); Rathod Decl. ¶ 3; Persinger Decl. ¶ 32. Applying the same standard, these hourly rates are also reasonable for Centro Legal de la Raza. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984) (fee awards "are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel"); *Trevinu v. Gates*, 99 F.3d 911, 925 (9th Cir. 1996) ("The proper reference point in determining an appropriate fee award is the rates charged by private attorneys in the same legal market as prevailing counsel.").

Courts in other cases over the past several years have also approved similar fees charged by other firms. *See In re Optical Disk Drive Prod. Antitrust Litig.,* 2016 WL 7364803, at *8 (N.D. Cal. Dec. 19, 2016) (approving hourly rates of $205 to $950); *Civil Rights Educ. and Enforcement Ctr. v. Ashford Hospitality Trust, Inc.*, No. 15–cv–00216–DMR, 2016 WL 1177950 (N.D. Cal. Mar. 22, 2016) (finding that requested hourly rates of $900, $750, $550, $500, $430, and $360 for attorneys and $225 for paralegals were "in line with the market rates charged by attorneys and paralegals of similar experience, skill, and expertise practicing in the Northern District of California"); *Gutierrez v. Wells Fargo Bank, N.A.*, 2015 WL 2438274, at *5 (N.D. Cal. May 21, 2015) (approving hourly rates of $475 to $975); *Prison Legal News*, 608 F.3d 446, 455 (9th Cir. 2012) (finding that the district court did not abuse its discretion by awarding hourly rates between $425, $700, and $875).

Class Counsel's current rates are also appropriate given the deferred and contingent nature of counsel's compensation. *See LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 764 (2nd Cir. 1998) ("[C]urrent rates, rather than historical rates, should be applied in order to compensate for the delay in payment . . . ." (citing *Missouri v. Jenkins*, 491 U.S. 274, 283-84 (1989)); *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1305 (9th Cir. 1994) ("The district court has discretion to compensate delay in payment in one of two ways: (1) by applying the attorneys' current rates to all hours billed during the course of litigation; or (2) by using the attorneys' historical rates and adding a prime rate enhancement."). Using current rates, rather than historical rates, will fairly compensate counsel for the significant risk of nonpayment taken on in connection with this matter.

### c. The Requested Award Is Reasonable.

Class Counsel's lodestar demonstrates that the requested award is reasonable because—in addition to being based on time reasonably expended and reasonable rates—the requested award represents a significant negative multiplier of Class Counsel's lodestar. Dividing the requested fee award of $800,000 by Class Counsel's current lodestar results in a negative multiplier of about .435. A negative lodestar multiplier is generally recognized as reasonable. *Rosado*, 2016 U.S. Dist. LEXIS 80760, at *26; *see also Rivas v. BG Retail, LLC*, No. 16-cv-06458-BLF, 2020 U.S. Dist. LEXIS 8712, at *22-23 (N.D. Cal. Jan. 16, 2020) (negative multiplier was evidence of the reasonableness of the fee request by class counsel, as "Class Counsel would have normally been entitled to a positive multiplier due to the contingent nature of this case"); *In re Yahoo Email Litig.*, 2016 WL 4474612, at *11 (N.D. Cal. Aug. 25, 2016) (finding that the lodestar multiplier of .97 "is within the range of reasonableness" and granting a request for $4 million in attorney's fees); *Guttman v. Ole Mexican Foods, Inc.*, No. 14-cv-04845-HSG, 2016 WL 9107426, at *6 (N.D. Cal. Aug. 1, 2016) (finding that a fee request was "especially" reasonable because counsel voluntarily applied a multiplier of .59); *In re Portal Software, Inc. Sec. Litig.*, No. C-03-5138 VRW, 2007 WL 4171201, at *16 (N.D. Cal. 2007) ("The resulting so-called negative multiplier suggests that the percentage-based amount is reasonable and fair based on the time and effort expended by class counsel."); *Schiller v. David's Bridal, Inc.*, No. 1:10–cv–00616–AWI–SKO, 2012 WL 2117001, at *23 (E.D.

Cal. June 11, 2012) ("An implied negative multiplier supports the reasonableness of the percentage fee request.").[3]

Moreover, instead of seeking a separate cost award, Class Counsel does not seek any amount beyond the $800,000, which represents 25% of the common fund. Thus, after deducting the $63,426.87 in costs incurred by Counsel incurred, Counsel's fee award will be $736,573.13.[4]

## III.  CONCLUSION

For all of these reasons, Plaintiffs respectfully request that the Court approve their request for a service award of $10,000 to each of the four Class Representatives and for a fee and cost award of $800,000 for Class Counsel.

---

[3] Indeed, Plaintiffs submit that a positive multiplier would ordinarily be appropriate in this case based on the novelty and complexity of the litigation, the quality of the representation, the substantial risk of nonpayment since the case was taken on a contingency, and the results achieved.

[4] Plaintiffs reiterate that fees and costs will continue to be incurred until the ultimate conclusion of this matter, further increasing the lodestar and negative multiplier.

| | |
|---|---|
| Dated: September 1, 2020 | Respectfully submitted,<br><br>/s/ Jason S. Rathod<br>JASON S. RATHOD, *pro hac vice*<br>NICHOLAS A. MIGLIACCIO, *pro hac vice*<br>**MIGLICACCIO & RATHOD LLP**<br>412 H St NE, Suite 302<br>Washington DC 20002<br>Telephone (202) 470-3520<br>nmigliaccio@classlawdc.com<br>jrathod@classlawdc.com<br><br>ANNICK M. PERSINGER, SBN 272996<br>**TYCKO & ZAVAREEI LLP**<br>1970 Broadway, Suite 1070<br>Oakland, CA 94612<br>Telephone (510) 254-6808<br>Facsimile (202) 973-0950<br>apersinger@tzlegal.com<br><br>JESSE NEWMARK, SBN 247488<br>AIDIN CASTILLO, SBN 280262<br>**CENTRO LEGAL DE LA RAZA**<br>3022 International Blvd., Suite 410<br>Oakland, CA 94601<br>Telephone (510) 437-1863<br>jnewmark@centrolegal.org<br>acastillo@centrolegal.org<br><br>*Attorneys for Plaintiffs* |