

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

JANE M. AZIA
BUREAU CHIEF
CONSUMER FRAUDS & PROTECTION BUREAU

January 20, 2021

**By ECF**
Hon. Claudia Wilken
Oakland Courthouse
U.S. District Court for the Northern District of California
1301 Clay Street
Oakland, CA 94612

**Re:** *Vasquez et al v. Libre by Nexus, Inc.*, **No. 4:17-cv-755 (N.D. Cal.)**

Judge Wilken:

We write on behalf of the States of New York, Massachusetts and Virginia (the "States"), which were granted leave to appear as *amicus curiae* in opposition to the class action settlement that the Court preliminarily approved on July 31, 2020. At the end of the December 9, 2020 hearing, the Court ordered the States to file an update two weeks prior to the next hearing scheduled for February 3, 2021. While Defendant has said it may wish to "dissolve" the settlement (*see* ECF Nos. 163-3, 170), the States file this letter-brief in case final approval of the settlement moves forward. The States also file this letter-brief in accordance with the Court's Order dated January 19, 2021, which directed objectors to "address the effect of the judgment entered against Libre by Nexus' parent company, Nexus Services, Inc., in *RLI Insurance Company v. Nexus Services, Inc.*, No. 5:18-cv-66 (W.D. Va.), on October 23, 2020." ECF No. 171.

As set forth in the States' January 13, 2021 letter (ECF No. 163), the States requested information and materials from Libre shortly after the December 9 hearing to evaluate the Libre's financial condition. *See* ECF No. 163-1 (States' Dec. 17, 2020 letter to Libre identifying a list of documents and information that would be "sufficient to evaluate the company's financial condition").[1] The States still have not received *any* of the repeatedly requested information from Defendant, nor a date by which Defendant will provide any

---

[1] *See* ECF No. 160 at 42:1-7 (Dec. 9, 2020 Hearing Tr.) ("THE COURT: So at least by January you could make a list of what you thought you needed, and you could give it to them and see if it's forthcoming, and then come back and say, well, they said they would, but not until March or, no, they said they wouldn't or, yes, they said give us -- they'd give us 1, 2 and 3 but not 4, 5 and 6. At least, we could get the lay of the land.").

Hon. Claudia Wilken
January 20, 2021
Page 2 of 3

such information. In short, despite the States' efforts, Libre has provided no new information that could form a basis on which to change the States' original objection.

The judgment entered against Libre by Nexus' parent company, Nexus Services, Inc., in *RLI Insurance Company v. Nexus Services, Inc.* should have no effect here.[2] In Libre's "Supplemental Notice" filed January 14, 2021, Libre contends—without providing any evidence—that "Nexus lacks the necessary resources to secure and post a supersedeas bond pending appeal." ECF No. 170 at 2. Libre also contends that the RLI judgment "drastically affects the financial health of the company"—again without evidence. *Id.* But Libre was aware of the risk of the judgment at the time it executed the settlement agreement.[3] And it was aware of the actual judgment at the time of the filing of papers in support of the motion for final approval of the settlement.

The relevant question here, from the States' perspective, is whether Nexus Services, its principals, and its various affiliates and subsidiaries (including Libre) have assets sufficient to further compensate the class—and yet would receive a discounted obligation and an expansive release of liability in the proposed settlement. *See* ECF No. 155 at 3-4 (States' *amicus* reply brief identifying ways to address this concern). Libre still has made no attempt to adequately answer this question, either to the States or to the Court. Libre cannot rely on threadbare attorney statements to prove its financial condition, or the financial condition of its principals, parent and affiliates.

With respect to the States' other grounds for objection, the States have no additional information as to whether the parties have addressed the issues of sending additional text notices or establishing a methodology for determining whether the Defendant has met the financial benchmarks contemplated by the settlement.

Without more information, the States maintain their objections to final approval of the settlement that the Court identified as outstanding during the December 9, 2020 hearing.

Respectfully submitted,

Joseph P. Mueller
Assistant Attorney General

---

[2] Under the judgment, Nexus Services was ordered (1) to deposit with RLI $2.4 million to be held as collateral security and (2) to pay losses, costs, damages, attorneys' fees and expenses in the amount of approximately $3.3 million. ECF No. 170-1 at 26-27.

[3] *See* Hearing Tr. at 235-36, *RLI Ins. Co. v. Nexus Services, Inc.*, 5:18-cv-66 (W.D. Va. Sept. 21, 2020), ECF No. 545 (Nexus Services' CEO testifying that he was "part of negotiating" the "California class action" settlement, explaining "I felt very good about the company's ability to meet that obligation, of course. I wouldn't have agreed to it if I didn't think we could meet it. Just like we meet the obligations to RLI every month, we will meet those obligations.").

Hon. Claudia Wilken
January 20, 2021
Page 3 of 3

cc:   Erin Witte
      Assistant Attorney General, Commonwealth of Virginia (by email)

      Jonathan Burke
      Assistant Attorney General, Commonwealth of Massachusetts (by email)