1

2

3

4

UNITED STATES DISTRICT COURT

5

FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7

8 | JUAN QUINTANILLA VASQUEZ, et al.,

Case No. 4:17-cv-00755-CW

9 |        Plaintiffs,

REVISED [~~PROPOSED~~] ORDER

10 |    v.

GRANTING PLAINTIFFS' MOTION
TO ENFORCE ORDER AND
SETTLEMENT

11 | LIBRE BY NEXUS, INC.,

12 |       Defendant.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    On July 28, 2021, this Court heard Plaintiffs' motion to

2 enforce the Court's Order Granting Final Approval of Settlement and

3 Granting Motion for Attorney Fees, Costs, and Service Awards,

4 Docket No. 184 (Order) and the parties' Confidential Settlement

5 Agreement and Release, Jason Rathod Decl., Ex. 1, Docket No. 143-1

6 (Settlement) in this class action.  The Court reviewed all briefs

7 filed and argument made by the parties for this motion.  Based on

8 this review and the findings below, the Court finds good cause to

9 GRANT the motion and ORDERS the relief set forth below.

10    FINDINGS:

11    1.   In its Order, the Court retained jurisdiction to enforce

12 and effectuate the Settlement.  The Court also incorporated the

13 terms of the Settlement into its Order.

14    2.   Most of the terms of the Order and Settlement went into

15 effect on or before March 31, 2021.  The Court previously found

16 that the injunctive relief required by the Order and Settlement,

17 "which will not be delayed or reduced as a result of LBN's

18 financial situation, is the most significant and important aspect

19 of the Settlement Class Members' recovery under the Settlement."

20 Order at 10.

21    3.   Defendant Libre by Nexus (LBN) has violated numerous

22 terms of the Order and Settlement, including as follows:

23         a.   <u>Criminal prosecution language</u>:  LBN failed to change

24              its contracts to state that tampering with LBN's GPS

25              device "may result in criminal prosecution" until

26              Plaintiffs filed the present motion.  Settlement at

27              19, § II(B)(1)(h); <u>see also</u> Order at 12.

28

1

b.  Contract audio:  LBN has failed to post a Spanish audio version of the LBN contract on its website that is accessible to all persons who visit the website.  See Order at 12; Settlement at 17, § II(B)(1)(b).

c.  Fee waiver program:  LBN failed to post forms for the required fee waiver program on its website until Plaintiffs filed the present motion.  See Settlement at 19, § II(B)(1)(j).

d.  Posting the LBN contract on LBN's website:  LBN has failed to post a copy of the LBN contract, which consists of "all paperwork provided by LBN to or signed by LBN program participants and/or sponsors," on its website.  See Order at 12; Settlement at 18, § II(B)(1)(c).  Specifically, LBN has failed to post on its website a copy of the sponsor contract attached as Exhibit A to the participant contract, and a copy of the Libre Payment Worksheet.

e.  Settlement administration costs:  LBN failed to pay the Settlement Administrator the $80,000 in administration costs approved by the Court.  See Order at 13.

4.  LBN's opposition to this motion and supporting declaration also suggest that LBN is in violation of other terms of the Order and Settlement, including the requirements to: (a) provide $1.53 million in debt relief to the Class, independent of debt relief that LBN may have provided in other actions; (b) provide $150,000 minimum in annual fee waivers; (c) provide on-time

2

1   and consecutive-payment discounts; (d) implement the total payment

2   cap so that the sum of a participant's payments never exceeds the

3   face amount of the bond; (e) limit late fees; and (f) translate the

4   LBN contract into at least one language other than English and

5   Spanish.

6       5.   Since March 30, 2021, Class Counsel have made repeated

7   requests in writing to LBN to come into compliance with the Order

8   and Settlement, notifying LBN that Plaintiffs would seek their fees

9   for enforcement, as expressly provided for by the Settlement, if

10   LBN did not address the violations.  It is undisputed that LBN

11   failed to provide any response.

12       6.   Because LBN has violated a number of terms of the Order

13   and Settlement, has failed to pay the Settlement Administrator as

14   required, and has made representations in its opposition and

15   supporting declaration that raise serious concerns about non-

16   compliance with other terms of the Order and Settlement, the Court

17   finds that LBN may be in violation of some or all of the remaining

18   terms of the Order and Settlement, and that there is good cause to

19   require the parties to take certain actions to effectuate the

20   Settlement going forward, as set forth below.

21       7.   The Court finds that Plaintiffs are entitled to their

22   attorneys' fees and costs in connection with the present

23   enforcement motion under the terms of the Settlement.  Plaintiffs

24   have shown that Defendant violated the Order and Settlement, as set

25   forth above, and are, therefore, the prevailing party with respect

26   to the present enforcement motion.  The Court finds that an award

27   of $34,142.60 in attorneys' fees and costs to Class Counsel for

28   their efforts in enforcing the Order and Settlement is fair and

1  reasonable.  Defendant did not challenge the reasonableness of the

2  fees and costs in its opposition to the present enforcement motion,

3  and it therefore waived any objections to the same.

4      IT IS HEREBY ORDERED THAT:

5      1.   Defendant LBN shall pay the $80,000 in administration

6  costs approved by the Court within fourteen days of the date of

7  this order.

8      2.   Defendant LBN shall pay $34,142.60 in attorneys' fees and

9  costs to Class Counsel for their efforts in enforcing the Order and

10  Settlement.  This amount shall be held in a trust account by the

11  Settlement Administrator, so that cash payments continue to be made

12  first to the Class, with distribution of fees and costs to Class

13  Counsel only after those payments to the Class.

14      3.   Counsel for Defendant LBN shall answer each communication

15  from Class Counsel within one business day.  The principals of

16  Defendant LBN shall provide their counsel with the information and

17  authority necessary to do so.

18      4.   Defendant LBN shall, within seven days of the date of

19  this order, make accessible on its website to any person who visits

20  the website an audio version of the LBN contract in Spanish.

21      5.   Defendant LBN shall, within one day of the date of this

22  order, remove all references to GPS devices in the LBN contract.

23  Program participants still wearing GPS devices attached to their

24  bodies shall be informed within seven days of the date of this

25  order, either by text message or by U.S. mail, as to how to arrange

26  to have them removed.  Copies of these communications shall be

27  provided to Class Counsel.

28

4

6.    Defendant LBN shall, within fourteen days of the date of this order, translate the LBN contract into any language for which the percentage of participants who speak that language exceeds five percent.  Defendant LBN shall notify Class Counsel if it is not the case that more than five percent of participants speak a language other than English or Spanish.  LBN shall make accessible on its website to any person who visits the website a copy of the LBN contract that has been translated into a language pursuant to the five-percent requirement or otherwise.  Defendant LBN shall modify its website to state that it will provide translations of the LBN contract into other languages upon request.

7.    Defendant LBN shall, within fourteen days of the date of this order, make accessible on its website to any person who visits the website the sponsor contract attached as Exhibit A to the participant contract, as well as the Libre Payment Worksheet, in English, Spanish, Spanish audio, and any other language that is spoken by more than five percent of participants.

8.    Defendant LBN immediately shall remedy any other violations of the Order and Settlement of which is it or should be aware.

9.    Defendant LBN shall provide proof of its compliance with the terms of the Order and Settlement, as well as this order, by submitting declarations and supporting documents, as follows:

   a.    Within seven days of the date of this order, Defendant LBN shall file with the Court declarations under penalty of perjury, signed by its principals, along with contemporaneous business records or verification from third-party accountants or both,

5

1        sufficient to demonstrate its compliance with the

2        Order and Settlement and this order.

3    b.  The principals' declarations shall describe LBN's

4        compliance, or plan to immediately come into

5        compliance, on all terms, including the policies and

6        practices LBN has implemented (and including

7        supporting documents) to ensure that its employees:

8        (i) do not make immigration-related threats verbally

9        or in writing; (ii) use best efforts to ensure

10       meaningful review of contracts by program

11       participants and sponsors prior to signing, pursuant

12       to the procedures detailed in the Settlement; (iii)

13       no longer require bodily-attached GPS monitors for

14       program participants under any circumstances, as LBN

15       represents in its opposition and supporting

16       declaration; and (iv) contact program participants

17       by text or U.S. mail who are still wearing bodily-

18       attached GPS monitors to inform them that LBN no

19       longer requires bodily-attached GPS monitors as a

20       condition of the LBN contract and to provide them

21       with instructions as to how to have the bodily-

22       attached GPS monitors removed.

23   c.  The declarations shall also include a link to an

24       updated website page that contains all of the

25       additional documents required herein.

26   d.  As supporting documents, the declarations shall

27       attach: (i) a revised LBN contract, showing the

28       corrections described above; (ii) a third-party

6

1    certification that the LBN contract has been

2    translated into Spanish by a court-certified

3    translator and into any other language required by

4    the Settlement; and (iii) client billing records,

5    notifications to clients, and any other documents

6    (redacted as needed for privacy) sufficient to show

7    (a) LBN's timely implementation of the $1.53 million

8    debt relief for the Class in this action

9    (independent of debt relief that LBN may have

10   provided in other actions), (b) that the sum of each

11   participant's bills and payments to LBN has never

12   exceeded the bond amount, (c) that on-time and

13   consecutive-payment discounts were disclosed and

14   provided, (d) that late fee limits were disclosed

15   and implemented, (e) that clients were notified that

16   they may stop payments once they verify termination

17   of immigration proceedings, and (f) the

18   beneficiaries and amounts of fee waivers provided by

19   LBN to date (broken down by year).  If LBN has taken

20   steps necessary to comply with the Order and

21   Settlement, these documents must exist, and their

22   production would not be unduly burdensome.

23   10.  Defendant LBN shall provide ongoing documentation

24   sufficient to confirm its compliance with the terms of the Order

25   and Settlement requiring continuous or future compliance, as

26   follows:

27   a.  By March 31, 2022, LBN shall provide records

28   sufficient to show it disseminated to program

7

REVISED [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO ENFORCE ORDER & SETTLEMENT
CASE NO. 4:17-CV-00755-CW

1    participants the full $150,000 required for annual

2    fee waivers.

3    b.   LBN shall comply with the benchmark and payment

4         logistics previously proposed by Class Counsel for

5         the scheduled cash relief to the Class (see Docket

6         No. 174 at 14-15).   The Court finds that

7         implementing these logistics would help enforce and

8         effectuate the Settlement.   See Nanjing Elble Envtl.

9         Prot. Tech. Co. v. RePET, Inc., No. ED CV 16-02030-

10        VAP (SPx), 2018 U.S. Dist. LEXIS 221429, at *8 (C.D.

11        Cal. Aug. 31, 2018) ("[T]he contract will be

12        enforced if it is possible to reach a fair and just

13        result even if, in the process, the court is

14        required to fill in some gaps.").   Specifically:

15        i.   To clarify the mechanics of II.A.1.c.ii in the

16             Settlement, the "look-back" on December 1,

17             2021, will compare third quarter 2021 LBN

18             revenue with third quarter 2019 LBN revenue

19             (the Benchmark) to determine the percentage

20             differential set forth in the Settlement that

21             would trigger payment and determine the level

22             of payment by LBN.   The source materials to

23             make this determination will be third quarter

24             2019 and 2021 financial statements for LBN

25             prepared by its external accountants.   Upon

26             review of the source materials, counsel for LBN

27             shall certify the following, with the first

28             certification to be made on December 1, 2021:

8

1
2
3
4
5
6
7

"I have reviewed the appropriate quarterly and
annual financial statements for Libre by Nexus
prepared by its external accountants and hereby
certify in good faith and under penalty of
perjury that revenue for Libre by Nexus, as
compared to the Benchmark, stands at __%
[rounded to the nearest tenth]."

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

ii.  The source material shall also be provided to
Class Counsel on a confidential basis, along
with the certification, on the date specified
(e.g., beginning December 1, 2021) via email.
Class Counsel shall have seven days to review
the certification and source material and
object if they deem appropriate through email
to counsel for LBN.  If Class Counsel do not
object to the certification, payment (if
triggered by the percentage differential in the
certification) shall be made within three (3)
business days by wire to the Settlement
Administrator.  If Class Counsel disagree with
the certification made by LBN, counsel shall
meet and confer in good faith within seven (7)
days of the objection.  If resolution of the
disagreement is not reached at the meet-and-
confer, the matter shall be brought to the
undersigned for final resolution.

27
28

iii. In terms of the percentage differentials and
corresponding payment obligations, counsel

clarify that the percentages should be as
follows:

- 75%-79.9% $1,000 per week
- 80%-89.9% $10,000 per week
- 90%-99.9% $25,000 per week
- 100%-110% $100,000 per week

iv.   Following the certification on December 1,
2021, subsequent certifications, with the same
source material for the appropriate quarters,
shall be made and provided on the following
dates: March 1, 2022 (for the fourth quarter
2021 and Benchmark of fourth quarter 2019);
June 1, 2022 (for the first quarter 2022 and
Benchmark of first quarter 2019); September 1,
2022 (for the second quarter 2022 and Benchmark
of second quarter 2019); December 1, 2022 (for
the third quarter 2022 and Benchmark of third
quarter 2019).

11.   Defendant LBN shall pay interest and provide immediate
refunds to the Class as appropriate if LBN did not timely comply
with any of the terms of the Settlement with financial implication
for the Class, including the provisions for debt relief, monthly
payment discounts, total payment caps, and late fee limits.

IT IS SO ORDERED.

DATED: July 30, 2021

_____
CLAUDIA WILKEN
United States District Judge

REVISED [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO ENFORCE ORDER & SETTLEMENT
CASE NO. 4:17-CV-00755-CW