IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN QUINTANILLA VASQUEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> LIBRE BY NEXUS, INC., <br><br> Defendant. | Case No. 17-cv-00755 CW <br><br> **ORDER REGARDING THE PARTIES' RESPONSES TO ORDER ENFORCING THE SETTLEMENT AGREEMENT** |

On July 30, 2021, the Court issued an order granting Plaintiffs' motion to enforce the settlement agreement. Docket No. 203. In relevant part, the Court ordered Defendant Libre by Nexus, Inc. (LBN): (1) to pay into a trust account controlled by the settlement administrator $34,142.60 in attorneys' fees and costs to Plaintiffs' counsel for their efforts in enforcing the settlement agreement, *id.* at 4; (2) to pay the $80,000 in administration costs approved by the Court as part of the settlement agreement, *id.*; (3) to file with the Court declarations under penalty of perjury, signed by its principals, along with contemporaneous business records or verifications from third-party accountants or both, sufficient to demonstrate its compliance with the Court's July 31, 2021, order, *id.* at 5-6; (4) to attach to these declarations "client billing records, notifications to clients, and any other documents (redacted as needed for privacy) sufficient to show . . . LBN's timely implementation of the $1.53 million debt relief for the Class in this action (independent of debt relief that LBN may have provided in other actions)," *id.* at 7-8; and (5) to attach to these declarations supporting documents verifying that the sum of each participant's bills

and payments to LBN has never exceeded the bond amount and showing the beneficiaries and amounts of fee waivers provided by LBN to date (broken down by year), *id.* at 7.

Since the Court's July 30, 2021, order, each side has filed declarations regarding LBN's compliance, or lack thereof, with the Court's July 30 order and the terms of the settlement agreement. *See* Docket Nos. 208, 210, 212, 213, 214, 215.

Plaintiffs' counsel, Jesse Newmark, represents in his latest declaration of December 21, 2021, that LBN still has not paid the attorneys' fees and costs of settlement administration that it owes and that it still has not provided adequate proof of compliance with respect to the settlement agreement's provisions regarding debt relief, fee waivers, payment caps to bond amounts, monthly discounts and late fee limits, and benchmarks for cash payments. *See* Docket No. 215.

Mr. Newmark requests that the Court enter an order requiring LBN to:

> (1) pay the Court-ordered administration costs and attorney's fees, with interest, and submit a declaration confirming that the payments were made by the end of the year as LBN most recently stated; (2) complete providing all debt relief, fee waiver credits, and interest to the Class, and submit sufficient records to show compliance as the Court previously ordered; (3) for the total payment cap, provide Class Counsel in native format the spreadsheet that LBN previously submitted as a PDF, as well as individual analysis and documentation sufficient to explain any instances where a Class Member's total monthly payments exceeded their bond amount; (4) provide sufficient documentation that LBN timely implemented the monthly discounts and late fee limits, as the Court previously ordered, or immediately implement the terms and provide appropriate interest for any charges in violation of those terms; (5) as to the payment cap, payment discounts, and late fee limits, provide sufficient documentation to show LBN has in fact implemented these requirements through its accounting system, such that the burden will not be left on Class Members to ensure they do not make payments in excess of their bond amounts and that they receive the required discounts; and (6) prepare and provide to Class Counsel financial statements by external accountants sufficient to comply with the Court's order for conducting the revenue comparison for the cash payments to the Class.

*Id.* ¶ 9. Mr. Newmark also requests that the Court order LBN to "timely implement its new accounting system." *Id.* ¶ 10.

Mr. Newmark represents that the court in *RLI Ins. Co. v. Nexus Servs., Inc.*, No. 5:18-cv-00066-MFU-JCH (W.D. Va. Aug. 12, 2021) "issued a detailed order discussing Nexus and LBN's

2

continued failure to comply with the court-ordered payments and other terms, including their failure to respond to post-judgment discovery as to rapidly declining revenue and questionable transfers of income and assets by the principals." *Id.* ¶ 12 (citation omitted).  In light of this, Mr. Newmark requests that, if LBN continues to fail to comply with the Court's orders and terms of the settlement agreement, the Court "consider ordering LBN to start making the required cash payments to the Class now, as an appropriate and fair remedy." *Id.* ¶ 13.  In his declaration, Mr. Newmark does not cite any authority that would permit the Court to modify the settlement agreement in the manner he requests.

As of the date of this order, LBN has not filed any response to Mr. Newmark's declaration.

Because the declarations and records that LBN has filed to date do not show that LBN is in full compliance with the Court's July 30, 2021, order, the Court's subsequent orders, and the terms of the settlement agreement, the Court hereby orders LBN, within fourteen days of the date this order is filed, to:

1. pay the Court-ordered administration costs and attorneys' fees to the extent that it has not done so, with interest, and file a declaration confirming that the payments were made[1];

2. complete providing all debt relief, fee waiver credits, and interest to the Class, and provide to Plaintiffs' counsel sufficient records to show compliance as the Court previously ordered;

3. for the total payment cap, provide Plaintiffs' counsel in native format the spreadsheet that LBN previously submitted as a PDF, as well as individual analysis and documentation sufficient to explain any instances where a Class Member's total monthly payments exceeded his or her bond amount;

4. provide sufficient documentation to Plaintiffs' counsel that LBN timely implemented the monthly discounts and late fee limits, as the Court previously ordered, or

---

[1] To the extent that LBN takes the position that it is unable to pay the attorneys' fees and costs of settlement administration within fourteen days, it shall file a declaration disclosing its financial position and attaching financial records that support any statements in that declaration about LBN's financial condition or ability to pay.

3

immediately implement the terms, provide appropriate interest for any charges in violation of those terms, and provide sufficient proof to Plaintiffs' counsel of having done so;

5. as to the payment cap, payment discounts, and late fee limits, provide sufficient documentation to Plaintiffs' counsel to show that LBN has, in fact, implemented these requirements through its accounting system, such that the burden will not be left on Class Members to ensure that they do not make payments in excess of their bond amounts and that they receive the required discounts;

6. prepare and provide to Plaintiffs' counsel financial statements by external accountants sufficient to comply with the Court's order for conducting the revenue comparison for the cash payments to the Class; and

7. provide a declaration describing the progress made in implementing the new accounting system LBN has promised, including the date it will be implemented.

Plaintiffs have not filed a motion to modify the settlement agreement, nor have they pointed to any authority for doing so. Plaintiffs may file such a motion if there is authority for doing so; any such motion shall satisfy the requirements of Civil Local Rule 7. Alternatively, Plaintiffs may consider other remedies that may be available to them, which could include a new lawsuit for breach of contract, a debtors' examination, other financial discovery, or a contempt motion.

IT IS SO ORDERED.

Dated: January 12, 2022

CLAUDIA WILKEN
United States District Judge