John M. Shoreman
McFadden & Shoreman LLC
1050 Connecticut Avenue, Suite 500
Washington, DC 20036
jmshoreman@verizon.net
Tel: 202-772-3188

*Counsel for Defendant Libre by Nexus, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN QUINTANILLA VASQUEZ GABRIELA PERDOMO ORTIZ, and VICTOR HUGO CATALAN MOLINA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIBRE BY NEXUS, INC and JOHN DOES 1-50,<br><br>Defendants. | Case No. 4:17-cv-755-CW<br><br>**DEFENDANTS' RESPONSE TO MOTION TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CIVIL CONTEMPT** |

In Response to Plaintiffs' Motion to Show Cause why Defendants should not be Held in Civil Contempt and Sanctioned, Defendants hereby submit the following statement of the management of Libre by Nexus, Inc. and pray this Court deny Plaintiffs' Motion in its entirety.

Dated: August 25, 2022.

           Respectfully submitted,

           <u>/s/ *John M. Shoreman*</u>
           John Shoreman

           *Counsel for Defendant Libre by Nexus*

**EVAN AJIN**
**Nexus Services Inc.**
113 Mill Place Pkwy
Verona, VA 24482
Email: eajin@nexushelps.com
Tel.: 540.908.9406

August 25, 2022

**Senior District Judge Claudia Wilken**
Oakland Courthouse
1301 Clay Street
Oakland, CA 94612
spoff@vacourts.gov
**Delivered Via Counsel**

**RE: <u>Response from LBN management team to Plaintiffs' Motion for Sanctions</u>**

**Dear Honorable Judge Wilken:**

Libre by Nexus engaged Plaintiffs in good faith and negotiated a resolution to this action. That negotiation was before the Coronavirus pandemic and significant shifts in immigration policy which effectively left scores of would-be asylum seekers long term detainees. The long-term reduction in clients has created a significant reduction in revenue. The company continues to operate because of the important role it plays in standing between immigrant consumers and risk averse insurance claims specialists. The Plaintiffs refuse to acknowledge the significant work of Libre to comply with the shifting myriad of terms and concerns raised, the incredible challenges of a global pandemic and the Trump immigration policies on Libre's business. Their continued efforts to seek contempt over a willingness to work with us seems like a convenient opportunity for Plaintiff's counsel to continue to increase their legal fees. I am concerned that this creates an incentive to run to court instead of working out these issues, something I personally have volunteered to do.

LBN has to choose between operational costs and substantial compliance over paying additional legal fees to file formal responses. That is why we are responding by letter through counsel affiliated with the case. I apologize for addressing the Court directly.

As to the specific complaints of Plaintiff counsel:

1. Debt Relief (By March 20, 2022) - LBN has applied $1.53 million in credits. Additionally, it applied credits, at its own expense raising the total to over $2 in an attempt to demonstrate good faith to the Court. As to the sampling, LBN has not refused to do so. I remain willing to work with Counsel for the Plaintiffs, and any of my counsel who might be willing to assist, in an effort to resolve this issue.

2. Total Monthly Cap - Plaintiff counsel argues that they have "several questions" because it appeared to them that there was "widespread lack of compliance." However, it does not articulate what those questions are and what indicates, in their opinion, a "widespread lack of compliance.".

1

However, LBN acquiesced to counsel and agreed to essential repopulate the entire sample and only on the condition Class counsel chose the sample. I remain willing to work with Counsel for the Plaintiffs, and any of my counsel who might be willing to assist, in an effort to resolve this issue.

*Provisionally LBN, makes the following request of the Court*
Require Plaintiff Counsel at its own expense to serve notice to the Court and LBN its exact issues with the first sample audit, the criteria upon which LBN should be judged as being in compliance and how they anticipate a second audit is required and could conceivably differ. Compliance with a settlement is not a fishing expedition, nor can an audit provide what may be acceptable to Plaintiff counsel without clear expectations as to what they are looking for. LBN has completed the terms set forth, if counsel are seeking a second audit it should have to articulate more than just a vague statement. I remain willing to work with Counsel for the Plaintiffs, and any of my counsel who might be willing to assist, in an effort to resolve this issue.

3. One-time- Consecutive payment discounts - The assertion that LBN "appears to have failed to comply with the terms set forth" lack any specific assertion of noncompliance. LBN has complied to best of its capabilities and in the terms requested. No LBN participant pays over their bond amount.

4. Payment of the Settlement Administrator - LBN is aware of the requirement and the outstanding balance owed. LBN has suffered a monumental loss in revenue due to the pandemic. LBN also has been significantly burdened financially, having to pay a judgement in excess of $2 million dollars in another district this year. LBN will repay the remaining fees before 90 days.

5. LBN is aware of the obligation however it brings to the Honorable Courts attention a few factors. The disparity between the litigants $40,000 award and $800,000 in attorney's fees. The demand for compliance does not seem to come from litigants whose recovery is a fraction of counsel's fees. The Court must ask itself- is it the litigants demanding payment or it's counsel, while counsel spends it's time filing motion after motion demanding more monetary compensation. Whose interests are being served? LBN will provide the required documents and requests a deadline of 60 days to produce these figures along with a proposed payment plan.

6. LBN is unable to make the payments the Plaintiff's counsel would like to accelerate. LBN would like to continue to comply with the settlement, which it can only do if Plaintiffs work with us. I remain willing to work with Counsel for the Plaintiffs, and any of my counsel who might be willing to assist, in an effort to resolve this issue.

7. The requirement for Defendant's to respond to "each communication with class counsel" and its principals to enable their counsel to do so is a condition with which LBN complies when possible. However, counsel for the Plaintiffs seem unwilling to work with me. I remain willing to work with Counsel for the Plaintiffs, and any of my counsel who might be willing to assist, in an effort to resolve this issue. As it stands, we would need a full-time legal services employee to respond to the Plaintiff's counsel's onerous demands each day.

Counsel detail a litany of so-called noncompliance issues before the Court but do not tell the Court what LBN has done. It has removed all GPS monitoring from its participants as of June 2019. LBN has revised its contract language on criminal prosecution, and in fact has had in place a departmental based policy that required termination of any employee threatening program participants with deportation since as early as 2014. Even LBN conceded it needed to improve its contracts. As such, its contract was revised.

If the goal of the Court is to achieve each and every term of the settlement, then I stand ready to help facilitate that. However, the goal of class counsel seems to be to run up extreme legal fees, push our heavily taxed operations team to do full time work that makes no difference in determining LBN's compliance, and ultimately achieve far more in legal fees than this Court would ever have approved. I remain willing to work with Counsel for the Plaintiffs, and any of my counsel who might be willing to assist, in an effort to resolve these issues before the Court.

Sincerely,

Evan Ajin

3