David B. Briggman
7556 Mountain Valley Road
Keezletown, Virginia 22832
(540) 246-5252
briggman@gmail.com

FILED
NOV 23 2022
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

November 15, 2022

Claudia Wilken, Judge
US District Court
1301 Clay Street, Suite 400S
Oakland, CA 94612

RE:   Case No. 4:17-cv-00755-CW
      Status of Attorneys for Libre by Nexus Inc.

Dear Judge Wilken:

My name is David Briggman and I'm a former employee of Nexus Services. Since my resignation, I have been following cases involving them in both state and federal courts including, but not limited to, the Class Action Case over which you preside.

My observations have included that several attorneys have filed motions to withdraw from the representation of Libre by Nexus.

On August 26, 2022, I emailed several of them, including <u>Mohammed Wael Aly, Kenneth Payson, Mary Donne Peters, John Shoreman and Sean Sullivan</u> and made them aware that the California Franchise Tax Board has listed *Libre by Nexus Inc.* as having been revoked and that according to a filing[1] involving Libre by Nexus in the Central District of California, it appears to actually be a crime for an attorney to represent Libre in any Court. Further, as my email back in August stated, I notified the attorneys for the Plaintiffs in this matter of the FORFEITED[2] status of Libre months earlier. My emails included both the Notice and Motion to Withdraw and the Memorandum of Points and Authorities that I've supplied you in this letter.

In an effort to not embarrass the attorneys representing Libre by Nexus, I emailed your courtroom deputy on September 16 hoping she would relate this information to you, however, she correctly directed me to make a filing with the Clerk's Office, which I am doing via this letter.

---

[1] For the Court's convenience, I've attached both the Notice and Motion to Withdraw and the Memorandum of Points and Authorities supporting the Motion to Withdraw, and the resulting Order filed in the Central District of California to this letter.

[2] I have attached an "Entity Status Letter" from the Franchise Tax Board which as of today lists Libre by Nexus Inc. as "not in good standing".

Yesterday, after Mr. Shoreman made his filing for Libre, I once again emailed him and reminded him that I believed that his continued representation of Libre by Nexus violates California law.

I am at a loss at to why none of the attorneys representing Libre by Nexus, or the Plaintiffs, have raised this issue with the Court, however, I felt that if they would not inform the Court about their legal and ethical obligations, I would do so.

Respectfully submitted,

David B. Briggman

**BLANK ROME LLP**
Arash Beral (SBN 245219)
arash.beral@blankrome.com
Ana Tagvoryan (SBN 246536)
ana.tagvoryan@blankrome.com
Allen Ho (SBN 318187)
allen.ho@blankrome.com
2029 Century Park East | 6th Floor
Los Angeles, CA 90067
Telephone: 424.239.3400
Facsimile: 424.239.3434

Attorneys for Cross-Defendants
LIBRE BY NEXUS, INC. AND NEXUS SERVICES, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DISTRICT

| | |
|---|---|
| S.C., Individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BUDDI US LLC; BUDDI LTD.; MONITORING PARTNERS LIMITED; and DOES 1-10, inclusive,<br><br>Defendants, | Case No. 8:20-cv-01370-CJC-KES<br><br>Honorable Cormac J. Carney<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW AS ATTORNEYS OF RECORD FOR CROSS-DEFENDANTS LIBRE BY NEXUS, INC. AND NEXUS SERVICES, INC.**<br><br>[*Filed concurrently with: Notice of Motion, Declaration of Arash Beral, and [Proposed] Order*] |
| BUDDI US LLC; BUDDI LTD.,<br><br>Cross-Complainants.<br><br>vs.<br><br>LIBRE BY NEXUS, INC.; NEXUS SERVICES, INC.; and ROES 1-10, inclusive,<br><br>Cross-Defendants. | Hearing<br>Date:  March 7, 2022<br>Time:  1:30 p.m.<br>Place:  Courtroom 9B<br>Judge:  Hon. Cormac J. Carney<br><br>Complaint Filed:  June 18, 2020<br>Case Removed:  July 27, 2020<br>Cross-Complaint:  August 24, 2020 |

161573.00601/127167143v.1         1
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW AS ATTORNEYS OF RECORD**

I. INTRODUCTION.

Through this Motion, Arash Beral ("Beral"), Ana Tagvoryan, Allen Ho, and Blank Rome, LLP (collectively, "Blank Rome") seek to withdraw as attorneys of record for Cross-Defendants Libre by Nexus, Inc. ("Libre") and Nexus Services, Inc. ("Nexus," together with Libre, "Cross-Defendants") due to Cross-Defendants' failure to pay outstanding and overdue attorney's fees and costs balances after repeated notice and due to their current "FTB – FORFEITED" status with the California Secretary of State. Accordingly, an order permitting Blank Rome's withdrawal as counsel is justified.

II. STATEMENT OF RELEVANT FACTS.

This lawsuit was initiated by Class Action Plaintiffs in Orange County Superior Court prior to its removal to this Court on July 27, 2020. (Dkt. No. 1.) The Class Action Complaint alleges that Defendants Buddi US LLC, Buddi Ltd., and Monitoring Partners Limited (together, "Buddi") violated state and federal privacy statutes by tracking and contacting individuals in possession of Buddi's GPS-tracking bracelets as part of Buddi's ongoing efforts to retrieve those bracelets. In turn, Buddi filed a Cross-Complaint, alleging that Cross-Defendants are obligated to indemnify or contribute to Buddi's damages in relation to the allegations set forth in the Cross-Complaint. (*See generally* Dkt. No. 8.)

On April 2, 2021, Cross-Defendants engaged Blank Rome and Blank Rome made its first appearance on behalf of Cross-Defendants. (Dkt. Nos. 41, 45.) Blank Rome diligently carried out its duties as Cross-Defendants' counsel of record, and filed an Answer to the Cross-Complaint on their behalf. (Dkt. No. 46.) Buddi filed a request for the Clerk to enter default against Cross-Defendants that same day. (Dkt. No. 42.) On April 3, 2021, Blank Rome filed an opposition to the request to enter default on behalf of Cross-Defendants. (Dkt. No. 47.) The Clerk did not enter default

against Cross-Defendants on April 5, 2021, on the grounds that Cross-Defendants had filed an Answer to the Cross-Complaint. (Dkt. No. 50.)

Blank Rome has diligently endeavored to carry out its duties to Cross-Defendants and represent their interests. Cross-Defendants filed a Motion for Judgment on the Pleadings ("MJOP") as to the Cross-Complaint on August 6, 2021. (Dkt. No. 60.) Concurrent with the MJOP, Cross-Defendants also filed a Motion to Stay Discovery pending determination of the MJOP. (Dkt. No. 61.) Buddi filed its Oppositions to the MJOP and Motion to Stay Discovery on August 30, 2021 (Dkt Nos. 69-70), and Cross-Defendants filed Replies in support of both motions on September 3, 2021 (Dkt. Nos. 71-72). On September 13, 2021, the Court ordered supplemental briefing from Class Action Plaintiffs and Buddi with regards to Buddi's allegation that Class Action Plaintiffs' attorney had a conflict of interest due to his prior representation of Cross-Defendants, such that he could not continue to represent Class Action Plaintiffs, and continued the hearings on the MJOP and Motion to Stay Discovery to October 25, 2021. (Dkt. No. 76.) Plaintiffs and Buddi submitted their supplemental briefs with regards to Buddi's conflict of interest argument on September 27, 2021 and October 7, 2021, respectively. (Dkt. Nos. 77-78.)

The Court conducted the hearing on Cross-Defendants' MJOP and Motion to Stay Discovery on October 25, 2021, with counsel for all parties appearing. (Dkt. No. 80.) Thereafter, the Court entered its order on October 27, 2021 granting the MJOP with leave to amend, and denying as moot the concurrently filed Motion to Stay Discovery. (Dkt. No. 82.) Thereafter, the parties entered into a stipulation on November 11, 2021 to vacate the Scheduling Order, continuing all deadlines in this case pending Buddi's submission of an amended cross-complaint and Cross-Defendants' answer thereto becoming at issue. (Dkt. No. 84.)

Buddi filed its First Amended Crossclaim ("FACC") on November 17, 2021. (Dkt. No. 86.) Thereafter, on November 29, 2021, the parties entered into a

1  stipulation to extend Cross-Defendants' deadline to file a responsive pleading to the
2  FACC to December 15, 2021. (Dkt. No. 87.)
3       Cross-Defendants filed their Motion to Dismiss the FACC on December 15,
4  2021, scheduled for hearing on January 31, 2022. (Dkt. No. 89.) Buddi filed its
5  opposition to the Motion to Dismiss the FACC on January 10, 2022. (Dkt. No. 90.)
6  Cross-Defendants filed their Reply in support of the Motion to Dismiss the FACC on
7  January 14, 2022. (Dkt. No. 91.) On January 26, 2022, the Court entered an order
8  continuing the hearing on the Motion to Dismiss the FACC to March 7, 2022 and
9  requiring Cross-Defendants and Buddi to submit further supplemental briefing on
10 Cross-Defendants' argument that the federal statutes that the Class Action Plaintiffs
11 sued Buddi under (and for which Buddi correspondingly seeks indemnity from Cross-
12 Defendants through the FACC) preclude the imposition of indemnity liability as a
13 matter of law. (Dkt. No. 92.) Cross-Defendants' supplemental brief is due February
14 7, 2022. (*Id.*) Buddi's supplemental brief is due February 18, 2022. (*Id.*)
15      Throughout the course of these aforementioned proceedings, Blank Rome
16 received no indication that its fees would go unpaid, and continued to fulfill its duties
17 and obligations to Cross-Defendants and represent them in this action. However, by
18 August 2021, Cross-Defendants had failed to timely make payments on multiple
19 invoices issued by Blank Rome for services rendered. Declaration of Arash Beral
20 ("Beral Decl."), ¶ 3. Blank Rome attempted to address Cross-Defendants' delinquent
21 accounts on multiple occasions, to no avail. Beral Decl., ¶ 4. Blank Rome offered
22 Cross-Defendants multiple good-faith payment deadlines throughout the October
23 2021 through January 2022 time period, but Cross-Defendants' accounts were not
24 cleared as requested. *Id.* at ¶ 5. Blank Rome duly informed Cross-Defendants that
25 Blank Rome would take steps to withdraw as counsel of record in this action should
26 the accounts not be cleared in full by certain deadlines. *Id.* Those deadlines were not
27 met. *Id.*
28

161573.00601/127167143v.1                     4

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW AS ATTORNEYS OF RECORD**

1       Beyond the payment issues, on or around January 26, 2022, Blank Rome
2 discovered that Cross-Defendants' registration status with the California Secretary of
3 State is currently listed as "FTB – FORFEITED" on the Secretary of State website.
4 Beral Decl., ¶ 7. Blank Rome was informed of this "FTB – FORFEITED" status by
5 an opposing counsel in s a different matter. *Id.* Pursuant to California Revenue &
6 Tax Code section 23301, this renders Cross-Defendants unable to be sue or to defend
7 against legal actions. *Id.* Moreover, under Revenue & Tax Code section 19719,
8 anyone who purports to exercise the rights and powers of a suspended corporation is
9 guilty of a misdemeanor, meaning Blank Rome LLP is unable to represent Cross-
10 Defendants without potentially exposing itself to sanctions and criminal liability. *Id.*
11 Blank Rome alerted Cross-Defendants to this matter as soon as it discovered it and
12 Blank Rome has been informed that Cross-Defendants intend to revive the entities in
13 the future. *Id.* Be that as it may, Blank Rome cannot presently represent the interests
14 of the Cross-Defendants as a matter of law given their "FTB – FORFEITED" status.
15 *Id.*

16 **III.  CROSS-DEFENDANTS' ATTORNEYS HAVE PROVIDED PROPER**
17       **NOTICE OF THIS MOTION.**

18       Local Rule 83-2.3.2 provides that "[a]n attorney may not withdraw as counsel
19 except by leave of court." A motion for leave to withdraw must be made upon written
20 notice given reasonably in advance to the client and to all other parties who have
21 appeared in the action, and must be supported by good cause. *Id.* Here, the instant
22 Motion has been noticed for hearing more than twenty-eight (28) days in the future,
23 with notice of motion served electronically to the client and all other parties who have
24 appeared in this action. *See* L.R. 6-1. As the filed proof of service shows, Blank
25 Rome served the Motion on Cross-Defendants via e-mail and mail service.
26 / / /
27 / / /
28

161573.00601/127167143v.1                       5

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW AS ATTORNEYS OF RECORD**

## IV. GOOD CAUSE EXISTS TO GRANT LEAVE TO WITHDRAW.

Whether to grant an application to withdraw is a matter within the Court's discretion. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). "In determining whether to grant counsel's motion to withdraw, courts often weigh the following four factors: '(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may result to other litigants; (3) the harm withdrawal might cause to the administration of justice[;] and (4) the degree to which withdrawal will delay the resolution of the case.'" *Kazovsky v. Metrocities Mortgage, LLC*, No. 2:11-cv-06079, 2012 WL 8747557, at *1 (C.D. Cal. June 4, 2012) (quoting *Huntington Learning Ctrs., Inc. v. Educ. Gateway, Inc.*, No. CV 09-3200, 2009 WL 2337863, at *1 (C.D. Cal. June 28, 2009)).

In assessing the reasons for withdrawal, the Court looks to the California Rules of Professional Conduct. *5600 Montclair Plaza Lane Owner, LLC v. CM Ebar, LLC*, No. EDCV 16-1766, 2017 WL 7803791, at *1 (C.D. Cal. Apr. 5, 2017). Specifically, California Rules of Professional Conduct, rule 1.16(b)(5) allows an attorney to withdraw from representing a client if:

> the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation[.]

Here, Cross-Defendants were provided written notice that continued failure to perform their obligations under their agreement with Blank Rome would lead to termination of the agreement and Blank Rome's withdrawal. Beral Decl., ¶ 5.

Moreover, and as addressed above, Cross-Defendants' registration status with the California Secretary of State is currently listed as "FTB – FORFEITED" on the Secretary of State website. Beral Dec., ¶ 7. Blank Rome learned this information from an opposing attorney in another matter. *Id.* Blank Rome cannot presently

represent the interests of the Cross-Defendants as a matter of law given their "FTB – FORFEITED" status. *Id.*

Further, Blank Rome's withdrawal will also not result in any prejudice to the other parties in this case. There is no indication that Class Action Plaintiffs or Buddi will suffer any prejudice from Blank Rome's withdrawal.

Additionally, Cross-Defendants will not suffer from any prejudice, as all deadlines in this matter are currently vacated pending Cross-Defendants' responsive pleading to the FACC becoming at issue (which can only occur, at the earliest, after the Court has rendered a decision on the Motion to Dismiss the FACC), so Cross-Defendants have sufficient time to engage new counsel for trial. (Dkt. No. 84.) While the Court ordered Cross-Defendants to submit supplemental briefing by February 7, 2022, given the "FTB – FORFEITED" status of the entities, Blank Rome cannot file any responses on behalf of Cross-Defendants as a matter of law. Thus, Blank Rome will also be moving the Court for an emergency stay of this action.

## V.  CONCLUSION.

Based upon the foregoing, Cross-Defendants' attorneys Blank Rome respectfully request that the Court grant this Motion and issue an Order permitting Blank Rome to withdraw as counsel of record on behalf of Cross-Defendants.

DATED: February 1, 2022          BLANK ROME LLP

By: */s/ Allen Ho*
      Arash Beral
      Ana Tagvoryan
      Allen Ho
Attorneys for Cross-Defendants
LIBRE BY NEXUS, INC. AND NEXUS SERVICES, INC.

| | |
|---|---|
| 1 | **BLANK ROME LLP** |
| | Arash Beral (SBN 245219) |
| 2 | arash.beral@blankrome.com |
| | Ana Tagvoryan (SBN 246536) |
| 3 | ana.tagvoryan@blankrome.com |
| | Allen Ho (SBN 318187) |
| 4 | allen.ho@blankrome.com |
| | 2029 Century Park East | 6th Floor |
| 5 | Los Angeles, CA 90067 |
| | Telephone: 424.239.3400 |
| 6 | Facsimile: 424.239.3434 |
| 7 | Attorneys for Cross-Defendants |
| | LIBRE BY NEXUS, INC. AND NEXUS SERVICES, INC. |
| 8 | |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DISTRICT

| | |
|---|---|
| S.C., Individually and on behalf of others similarly situated, | Case No. 8:20-cv-01370-CJC-KES |
| | Honorable Cormac J. Carney |
| Plaintiffs, | **NOTICE OF MOTION AND MOTION TO WITHDRAW AS ATTORNEYS OF RECORD FOR CROSS-DEFENDANTS LIBRE BY NEXUS, INC. AND NEXUS SERVICES, INC.** |
| vs. | |
| BUDDI US LLC; BUDDI LTD.; MONITORING PARTNERS LIMITED; and DOES 1-10, inclusive, | |
| Defendants, | *[Filed concurrently with: Memorandum of Points & Authorities, Declaration of Arash Beral, and [Proposed] Order]* |
| BUDDI US LLC; BUDDI LTD., | |
| Cross-Complainants. | Hearing |
| vs. | Date: March 7, 2022 |
| | Time: 1:30 p.m. |
| LIBRE BY NEXUS, INC.; NEXUS SERVICES, INC.; and ROES 1-10, inclusive, | Place: Courtroom 9B |
| | Judge: Hon. Cormac J. Carney |
| Cross-Defendants. | Complaint Filed: June 18, 2020 |
| | Case Removed: July 27, 2020 |
| | Cross-Complaint: August 24, 2020 |

161573.00601/127167136v.1

1

**NOTICE OF MOTION AND MOTION TO WITHDRAW AS ATTORNEYS OF RECORD**

TO THIS HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 7, 2022 at 1:30 p.m. or as soon thereafter as the matter may be heard in Courtroom 9B of the above-entitled Court, located at Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, California 92701, before the Honorable Cormac J. Carney, Arash Beral, Ana Tagvoryan, Allen Ho, and Blank Rome, LLP (collectively, "Blank Rome"), counsel for Cross-Defendants Libre by Nexus, Inc. ("Libre") and Nexus Services, Inc. ("Nexus," and together with Libre, "Cross-Defendants") will move this Court for an Order authorizing them to Withdraw as Attorneys of Record for Cross-Defendants ("Motion"). This Motion is made pursuant to Local Rule ("L.R.") 83-2.3.2. Good cause exists for granting this request because Cross-Defendants are indebted to Blank Rome a significant amount of money and such balances have gone long past due. Beyond that, Blank Rome recently discovered that Cross-Defendants' status with the California Secretary of State is "FTB – FORFEITED," therefore, Blank Rome cannot as a matter of law engage in any legal work for Cross-Defendants regardless of the payment issues.

This Motion will be based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the attached Declaration of Arash Beral, upon the records, pleadings, and papers on file herein, and upon such other oral and documentary evidence as may be presented at the hearing on this Motion. Written notice of this Motion has been provided in accordance with Local Rule 83-2.3.2.

Blank Rome has communicated with Cross-Defendants primarily with Mr. Michael Donovan through email at: mdonovan@nexushelps.com, and their mailing address is: 113 Mill Place Parkway, Suite 103, Verona, Virginia 24482. The same address is listed on for both Libre and Nexus on the California Secretary of State's website.

161573.00601/127167136v.1

2

**NOTICE OF MOTION AND MOTION TO WITHDRAW AS ATTORNEYS OF RECORD**

| | | |
|---|---|---|
| 1 | DATED: February 1, 2022 | BLANK ROME LLP |
| 2 | | |
| 3 | | By: /s/ Allen Ho |
| | |     Arash Beral |
| 4 | |     Ana Tagvoryan |
| | |     Allen Ho |
| 5 | | Attorneys for Cross-Defendants |
| | | LIBRE BY NEXUS, INC. AND NEXUS SERVICES, INC. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| S.C., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BUDDI US LLC, BUDDI LTD., MONITORING PARTNERS LIMITED, and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: SACV 20-01370-CJC (KESx)<br><br>ORDER GRANTING ARASH BERAL, ANA TAGVORYAN, ALLEN HO, AND BLANK ROME LLP'S MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR CROSS-DEFENDANTS LIBRE BY NEXUS, INC. AND NEXUS SERVICES, INC. [Dkt. 93] |

I.  INTRODUCTION & BACKGROUND

In this putative class action, Plaintiff S.C. alleges that Defendants Buddi US LLC, Buddi Ltd., and Monitoring Partners Limited (collectively, "Buddi") illegally accessed confidential location and contact information in order to get class members to remove GPS bracelets they were required to wear as a condition of release from Immigration and

-1-

Customs Enforcement custody. (Dkt. 1-1.) Buddi filed a cross-complaint against Cross-Defendants Libre By Nexus, Inc. and Nexus Services, Inc. (together, "Nexus"), alleging that Nexus gave Buddi class members' contact information for the purpose of removing their GPS bracelets. (Dkt. 86 [First Amended Cross-Complaint].) Now before the Court is Arash Beral, Ana Tagvoryan, Allen Ho, and Blank Rome, LLP's (collectively, "Counsel") motion to withdraw as counsel for Nexus "due to [its] failure to pay outstanding and overdue attorney's fees and costs balances after repeated notice and due to their current 'FTB – FORFEITED' status with the California Secretary of State." (Dkt. 93 at 2.) For the following reasons, Counsel's motion is **GRANTED**.[1]

## II. LEGAL STANDARD

Attorney withdrawals are governed by the Central District of California's Local Rules, the California Rules of Professional Conduct, and case law. The Local Rules explain that (1) withdrawal is only permitted "by leave of court," (2) counsel must make a written motion and give "written notice . . . reasonably in advance to the client and all other parties who have appeared in the action, and (3) the motion "must be supported by good cause." C.D. Cal. L.R. 83-2.3.2. The California Rules of Professional Conduct additionally require attorneys seeking to withdraw from representation to "take[] reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client," including giving the client adequate time to retain alternative counsel. Cal. Rules of Prof'l Conduct r. 1.16(d). And "[c]ourts often weigh four factors in determining whether to grant or deny" a motion for withdrawal: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for March 7, 2022 at 1:30 p.m. is hereby vacated and off calendar.

the resolution of the case." *Nedbank Int'l, Ltd. v. Xero Mobile, Inc.*, 2008 WL 4814706, at *1 (C.D. Cal. Oct. 30, 2008) (collecting cases).

## III. ANALYSIS

Counsel have met the procedural requirements to withdraw as counsel. They sought leave of court by written motion, gave reasonable advance notice to Nexus and the other parties, and took reasonable steps to avoid reasonably foreseeable prejudice to Nexus' rights. *See* C.D. Cal. L.R. 83-2.3.2; Cal. Rules of Prof'l Conduct r. 1.16(d).

Counsel have also demonstrated good cause to withdraw. Withdrawal may be permitted when a client "breaches an agreement or obligation to the member as to expenses or fees." Cal. Rule of Prof. Conduct 3-700(C)(1)(f); *see Stewart v. Boeing Co.*, 2013 WL 3168269, at *2 (C.D. Cal. June 19, 2013) (explaining that "[t]he failure of a client to pay attorney's fees provides a sufficient basis on which to grant a request to withdraw from representation"). Nexus breached its agreement with Counsel to pay fees, and has failed to cure its breach despite multiple opportunities to do so. Specifically, since August 2021, Counsel have "made various and repeated attempts to address Cross-Defendants' delinquent accounts" on their attorney fees. (Dkt. 93-2 [Declaration of Arash Beral] ¶ 4.) Counsel offered multiple payment deadlines between October 2021 and January 2022, but Nexus has not paid its accounts. (*Id.* ¶¶ 4–5.) Counsel also informed Nexus that it would take steps to withdraw as counsel if Nexus did not pay its fees by certain deadlines, and Nexus failed to meet the deadlines. (*Id.* ¶ 5.)

Moreover, Nexus' registration status with the California Secretary of State is currently listed as "FTB – FORFEITED" on the Secretary of State website. (*Id.* ¶ 7.) This renders Nexus unable to be sued or to defend against legal actions and makes it a misdemeanor to purport to exercise the rights and powers of a corporation with this

status. (*Id.*) Although Nexus informed Counsel that it intends to revive the entities and change their status, Counsel "cannot presently represent the interests of [Nexus] as a matter of law given their 'FTB – FORFEITED' status." (*Id.*)

Finally, the *Nedbank* factors weigh in favor of granting Counsel's motion to withdraw. The reasons they seek to withdraw are compelling. The other parties in this case will face little prejudice if Counsel withdraw. Indeed, they have not filed any opposition to this motion. *See* C.D. Cal. L.R. 7-12 (providing that the failure to file an opposition by the deadline "may be deemed consent to the granting . . . of the motion"). And withdrawal will not harm the administration of justice, nor will it unreasonably delay the resolution of this case, which is still in early stages.

## IV. CONCLUSION

For the foregoing reasons, Counsel's motion to withdraw as counsel for Nexus is **GRANTED**. Counsel are **ORDERED** to serve a copy of this order on Nexus by **March 1, 2022**, and adequately notify it again of the consequences of not obtaining replacement counsel. Under Local Rule 83-2.2.2, which prohibits entities from representing themselves, Nexus may not appear *pro se*, but must be represented by counsel. Nexus shall have until **April 18, 2022** to substitute counsel. Failure to do so will result in the Court striking Nexus' responsive pleadings and the entry of default.

DATED: February 23, 2022

*[signature]*

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

-4-


STATE OF CALIFORNIA
FRANCHISE TAX BOARD
PO BOX 942857
SACRAMENTO CA 94257-0540

# Entity Status Letter

Date: 11/15/2022

ESL ID: 6671255718

## Why You Received This Letter

According to our records, the following entity information is true and accurate as of the date of this letter.

Entity ID: 3738291

Entity Name: LIBRE BY NEXUS INC.

- ☐ 1. The entity is in good standing with the Franchise Tax Board.
- ☒ 2. The entity is **not** in good standing with the Franchise Tax Board.
- ☐ 3. The entity is currently exempt from tax under Revenue and Taxation Code (R&TC) Section 23701.
- ☐ 4. We do not have current information about the entity.
- ☐ 5. The entity was administratively dissolved/cancelled on _____ through the Franchise Tax Board Administrative Dissolution process.

## Important Information

- This information does not necessarily reflect the entity's current legal or administrative status with any other agency of the state of California or other governmental agency or body.
- If the entity's powers, rights, and privileges were suspended or forfeited at any time in the past, or if the entity did business in California at a time when it was not qualified or not registered to do business in California, this information does not reflect the status or voidability of contracts made by the entity in California during the period the entity was suspended or forfeited (R&TC Sections 23304.1, 23304.5, 23305a, 23305.1).
- The entity certificate of revivor may have a time limitation or may limit the functions the revived entity can perform, or both (R&TC Section 23305b).

## Connect With Us

Web: ftb.ca.gov
Phone: 800-852-5711 from 7 a.m. to 5 p.m. weekdays, except state holidays
916-845-6500 from outside the United States

California
Relay Service: 711 or 800-735-2929 (For persons with hearing or speech impairments)

FTB 4263A WEB (REV 12-2019)