IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN QUINTANILLA VASQUEZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LIBRE BY NEXUS, INC.,<br><br>Defendant. | Case No. 17-cv-00755 CW<br><br>**ORDER REQURING PLAINTIFFS TO FILE A REPLY IN SUPPORT OF THEIR MOTION FOR CIVIL CONTEMPT SANCTIONS**<br><br>(Re: Dkt. No. 232) |

On November 23, 2022, Plaintiffs moved for an order to hold the principals of Libre by Nexus, Inc. (LBN), Micheal Donovan, Evan Ajin, and Richard Moore, in civil contempt. Docket No. 232. A hearing on this motion is currently scheduled for January 19, 2023.

An opposition to Plaintiffs' motion was due on December 7, 2022, and no opposition was filed.

On December 12, 2022, the Court issued an order to show cause why civil contempt sanctions should not be imposed against Donovan, Ajin, and Moore. Docket No. 236. The Court set December 27, 2022, as the deadline for Donovan, Ajin, and Moore to file a response. *Id.* The Court ordered counsel for LBN to provide a copy of the order to show cause to Donovan, Ajin, and Moore within one business day of the date the order was filed, and to file a declaration attesting to that within two days thereafter. *Id.*

On December 14, 2022, John Shoreman, counsel for LBN, filed a declaration in which he testified that he served a copy of the order to show cause on Donovan, Ajin, and Moore via email

on December 13, 2022. Docket No. 237. Mr. Shoreman further declared that "Richard Moore is no longer an officer or director of LBN and owns no interest in the company." *Id.*

Also on December 14, 2022, Kenneth E. Payson, counsel for LBN, filed a declaration in which he testified that he sent a copy of the order to show cause to Donovan, Ajin, and Moore at the email addresses that his law firm has on file and through which he and his law firm have communicated with Donovan, Ajin, and Moore in the past. Docket No. 238. Mr. Payson further declared that he copied on that email "LBN's acting outside general counsel, Michael Song of Feldmann Nagel Cantagio & Song PLLC, and LBN's other counsel of record, John Shoreman, Mohammed Aly, Mario Williams, Mary Donne Peters, and Michael Gorby at the current email addresses in the Court's online docket for those counsel of record." *Id.* Mr. Payson further declared that he "received an automated response to [his] email indicating Mr. Aly was no longer reachable at his email address listed in the Court's online docket" and "did not otherwise receive any notification of unsuccessful delivery of [his] email referenced above." *Id.*

Since Mr. Shoreman and Mr. Payson filed their declarations, there have been no other filings in this action.

For a non-party to be held liable in civil contempt for a corporate defendant's violations of a court order, the non-party must have notice of the court order that was violated and either abet the defendant in violating the court's order or be legally identified with the defendant. *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1323-24 (9th Cir. 1998), *as amended on denial of reh'g and reh'g en banc* (June 15, 1998). The Court tentatively finds that Plaintiffs have made the requisite showing for the imposition of civil contempt sanctions under *Peterson* with respect to Donovan and Ajin, particularly given that Donovan and Ajin have not filed any response to Plaintiffs' motion and have not attempted to refute any of Plaintiffs' arguments or evidence.

No later than January 17, 2023, at noon, Plaintiffs shall file a reply in support of their motion that addresses the following matters.

1. The impact, if any, of Mr. Shoreman's declaration that Richard Moore is no longer an officer, director, or owner of LBN, on whether civil contempt sanctions can be imposed on Moore for the violations of the Court's orders addressed in Plaintiffs' motion.

2

2. A contempt sanction "generally is civil if it coerces compliance with a court order or is a remedial sanction meant to compensate the complainant for actual losses." *Ahearn ex rel. N.L.R.B. v. Int'l Longshore & Warehouse Union, Locals 21 & 4*, 721 F.3d 1122, 1129 (9th Cir. 2013). The Court tentatively finds that some of the civil contempt sanctions that Plaintiffs request in their proposed order, Docket No. 232-3, fall within the scope of permissible civil contempt sanctions that can be imposed against LBN's principals, such as the attorneys' fees that Plaintiffs incurred in filing motions to enforce the settlement agreement and for sanctions, and the $1,000-per-day fine for continued non-compliance with the Court's orders. However, Plaintiffs have not shown that their request for an order holding Donovan, Ajin, and Moore jointly and severally liable for the principal amounts LBN owes *under the settlement agreement* (which are distinct from any civil contempt sanctions the Court previously imposed on LBN) falls within the scope of permissible civil contempt sanctions. The principal amounts in question are: (1) the cash amounts LBN owes under the settlement agreement, which total $1,590,000 and are comprised of $750,00 for the Cash Settlement Fund, $40,000 for incentive awards for the named plaintiffs, and $800,000 in attorneys' fees and costs for Class Counsel; and (2) $72,000 that LBN still owes under the settlement agreement for the costs of settlement administration.

In their motion, Plaintiffs argue that the Court has the authority to "amend[] the judgment" such that the principal amounts LBN owes under the settlement agreement will be owed, instead, by LBN *as well as* Donovan, Moore, and Ajin. *See* Motion at 14-15, Docket No. 232. The authorities that Plaintiffs cite do not support that proposition. Those authorities provide that a new, *separate* judgment can be entered to facilitate the collection of civil contempt sanctions imposed against a non-party. *See Martin v. City of Barstow*, No. EDCV1302193ABSPX, 2015 WL 12743594, at *2 (C.D. Cal. Dec. 21, 2015) (ordering the entry of a "separate judgment" against a non-party, namely counsel for plaintiffs, to facilitate the collection of civil contempt sanctions imposed against that non-party); *Leads Club, Inc. v. Peterson*, No. CIV. 05CV1717-J JMA, 2008 WL 186504, at *1 (S.D. Cal. Jan. 22, 2008) (ordering the entry of a "new, separate judgment" against a non-party, namely counsel for plaintiff, to facilitate the enforcement of a civil contempt order against that non-party and collection of civil contempt sanctions imposed against

that non-party).  Those authorities do not support the proposition that a judgment previously entered against a party pursuant to a settlement agreement can be amended to make a non-party liable for amounts owed by that party under that settlement agreement.  Plaintiffs shall address this issue in their reply and include citations to any legal authority.

   IT IS SO ORDERED.

Dated: 1/7/2023

CLAUDIA WILKEN
United States District Judge