**FILED**

JUN 7 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN QUINTANILLA VASQUEZ; et al., | No. 23-15278 |
| Plaintiffs-Appellees, | D.C. No. 4:17-cv-00755-CW |
| v. | |
| MICHAEL DONOVAN; et al., | MEMORANDUM[*] |
| Appellants, | |
| v. | |
| LIBRE BY NEXUS, INC., | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, District Judge, Presiding

Submitted June 5, 2024[**]
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Before:  S.R. THOMAS and BUMATAY, Circuit Judges, and BENNETT,[***] District Judge.
Partial Dissent by Judge BUMATAY

Michael Donovan, Evan Ajin, and Richard Moore appeal the district court's order holding them in civil contempt and imposing contempt sanctions based on their actions as officers and principals ("Principals") of Libre by Nexus ("LBN"). We have jurisdiction to review the imposition of civil contempt sanctions under 28 U.S.C. § 1291, *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1145 (9th Cir. 1983), and review for abuse of discretion, *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir. 1986).

Because the parties are familiar with the history of the case, we need not recount it here.  We affirm the sanctions order and modify the judgments to conform to the allocation of liability contemplated in that order.  We affirm the judgments as modified.  In their opening brief, Principals challenge two features of contempt sanctions.  We address them in turn.

First, Principals argue that the imposition of per-diem fines conditional fines payable to the settlement administrator are not proper civil sanctions.  Because Principals did not contest the fine sanction before the district court, we conclude

---

[***] The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

that their arguments are forfeited on appeal. *See True Health Chiropractic, Inc. v. McKesson Corp.*, 896 F.3d 923, 930 (9th Cir. 2018). Principals did not argue in their opening brief or their reply brief that case presents "exceptional circumstances" warranting an exception to the general forfeiture rule. As such, we conclude that Principals also forfeited any argument regarding those exceptions. *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003).

Second, Principals argue that the judgment ordering them to pay attorneys' fees improperly authorizes double recovery of fees associated with Plaintiffs' 2021 and August 2022 motions. Because this argument concerns a feature of the sanction that postdates the contempt order, we decline to deem it forfeited.

A compensatory civil sanction is one designed to compensate a party for "actual losses sustained" as a result of the contemnor's noncompliance. *Shuffler*, 720 F.2d at 1148. In principle, a sanction permitting one party to recover the same fee twice would not be a proper compensatory sanction. In this case, however, the record demonstrates that double recovery is not what the district court intended to authorize. In its sanctions order dated January 23, 2023, the district court clearly stipulated that Principals were required to pay the fees "on a joint and several basis with LBN." This order reflects Plaintiffs' request that the court "hold the LBN Principals jointly and severally responsible for . . . LBN's unsatisfied obligations,"

including the attorneys' fees.  In drafting the judgments pursuant to the January 23, 2023 order, however, it appears that the "joint and several" language was inadvertently omitted.

Accordingly, we modify the judgments dated February 2, 2023, to conform to the allocation of liability contemplated in the contempt order.  Specifically, we modify both judgments to clarify that Principals Donovan, Ajin, and Moore are jointly and severally liable *with LBN* for the following fees:

1. $34,142.60 for Plaintiffs' attorneys' fees for their 2021 motion to enforce, plus $2,473.15 in interest from July 30, 2021, to February 6, 2023.
2. $53,021.60 for Plaintiffs' attorneys' fees for their August 2022 motion to hold Defendant Libre by Nexus, Inc., in civil contempt, plus $761.42 in interest from October 17, 2022, to February 6, 2023.

Interest shall not be awarded for the post-judgment period between the date of the judgment and the issuance of the mandate in this appeal.

The judgments are **MODIFIED**. As modified, the contempt order and judgments are **AFFIRMED**.

FILED

JUN 7 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Vasquez v. Libre by Nexus, Inc.*, No. 23-15278
BUMATAY, Circuit Judge, dissenting in part:

Waiver is one of the cornerstones of appellate review. In the normal course, we don't "hear an issue raised for the first time on appeal." *Kaass Law v. Wells Fargo Bank, N.A.*, 799 F.3d 1290, 1293 (9th Cir. 2015) (simplified). There are good reasons for that general rule. When an issue is raised for the first time before us, the district court hasn't had an opportunity to rule on it or develop the record. And giving credence to unraised issues on appeal encourages parties to hold on to their best arguments in case they lose in the first phase.

In this case, the district court found that Libre by Nexus ("LBN") violated its orders to comply with a settlement agreement and a sanctions order. When LBN's noncompliance continued unabated, Plaintiffs moved to sanction LBN's Principals too and the district court ordered them to show cause why they shouldn't be sanctioned. But the Principals never responded to that order, even with the district court ordering LBN's counsel to serve the Principals with a copy of it. The district court held a hearing on the matter, which the Principals failed to properly appear at (because their counsel wasn't licensed to appear in the district court), despite having more than a month's notice. But now that they've been sanctioned, the Principals raise a whole slew of arguments on appeal that they willfully avoided making to the district court through their refusal to comply with its orders and participate in the

1

proceedings below.  By intentionally not participating in the district court's proceedings, that's textbook waiver.

And I see no basis to separate waiver of arguments against the district court's *order* sanctioning the Principals from arguments against the district court's *judgment* effecting that order.  The Principals didn't raise such a distinction in their briefs nor did they independently try to challenge the judgment in the district court.  So I would deem the whole case waived and affirm the district court on that basis.

I respectfully dissent from the portion of the disposition addressing the merits of the Principals' claims.